UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Xiamin Zeng
_____

_____
Write the full name of each plaintiff.

-against-

John Chell, in his individual capacity,  David Hansell, in
_____

his individual capacity, Gary DeNezzo, in his individual
_____

capacity, et. al.  (see attached)
_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

19 CV CV 3218
(Include case number if one has been
assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

RECEIVED
SDNY PRO SE OFFICE
2019 APR 10  PM 3:36

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

- ☑   **Federal Question**

- ☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?
constitutional rights under sectin 1983 (false arrest)

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____ , is a citizen of the State of
               (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____ .


If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| | | |
|---|---|---|
| Xiamin | | Zeng |
| First Name | Middle Initial | Last Name |

110 Columbia Street, Apt. 1A
_____
Street Address

| | | |
|---|---|---|
| New York | NY | 10002 |
| County, City | State | Zip Code |

| | |
|---|---|
| 202-681-9522 | miaco602@gmail.com |
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| John | Chell |
|------|-------|
| First Name | Last Name |

Inspector, 75th Pct

Current Job Title (or other identifying information)

1000 Sutter Avenue

Current Work Address (or other address where defendant may be served)

| Kings County, Brooklyn | New York | 11208 |
|------------------------|----------|-------|
| County, City | State | Zip Code |

Defendant 2:

| Gary | DeNezzo |
|------|---------|
| First Name | Last Name |

Detective 75th Pct

Current Job Title (or other identifying information)

1000 Sutter Avenue

Current Work Address (or other address where defendant may be served)

| Kings County, Brooklyn | New York | 11208 |
|------------------------|----------|-------|
| County, City | State | Zip Code |

Defendant 3:

| George | Tavares |
|--------|---------|
| First Name | Last Name |

Sergeant #5354, 75th Pct

Current Job Title (or other identifying information)

1000 Sutter Avenue

Current Work Address (or other address where defendant may be served)

| Kings County, Brooklyn | New York | 11208 |
|------------------------|----------|-------|
| County, City | State | Zip Code |

Defendant 4:     **Irwin Luperon**

First Name                           Last Name

**Police Officer, 75th Pct**

Current Job Title (or other identifying information)

1000 Sutter Avenue

Current Work Address (or other address where defendant may be served)

**Kings County, Brooklyn     New York     11208**

County, City                          State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   **75 Precinct**

Date(s) of occurrence:   **1/31/2018-2/01/2018**

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

See Attached.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Violation of civil rights by confined for 26 hours; physical injuries including hearing loss,

dizzy spells and fainting; emotional injuries including Post Traumatic Stress Disorder,

personal injuries including loss of income/inablity to work as a result of PTSD and other

afflictions, transportation and adimnistrative costs for medical conditions and legal

proceedings.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

$1,000,000 (one million dollars) or an appropriate amount to be determined by the court.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 4/10/2019 | | |
|---|---|---|
| Dated | Plaintiff's Signature | |
| Xiamin | | Zeng |
| First Name | Middle Initial | Last Name |
| 110 Columbia Street, Apartment 1A | | |
| Street Address | | |
| New York | New York | 10002 |
| County, City | State | Zip Code |
| 202-681-9522 | | miaco602@gmail.com |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☑ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

The City of New York

Administration for Children's Services/Child Protective Services

150 Williams Street

New York, NY 10038

David HANSELL, (Commissioner) in his individual capacity

150 Williams Street

New York, NY 10038

Diego ANDRIANZAN (CPS Case Manager), in his individual capacity

150 Williams Street

New York, NY 10038

New York Police Department

1 Police Plaza

New York, NY, 10038

Danielle FEBUS (Detective, Queens Child Advocacy Center) in her individual capacity

112-25 Queens Boulevard

New York, NY 11375

John CHELL (Inspector, 75th Precinct) in his individual capacity

1000 Sutter Avenue

Brooklyn, NY 11208

GARY DENEZZO (Detective, 75th Precinct) ) in his individual capacity

1000 Sutter Avenue

Brooklyn, NY 11208

III. Statement of Claim

FACTS:

On December 20, 2017, Plaintiff filed a *pro se* federal case in SDNY against ASC/CPS related to injuries sustained by the Plaintiff's son during supervised visitation. (This claim, 17-CV-9988(JCF), was dismissed for lack of standing on March 20, 2019, as the plaintiff could not bring a claim pro se on behalf of her son.)

