UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XIAMIN ZENG,

                     Plaintiff,

      -against-

JOHN CHELL; DAVID HANSELL; GARY
DENEZZO; GEORGE TAVAREZ; IRWIN
LUPERON; CITY OF NEW YORK; DIEGO
ANDRIANZAN; NEW YORK POLICE
DEPARTMENT; DANIELLE FEBUS,

                    Defendants.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/2019

19-CV-3218 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants had her arrested and briefly removed her child from her care in retaliation for Plaintiff's having filed a lawsuit against Administration for Children's Services (ACS) employees.[1] By order dated April 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

---

[1] That action was recently dismissed. *See Zeng v. Augustin*, No. 17-CV-9988 (JMF) (S.D.N.Y. Mar. 20, 2019).

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

## DISCUSSION

**A.     New York Police Department**

Under New York law, city agencies or departments generally do not have the capacity to

be sued in their own names. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp.

2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities.");

*Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law,

departments which are merely administrative arms of a municipality do not have a legal identity

separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun.

Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county,

town, city and village."). Plaintiff's claims against the New York Police Department (NYPD)

must be dismissed because the NYPD cannot be sued in its own name. Plaintiff has already

named the City of New York as a defendant in this action.

**B.     Personal Involvement: Defendants David Hansell and Irwin Luperon**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing a

defendant's direct and personal involvement in the alleged constitutional deprivation. *See*

*Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v.*

*Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983

solely because that defendant employs or supervises a person who violated the plaintiff's rights.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

2

Plaintiff sues Defendant David Hansell, Commissioner of ACS, solely in his individual capacity, but does not plead any facts about what Defendant Hansell personally did or failed to do that violated Plaintiff's rights.[2] Plaintiff also names Police Officer Irwin Luperon of the 75th Precinct in Brooklyn, New York, in the caption of the complaint but fails to mention him in the body of the complaint or plead any facts about what Officer Luperon did or failed to do that violated her rights. The Court therefore dismisses Plaintiff's claims against Defendants Hansell and Luperon, without prejudice to repleading such claims in any amended complaint that Rule 15 of the Federal Rules of Civil Procedure permits Plaintiff to file.

**C.     Service on Remaining Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect

---

[2] Even if Plaintiff had named Commissioner Hansell in his official capacity, such a claim would be redundant of Plaintiff's claim against the City of New York. *See, e.g.*, *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources.").

service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York, John Chell, Gary DeNezzo, George Tavarez, Diego Andrianzan, and Danielle Febus through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against the New York Police Department because it lacks the capacity to be sued in its own name. The Court dismisses Plaintiff's claims against Defendants Irwin Luperon and David Hansell without prejudice to Plaintiff's repleading her claims against them.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the City of New York, John Chell, Gary DeNezzo, George Ravarez, Diego Andrianzan, and Danielle Febus and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:

New York, New York

4/19/19

JOHN G. KOELTL
United States District Judge