

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/23/19

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

STEPHANIE DE ANGELIS
*Assistant Corporation Counsel*
phone: (212) 356-3513
fax: (212) 356-3509
email: sdeangel@law.nyc.gov

May 23, 2019

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
5/23/19

Re: Zeng v. Chell, et al.,
    19-CV-3218 (JGK)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and attorney for defendant City of New York in the above-referenced matter. Defendant was served via mail in this matter on May 2, 2019 and to the extent that constitutes proper service in this matter, defendant writes to respectfully request a sixty day extension of time, from May 23, 2019, until July 22, 2019, for defendant to answer or otherwise respond to the complaint. This is defendant's first request for an extension of time to answer or otherwise respond to the complaint and despite numerous attempts, the undersigned has been unable to reach *pro se* plaintiff, Xiamin Zeng, to gain her consent to this request.

      By way of background, plaintiff alleges, *inter alia*, that on or about January 31, 2018, she was falsely arrested and maliciously prosecuted by members of the NYPD, Administration for Children's Services, Child Protective Services, and the Queens Child Advocacy Center. There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint. Additionally, plaintiff has named officers from the 75th Precinct in this case. This office has not discussed with the officers whether or not they have yet been served or the manner of any said service, and we make no representation herein as to the adequacy of any service upon them. Assuming that the officers have been, or will shortly be, properly served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent the officers in this action

as well as a full inquiry into the facts and circumstances surrounding plaintiff's allegations in this case. See General Municipal Law § 50(k); Mercurio v. City of N.Y., 758 F.2d 862, 864-65 (2d Cir. 1985); William v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may be sealed pursuant to N.Y. Crim. Pro. L. § 160.50. This office is in the process of forwarding, for plaintiff's execution, releases for the above-referenced records in this case; however additional time is needed in order to obtain and review the relevant documents from the NYPD, the criminal court, and the District Attorney's office.

Additionally, because plaintiff has made allegations regarding her Administration for Children Services case, this office has forwarded, for her execution, the proper consent and authorization for the release of her ACS records, so that defendant can properly assess the case and respond to the complaint.

For the foregoing reasons, the undersigned respectfully requests that the Court extend defendant's time to answer or otherwise respond to the complaint by sixty-days from from May 23, 2019, until July 22, 2019.

The undersigned thanks the Court for its consideration herein.

Respectfully submitted,

/s/
Stephanie De Angelis
*Assistant Corporation Counsel*

cc: VIA ECF
Xiamin Zeng,
*Plaintiff Pro Se*
110 Columbia Street
Apt. 1A
New York, NY 10002

2