UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

XIAMIN ZENG,

                                        Plaintiff,

       -against-

JOHN CHELL, IN HIS INDIVIDUAL
CAPACITY, DAVID HANSELL, IN HIS
INDIVIDUAL CAPACITY, GARY DENEZZO,
ET. AL.,

                                        Defendants.

------------------------------------------------------------- x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DANIELLE FEBUS, GARY DENEZZO, AND DIEGO ANDRIANZAN**

19-CV-3218 (JGK)

JURY TRIAL DEMANDED

        Defendants City of New York, Danielle Febus, Gary DeNezzo and Diego Andrianzan by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

### AS TO "I. BASIS FOR JURISDICTION"

        1.      Deny the allegations set forth in Section I, of the Complaint, including all of its subsections, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

### AS TO "II. PARTIES"

        2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section II, subsection "A" of the Complaint.

        3.      Deny the allegations set forth in Section II, subsection "B" of the Complaint, except admit that Plaintiff purports to bring this action and name the defendants as set forth therein.

### AS TO "III. STATEMENT OF CLAIM"

4. Deny the allegations set forth in the paragraph beginning with "[p]lace(s)" of the Complaint.

5. Deny the allegations set forth in paragraph beginning with "[d]ate(s)" on page 5 of the Complaint, except admit that Plaintiff was lawfully arrested on January 31, 2018.

### AS TO "III. STATEMENT OF CLAIM" OF THE ADDENDUM

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph beginning with "[o]n December 20, 2017" of the Addendum.

7. Deny the allegations set forth in the paragraph beginning with "[w]hile the prior" of the Addendum.

8. Deny the allegations set forth in the paragraph beginning with "[b]etween January 19th" of the Addendum.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph beginning with "[o]n January 31, Plaintiff" of the Addendum.

10. Deny the allegations set forth in the paragraph beginning with "Plaintiff arrived " of the Addendum.

11. Deny the allegations set forth in the paragraph beginning with "[q]uestioning by Febus" of the Addendum.

12. Deny the allegations set forth in the paragraph beginning with "[t]he only" of the Addendum, except admit that Plaintiff was asked if her son had any food allergies.

13. Deny the allegations set forth in the paragraph beginning with "[q]uestioning continued for" of the Addendum.

14. Deny the allegations set forth in the paragraph beginning with "[o]n January 31, 2019 at about" of the Addendum, except admit that Plaintiff was handcuffed and transported to the 75th Precinct.

15. Deny the allegations set forth in the paragraph beginning with "[a]t the 75th Precinct" of the Addendum.

16. Deny the allegations set forth in the paragraph beginning with "[q]uestioning by inspector" of the Addendum.

17. Deny the allegations set forth in the paragraph beginning with "[t]hereafter" of the Addendum.

18. Deny the allegations set forth in the paragraph beginning with "[p]laintiff was left" of the Addendum.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph beginning with "[p]laintiff was in the" of the Addendum, except admit that Plaintiff was transported to King's County Criminal Court.

20. Deny the allegations set forth in the paragraph beginning with "[p]laintiff explained" of the Addendum.

21. Deny the allegations set forth in Section III, subsection entitled "Injuries" of the Complaint.

AS TO "IV. RELIEF"

22. Deny the allegations set forth in Section IV, of the Complaint, except admit that Plaintiff purports to seek relief as stated therein.

AS TO "V. PLAINTIFF'S CERTIFICATION AND WARNINGS"

23. State that <u>Section V</u>, of the Complaint, including all of its discrete subparts, is not an averment of fact to which a response is required.

24. Deny the allegations set forth on page 8 of the Complaint, except admit that Plaintiff purports to bring this action and name the defendants as set forth therein.

25. State that page 11 of the Complaint is a Notice of Claim, to which no response is required; to the extent a response is required, defendants deny the allegations contained therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

26. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

27. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of any defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

28. Defendants City of New York, Danielle Febus, Gary DeNezzo and Diego Andrianzan have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any acts of Congress providing for the protection of civil rights.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

29. Defendants Danielle Febus, Gary DeNezzo and Diego Andrianzan have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, they are protected by qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

30. At all times relevant to the acts alleged in the Complaint, defendants Danielle Febus, Gary DeNezzo and Diego Andrianzan acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants Danielle Febus, Gary DeNezzo and Diego Andrianzan are entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

31. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-e *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

32. At all times relevant to the acts alleged in the Complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion and/or judgmental functions/decisions. Therefore, defendant City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

33. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

34. Plaintiff's action may be barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

35. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

36. Plaintiff's claims are barred, in whole or in part, by her own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELVTH AFFIRMATIVE DEFENSE:

37. To the extent that any Defendant used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

38. Plaintiff provoked any incident.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

39. Plaintiff may have failed to mitigate damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

40. There was probable cause for any search of Plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

41. There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

42. Service of process upon one or more of the defendants was insufficient or untimely pursuant to Rule 4(m).

- 7 -

**WHEREFORE,** Defendants City of New York, Danielle Febus, Gary DeNezzo and Diego Andrianzan, request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 5, 2019

                                          ZACHARY W. CARTER
                                          Corporation Counsel
                                          of the City of New York
                                          *Attorney for Defendants*
                                          100 Church Street, Rm. 3-202
                                          New York, New York 10007
                                          (212) 356-3513

                                          By:     _____/s/_____
                                                  Stephanie De Angelis
                                                  Assistant Corporation Counsel

**TO:** **<u>BY ECF</u>**
      Edgar Mikel Rivera
      *Attorney for Plaintiff*
      The Harman Firm, LLP
      381 Park Avenue South
      Ste 1220
      New York, NY 10016