UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
XIAMIN ZENG,

              *Plaintiff*,

     v.

THE CITY OF NEW YORK, JOHN CHELL, GARY
DENEZZO, GEORGE TAVARES, DIEGO
ANDRIANZAN, and DANIELLE FEBUS,

              *Defendants.*
------------------------------------------------------------------------×

19 CV 03218

**DECLARATION OF
EDGAR M. RIVERA**

      Pursuant to 28 U.S.C. § 1746, I, Edgar M. Rivera, an attorney admitted to practice in the United States District Court for the Southern District of New York, declare under penalty of perjury that the following is true and correct:

      1.      I am an attorney of record for Plaintiff Xiamin Zeng.  This Declaration is based upon my personal knowledge of the facts contained herein, as well as my knowledge as Plaintiff's attorney.

      2.      I submit this Declaration in support of The Harman Firm, LLP's (the "Firm") Motion to Withdraw as Attorneys for Plaintiff Xiamin Zeng in this action.

      3.      On January 13, 2017, Gang Liu,[1] Plaintiff's ex-boyfriend and father of her child, entered a New York City Police Department ("NYPD") precinct and reported that: Plaintiff was Mr. Liu's ex-girlfriend from three years ago; Mr. Liu had a temporary limited family court order of protection; Mr. Liu received a phone call on a blocked phone number and the voice on the other line allegedly said, in sum and substance, "Give me my camera back or I will kill you."; and Mr. Liu claimed the voice belonged to Plaintiff.

---

[1] Mr. Liu has a long documented history of mental illness and is extremely delusional; in 2011, a judge declared Mr. Liu mentally unstable, and appointed a custodian guardian to represent him against his wish.

4. On January 14, 2017, the NYPD confirmed that there was an order of protection, which stated that Plaintiff was not to, among other things, assault, stalk, or harass Mr. Liu.

5. On January 14, 2017, the NYPD activated an ICard for Plaintiff's arrest.

6. On January 31, 2018, Plaintiff received a text message from an NYPD officer saying that her son was in custody at the Queens Child Abuse Squad, and that Plaintiff needed to pick him up. After arriving, she was arrested pursuant to the ICard.

7. Plaintiff was arraigned and released. Plaintiff was charged with (i) criminal contempt in the first degree, (ii) criminal contempt in the first degree, (iii) criminal contempt in the second degree, (iv) aggravated harassment in the second degree, and (v) harassment in the second degree for violating a full order of protection issued by Family Court.

8. All charges were ultimately dropped.

9. Plaintiff filed this action *pro se* on April 10, 2019, alleging constitutional violations based on her arrest.

10. On May 23, 2019, the Firm filed a notice of appearance on behalf of Plaintiff.

11. During discovery under Southern District of New York's Local Civil Rule 83.10, Defendants produced the order of protection against Plaintiff at the moment of the arrest, at which time the Firm learned—in the first instance—that there was, in fact, an order of protection in effect; in Plaintiff's criminal case, her criminal defense attorney had moved to dismiss the criminal charges, in which motion papers all parties seem to have assumed that there was no order of protection against Plaintiff.

12. However, as there was an order of protection against Plaintiff, her arrest was likely lawful. We do not believe the false arrest claims are warranted under existing law and

cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

13. The Firm has explained to Plaintiff her legal position

14. Plaintiff insists upon continuing with the litigation.

15. As such, the Firm moves to withdraw as Plaintiff's counsel.

16. Plaintiff's counsel sent Plaintiff this motion via email at an address through which we regularly correspond and via certified mail.

17. The Firm is not asserting any lien.

18. The Firm has advised Plaintiff that she could seek alternative counsel with respect to this action, as well as regarding this motion.

19. All parties have been served with the motion papers.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
January 6, 2020

_____
Edgar M. Rivera