**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------×
XIAMIN ZENG,

                              *Plaintiff*,

                                                            **19 CV 3218**

     *v.*

THE CITY OF NEW YORK, JOHN CHELL, GARY
DENEZZO, GEORGE TAVARES, DIEGO
ANDRIANZAN, and DANIELLE FEBUS,

                              *Defendants.*
------------------------------------------------------------------------×

## MEMORANDUM OF LAW IN SUPPORT OF THE HARMAN FIRM LLP'S MOTION TO WITHDRAW AS ATTORNEYS FOR PLAINTIFF

Edgar M. Rivera
THE HARMAN FIRM, LLP
381 Park Avenue South, Suite 1220
New York, New York 10016
212.425.2600
erivera@theharmanfirm.com

*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 1.4, The Harman Firm, LLP (the "Firm"), respectfully submits this Memorandum of Law in Support of its Motion to Withdraw as Attorneys for Plaintiff Xiamin Zeng in this action.

The Firm seeks to withdraw because Plaintiff insists upon continuing to prosecute claims that we do not believe to be warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law. The Firm believes, in good faith, that the continued representation of Plaintiff would violate Fed. R. Civ. P. 11(b)(2).

Accordingly, the Court should grant this motion.

## STATEMENT OF FACTS

The facts below are taken from the Declaration of Edgar M. Rivera, dated January 6, 2020 ("Rivera Decl.").

On January 13, 2017, Gang Liu,[1] Plaintiff's ex-boyfriend and father of her child, entered a New York City Police Department ("NYPD") precinct and reported that: Plaintiff was Mr. Liu's ex-girlfriend from three years ago; Mr. Liu had a temporary limited family court order of protection; Mr. Liu received a phone call on a blocked phone number and the voice on the other line allegedly said, in sum and substance, "Give me my camera back or I will kill you."; and Mr. Liu claimed the voice belonged to Plaintiff. On January 14, 2017, the NYPD confirmed that there was an order of protection, which stated that Plaintiff was not to, among other things, assault, stalk, or harass Mr. Liu. On January 14, 2017, the NYPD activated an ICard for Plaintiff's arrest.

On January 31, 2018, Plaintiff received a text message from an NYPD officer saying that

---

[1] Mr. Liu has a long documented history of mental illness and is extremely delusional; in 2011, a judge declared Mr. Liu mentally unstable, and appointed a custodian guardian to represent him against his wish.

1

her son was in custody at the Queens Child Abuse Squad, and that Plaintiff needed to pick him up. After arriving, she was arrested pursuant to the ICard. Plaintiff was arraigned and released. Plaintiff was charged with (i) criminal contempt in the first degree, (ii) criminal contempt in the first degree, (iii) criminal contempt in the second degree, (iv) aggravated harassment in the second degree, and (v) harassment in the second degree for violating a full order of protection issued by Family Court. All charges were ultimately dropped.

Plaintiff filed this action *pro se* on April 10, 2019, alleging constitutional violations based on her arrest. On May 23, 2019, the Firm filed a notice of appearance on behalf of Plaintiff.

During discovery under Southern District of New York's Local Civil Rule 83.10, Defendants produced the order of protection in effect against Plaintiff at the moment of her arrest, at which time the Firm learned—in the first instance—that there was, in fact, a valid order of protection; in Plaintiff's criminal case, her criminal defense attorney had moved to dismiss the criminal charges, in which motion papers all parties seem to have assumed that there was no order of protection against Plaintiff. However, as there was an order of protection against Plaintiff, her arrest was likely lawful.

