

**T**HE **C**ITY OF **N**EW **Y**ORK

| | **L**AW **D**EPARTMENT | |
|---|---|---|
| **JAMES E. JOHNSON** | 100 CHURCH STREET | **STEPHANIE DE ANGELIS** |
| *Corporation Counsel* | NEW YORK, NY 10007 | *Assistant Corporation Counsel* |
| | | Phone: (212) 356-3513 |
| | | Fax: (212) 356-3509 |
| | | Email: sdeangel@law.nyc.gov |

July 31, 2020

BY ECF
Judge Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  Zeng v. Chell, et al.,
            19-CV-3218 (JGK)

Your Honor:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. In that capacity, the undersigned writes: (1) pursuant to the Court's July 28, 2020 Scheduling Order which directed defense Counsel to advise Plaintiff and the Court by 8/6/2020 whether it will accept service of the Amended Complaint for Irwin Luperon and Police Officer Erlene Wiltshire[1]; and (2) to respectfully request an extension of time from September 11, 2020 until thirty (30) days after defendants Police Officer Irwin Luperon and Police Officer Erlene Wiltshire are served to file defendants' anticipated motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This is defendants' first of such request and plaintiff, Ms. Zeng does not consent to this request for several reasons including that "[d]efendants in the first amended complaint are the same as the original complaint," and that "[t]he City retaliated Plaintiff and her neighbours witnesses for this Police Brutality Case to cutted off their electricity and gas in 100F hot weather."

---

[1] Upon information and belief, and according to the docket sheet in this matter, defendants George Tavarez and John Chell also have not yet been served.

By way of background, on July 28, 2020, the Court ordered "Defense Counsel to advise Plaintiff and Court by 8/6/2020 whether it will accept service of the amended complaint for the newly added defendants." (See Civil Docket Entry dated 7/28/2020). As an initial matter, the Office of the Corporation Counsel is unable to accept service of summons on behalf of individually named police officers. Additionally, 1 Police Plaza only accepts service of summons on behalf of individually named police officers in particular circumstances such as when an officer is retired and they have requested that service be made at Police headquarters. Upon information and belief, Police Officer Erlene Wiltshire is retired. Thus, this office is currently in the process of determining whether she will allow 1 Police Plaza to accept service of summons on her behalf. However, Police Officer Irwin Luperon is an active member of service and thus must be personally served.[2] For plaintiff and the Court's ease, the undersigned provides, upon information and belief, the following service address for Police Officer Luperon:

- Police Officer Irwin Luperon, Shield No. 27763
  New York Police Department 75th Precinct
  1000 Sutter Ave, Brooklyn, NY 11208

Additionally, on July 28, 2020 the Court issued a Scheduling Order for defendants' anticipated motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (See Civil Docket Entry Dated 7/28/2020). Defendants respectfully request an extension of time from September 11, 2020 until thirty (30) days after defendants Police Officer Irwin Luperon and Police Officer Erlene Wiltshire are served to file defendants' anticipated motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

There are several reasons for seeking a revised briefing schedule in this matter. First, in accordance with Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent the aforementioned defendants. The defendants must then decide whether they wish to be represented by this Office. See Mercurio v. City of N.Y., 758 F.2d 862, 854–65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). If so, we must obtain the defendants' written authorization. Only after this procedure has been followed can we determine how to proceed with representation in this case. This Office is currently in the process of obtaining New York Police Department records associated with the alleged incident, and an enlargement of time would permit this Office to complete its investigation as to representation.

Additionally, in light of the continuing COVID-19 public health crisis, the New York City Law Department continues to require that its non-essential employees work from home. Consequently, this creates accessibility problems in regards to documents and files. Specifically, while some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. Further, the New York City Police Department is facing the same or even more severe communications and access

---

[2] Service by mail to notify Officer Luperon that an action has been commenced and to request that Officer Luperon waive service of a summons may also be an option for plaintiff under Fed. R. Civ. P. 4(d).

challenges as it pursues compliance with Governor Cuomo's and Mayor Bill de Blasio's Executive Orders and seeks to protect the health and safety of the employees in its organization by directing non-essential employees to work remotely.  Here, this inaccessibility delays defendants' ability to obtain the New York Police Department records necessary to complete its investigation as to representation of the two newly added defendants.  Lastly, the fact that Police Officer Erlene Wiltshire is retired may further delay this process.

       For the foregoing reasons, defendants respectfully request an extension of time from September 11, 2020 until thirty (30) days after defendants Police Officer Irwin Luperon and Police Officer Erlene Wiltshire are served to file defendants' anticipated motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                                    Respectfully submitted,

                                    *Stephanie De Angelis* /s
                                    Stephanie De Angelis
                                    *Assistant Corporation Counsel*
                                    Special Federal Litigation Division

cc:    **BY E-MAIL**
        Xiamin Zeng,
        Plaintiff Pro Se
        110 Columbia Street
        Apt. 1A
        New York, NY 10002