UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

XIAMIN ZENG *a/k/a* "AIMEE ZANE,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY2000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY2000],
SERGEANT GEORGE TAVERES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO. 27763), *and*
POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO.
#24340), *both in their individual and professional
capacities*,

Defendants.

--------------------------------------------------------------------- X

**DECLARATION OF
STEPHANIE DE ANGELIS,
IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS**

19-CV-3218 (JGK) (KHP)

**STEPHANIE DE ANGELIS**, an attorney duly admitted to practice in the State of New York, declares pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

1.      I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York, Gary DeNezzo, Danielle Febus, Erlene Wilshire and Irwin Luperon (hereinafter "Defendants") in the above-referenced action.  As such, I am familiar with the facts stated below and submit this declaration to place the relevant document on the record in support of Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure.

2.     Annexed hereto as Exhibit "A" is a true and accurate copy of plaintiff's Amended Complaint filed on July 9, 2020 in the United States District Court for the Southern District of New York.  The claims in the Complaint should be dismissed in their entirety, with prejudice, on the grounds that: (1) three sources of probable cause defeat plaintiff's false arrest claim; (2) plaintiff fails to state a claim for malicious prosecution; (3) defendants are entitled to qualified immunity; (4) plaintiff fails to advance any plausible theory of municipal liability; (5) plaintiff's state law claims fail as a matter of law; and (6) plaintiff fails to state a claim for a violation of her parental rights.

3.     Annexed hereto as Exhibit "B" is a true and accurate copy of the Complaint Report for No. 2017-075-000672 which sets forth, among other things, that on January 13, 2017, a complaining victim entered the NYPD 75th precinct and reported that on January 11, 2017: (1) he received a call from a "voice which he recognized to be his ex-girlfriend," plaintiff who said to him, "[g]ive me back my camera or I will kill you;" and (2) he had an order of protection against plaintiff at the time that she threatened to kill him.

4.     Annexed hereto as Exhibit "C" is a true and accurate copy of the Family Court Order of Protection Dated December 15, 2016 which sets forth, among other things, that plaintiff was ordered "to [r]efrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, or any criminal offense against," the complaining victim effective until and including February 16, 2017.

5.      Annexed hereto as Exhibit "D" is a true and accurate copy of the NYPD Active Investigation Card for Complaint No. 2017-075-00627, pursuant to which plaintiff was "[s]ought as perpetrator – probable cause to arrest," for a violation of PL 215.51.

6.      Annexed hereto as Exhibit "E" is a true and accurate copy of the NYPD Arrest Report No. K18606959 which sets forth, among other things, that on January 31, 2018, plaintiff was arrested for a violation of PL 215.51.

8.      Annexed hereto as Exhibit "F" is additional relevant portions of plaintiff Xiamin Zeng's 50-h transcript, dated February 27, 2019 which sets forth, among other things, that plaintiff understood she was being charged because she "called [her] ex-husband, [he] ex-husband, saying that will kill you or something," in connection to her January 31, 2018 arrest underlying the incident alleged in his Complaint.

Dated: New York, New York
       January 12, 2021

                             James E. Johnson
                             Corporation Counsel of the City of New York
                             *Attorney for Defendants City of New York, Gary DeNezzo and Danielle Febus*
                             100 Church Street
                             New York, New York 10007
                             (212) 356-3513

                             *Stephanie De Angelis* /s
                             Stephanie De Angelis
                             Assistant Corporation Counsel
                             Special Federal Litigation Division

cc:    **BY FIRST CLASS MAIL**
         Xiamin Zeng
         110 Columbia Street
         Apt. 1A
         New York, NY 10002