While the prior claim was ongoing, on January 18, 2018, Plaintiff contacted the New York State Child Abuse Hotline to inquire about the status of her ongoing case. The hotline provided plaintiff with no information. Instead, two ACS employees, under the direction of ACS/CPS Case Manager Diego ADRIANZEN, visited Plaintiff between 9 pm and Midnight of the 18th. The sole purpose of the visit was to question and dissuade plaintiff from continuing her suit against ACS. ACS employees did not investigate or discuss any potential harm to Plaintiff's son.

Between January 19th and January 30th, 2018, ASC/CPS Case Manager ADRIANZEN, accompanied by NYPD Detective Danielle FEBUS threatened and intimidated the Plaintiff, her neighbors, her son, and her son's school associates both in the Plaintiff's home and at the school of the Plaintiff's son, with the intention of questioning them at the Queens Child Abuse Squad.

On January 31, Plaintiff brought her son to her son's school in the morning.  Around 10 AM, Plaintiff received a test message indicating that her son was in custody of the Child Abuse Squad and that Plaintiff needed to pick up her son at the Child Abuse Squad located at 112-25 Queens Boulevard. After receiving the text, Plaintiff proceeded immediately to pick up her son at the Child Abuse Squad.

Plaintiff arrived at the Child Abuse Squad at 11 AM.  Plaintiff was locked in an examination room where she was told to wait for Detective FEBUS.  She waited for detective FEBUS for three hours, while Detective FEBUS attended a personal Dr's appointment. About 2 PM, Plaintiff was questioned by Detective FEBUS and CPS case manager ADRIANZEN, again, solely about her pending lawsuit. Detective FEBUS suggested that because her suit would require witnesses to come forward, her suit would cause trouble for these witnesses and therefore Plaintiff should dismiss the suit.

Questioning by FEBUS and ADRIANZEN, in sum and substance, asked Plaintiff: Why are you suing ACS? Who helped you file the lawsuit? We know you have a lawyer… who is your lawyer? If you file this lawsuit, lots of people will get in trouble. Who lives you? What is your immigration status?

The only questions unrelated to Plaintiff's lawsuit were to ask the Plaintiff if her son had any food allergies.  Plaintiff responded that her son was allergic to peanuts and seafood.

Questioning continued for approximately one hour.  During questioning, Plaintiff refused to answer questions and said she wanted to see her lawyer and her son.  Both of these requests were ignored. They continued questioning Plaintiff even after Plaintiff indicated that they needed talk to her lawyer. Upon conclusion of the interview, Detective FEBUS searched the Plaintiff and confiscated her cell phone, scarf, and bag. As Mr. ANDRIANZEN was leaving the investigation room, Plaintiff overheard Detective FEBUS whisper to Mr. ANDIANZEN, "She doesn't think we can arrest her." Both left the examination room between 4-5 PM.

On January 31, 2019 at about 6 PM, Detective FEBUS and another officer returned to the locked investigation room.  Detective FEBUS searched Plaintiff again and handcuffed her.  Then, without charge or allegations, or Miranda warning, Detective FEBUS and the other female officer transported Plaintiff from Queens Boulevard to the 75th Precinct.  During the trip, Plaintiff repeatedly asked for her lawyer and to be informed about where they were transporting her.  Officers were unresponsive to both requests.

At the 75th Precinct, the handcuffs were removed when Plaintiff was locked in a room with Inspector John CHELL.  Plaintiff complained to Inspector CHELL that the ACS had trapped her at Queens Boulevard for a period of 7 hours and that she wanted to see her lawyer.  Inspector CHELL did not respond to Plaintiff's allegations other than to continue questioning her about why she was suing ACS.

Questioning by inspector CHELL continued in this manner for approximately 20-30 minutes.  Inspector CHELL never asked about GANG LIU (Plaintiff's breach of a restraining order involving Mr. Liu was the supposed (and later dismissed) reason for her arrest) and never inquired about the welfare of her son.  When Plaintiff asked Inspector CHELL to see her son, he responded, "later'.