## **STANDARD**

Under Local Civil Rule 1.4, an attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Local Civ. Rule 1.4. Such an order may be granted only upon a showing by affidavit or otherwise of (1) satisfactory reasons for withdrawal or displacement and (2) the posture of the case, including its position, if any, on the calendar, and (3) whether or not the attorney is asserting a retaining or charging lien. *Id.* (4) All applications

to withdraw must be served upon the client and (unless excused by the Court) upon all other parties. *Id.*

In ruling on a motion for leave to withdraw under Local Civil Rule 1.4, courts must determine whether there are satisfactory reasons for withdrawal by considering (1) the reasons for withdrawal, and (2) the impact of the withdrawal on the timing of the proceeding. *Ameruso v. City of New York*, No. 15 Civ. 3381 (RAB) (CM), 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) (citing *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444–45 (S.D.N.Y. 2014)). Courts must also consider (3) whether or not the attorney is asserting a retaining or charging lien, and (4) whether motion papers have been served on all parties. *Id.*

## ARGUMENT

The Court should grant the Firm's motion to withdraw, as the Firm has provided good cause to withdraw, its withdrawal will have little to no impact on the proceedings, it has asserted no lien, and motion papers have been served on all parties.

**I.     The Firm has good cause to withdraw: Plaintiff insists upon presenting a claim that the Firm does not believe to be warranted and Plaintiff assents to the withdrawal.**

Fed. R. Civ. P. 11(b)(2) provides that by "presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances... [that] he claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Further, Rule 1.1.6 (b)(6) of the New York rules of professional conduct allows an attorney to withdraw where, among other reasons: "the client insists upon presenting a claim or defense that

3

is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law."

In the instant case, Plaintiff retained the Firm to pursue her constitutional claims. During Protocol Discovery, the Firm learned for the first time that there had been a protective order in effect at the time of arrest. Based on that protective order and Plaintiff's ex-boyfriend's statements to the NYPD, there was likely probably cause for the at least one of the crimes of which she was accused and the arrest was likely lawful. As such, a constitutional claim is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

The Firm believes, in good faith, that the continued representation of Plaintiff would violate Fed. R. Civ. P. 11(b)(2). Under N.Y. Rules of Professional Conduct, withdrawal is, therefore, permissible. *See McKenny v. Colvin*, No. 1:15-CV-01558-SKO, 2016 WL 4126709, at *2 (E.D. Cal. Aug. 2, 2016) (allowing attorney to withdraw where attorney believed continued representation would result in violation of Rule 11). As such, the Court should allow the Firm to withdraw.

**II.     The withdrawal would have little to no impact on the proceedings.**

When assessing good cause, courts have considered the disruption to litigation caused by withdrawal, including its impact on firmly scheduled events. *Heck-Johnson v. First Unum Life Ins. Co.*, No. CIV901CV01739GLS/RFT, 2006 WL 1228841, at *3–4 (N.D.N.Y. May 4, 2006). Here, there has not yet been an initial conference, and discovery beyond protocol discovery has not yet begun. Therefore, the Firm's withdrawal would have little to no impact on the proceedings. As such, the Court should grant the Firm's motion.

**III.     The Firm is not asserting a retaining or charging lien.**

Under Local Rule 1.4, an order may be granted only upon a showing by affidavit or otherwise whether or not the attorney is asserting a retaining or charging lien.  Here, the Firm is not asserting a retaining or charging lien.

**IV.    The application to withdraw has been served on Plaintiff.**

Under Local Rule 1.4, all applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.  The application to withdraw has been served on Plaintiff and all other parties: the Firm emailed and sent it via certified mail to Plaintiff and sent it via the Court's Electronic Filing System ("ECF") to opposing counsel.

## CONCLUSION

In light of the above, the Firm respectfully requests that this Court issue an Order permitting the Firm to withdraw as counsel of record for Plaintiff in this action.

Dated: New York, New York
       January 6, 2020

                                        Respectfully submitted,

                                    By: _____
                                        Edgar M. Rivera
                                        THE HARMAN FIRM, LLP
                                        381 Park Avenue South, Suite 1220
                                        New York, NY 100016
                                        212.425.2600
                                        erivera@theharmanfirm.com

                                        *Attorneys for Plaintiff*