Thereafter, Inspector CHELL left the room. Through the glass wall of the room in which she was held, Plaintiff observed Inspector CHELL going through her handbag.  Plaintiff observed Inspector CHELL retrieve the business card of her attorney.  Through the glass, Plaintiff said, "You can't take my attorney's business card!" Inspector CHELL said, "I'm not taking it, I'm only making a copy."  Plaintiff said, "You can't do that!"  Inspector CHELL responded, "I can do exactly that!"

Plaintiff was left in the examination room for 2-3 hours.  Between 10 -11 PM, Inspector CHELL returned, handcuffed Plaintiff, and brought her to the holding cell downstairs in the 75th Precinct. At this point, Plaintiff again requested to see her lawyer.  She asked whether and why she was being arrested. Her request for representation was not granted and no answers were given.

Plaintiff was in the holding cell for 2-3 hours.  Officers then took her fingerprints (and possibly her photograph), at which time plaintiff was transported to King's County Criminal Court.  Plaintiff was locked in the Court until approximately 6AM, when she met with Public Defender Dara HERBERT of Brooklyn Defender Services.

Plaintiff explained the above facts to Attorney HERBERT, who explained to Plaintiff that she shouldn't talk about being targeted by ACS in the current matter, as the case brought by the police related to the Mr. Gang LIU's restraining order.  After further investigation, Attorney HERBERT was able to get the pretextual charges against Plaintiff dismissed.  Police never discussed Gang LIU with Plaintiff during the incidents of January 31-February 1, 2018.

IN THE MATTER OF THE CLAIM OF
XIAMIN ZENG
-against-
THE CITY OF NEW YORK

NYC COMPTROLLER
BUR. INFORMATION SYSTEMS
CENTRAL IMAGING FACILITY
RECEIVED

2018 DEC 20  A 8: 47

## TO:  THE COMPTROLLER OF THE CITY OF NEW YORK

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the City of New York as follows:

**1.  The name and post-office address of each claimant and claimants attorney is:**

XIAMIN XENG, 110 COLUMBIA Street, Apt 1A, New York, NY 10002

**2.  The nature of the claim:**

Violation of civil rights, false arrest, unlawful detention, physical injuries, personal injuries, mental and emotional injuries, fear, anguish, excessive force, assault, battery, deprivation of her child and negligence of and/or by THE CITY OF NEW YORK, and/or its agents, servants and/or employees or agents thereof, including but not limited to as-yet unknown POLICE OFFICERS.  IT IS KNOWN THAT NYPD MOS GARY DENEZZO, GEORGE TAVARES, DANIELLE FEBUS, JOHN CHELL, were involved with this unlawful detention and arrest.

**3.  The time when, the place where and the manner in which the claim arose:**

Commencing on or about January 31, 2018, the above identified officers of the NYPD falsely arrested the claimant after telling her to report to 112-25 Queens Boulevard and saying that her son was there. Once there, MOS FEBUS and ACS Worker  ADRIANZEN questioned the claimant about a previously filed federal lawsuit against ACS. After holding claimant for six hours, and refusing to let her see her son, she was transferred to the 75th Precinct. At the 75th Precinct, claimant was again questioned about her ACS lawsuit, including by Inspector John Chell. After approximately 20 hours of detention she was arraigned and released on her own recognizance.  The case was initially filed with felonies as the top count and required her to return to court 8 different times. On April 4, 2018, the felony counts were dismissed, and on December 3, 2018, the remaining counts were dismissed.  In the process, she was deprived of her son for a few days while she had to go to court and win custody back from ACS.  In negligently hiring, training and/or supervising the aforementioned officers, and in all other ways, the City of New York its agents servants, and employees were negligent, careless and reckless.  The City of New York is also responsible under the theory of respondeat superior.

**4.  The items of damages or injuries claimed are:**

Violation of civil rights, physical injuries, personal injuries, mental and emotional injuries, fear, anguish, excessive force, assault, battery, and negligence.  Among the physical injuries sustained were injuries to claimant's wrists and torso, and mental and emotional injuries.

**TOTAL AMOUNT CLAIMED:** $ 1,000,000  (ONE MILLION DOLLARS)  or an appropriate amount to be determined at a trial by jury.