Docket No.  19 CV 3218 (JGK) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG *a/k/a* "AIMEE ZANE,"

Plaintiff,

- against -

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY2000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY2000],
SERGEANT GEORGE TAVERES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO. 27763), *and*
POLICE OFFICER ERLENE WILTSHIRE (SHIELD
NO. #24340), *both in their individual and professional
capacities,*

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*Gary DeNezzo, Danielle Febus, Erlene*
*Wiltshire and Irwin Luperon*

*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Stephanie De Angelis*
*Tel: (212) 356-3513*
*Matter No. 2019-032836*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY ....................................................................................................... 2

STATEMENT OF FACTS ......................................................................................................... 3

STANDARD OF REVIEW ........................................................................................................ 4

ARGUMENT

      POINT I

           THERE WAS PROBABLE CAUSE TO ARREST
           PLAINTIFF ............................................................................................ 7

           A.  Plaintiff's Arrest was Based on a Complaining
               Victim's Statement and a Violation of an Order
               of Protection ................................................................................ 7

      POINT II

           PLAINTIFF'S     MALICIOUS     PROSECUTION
           CLAIM FAILS ...................................................................................... 10

           A.  Plaintiff Cannot Establish that Defendants
               Commenced   or   Continued   a   Criminal
               Proceeding Against Her ................................................................ 11

           B.  Plaintiff Cannot Establish that Probable Cause
               was Lacking for her Criminal Proceeding ......................................... 12

           C.  Plaintiff Cannot Establish Malice ...................................................... 13

      POINT III

           DEFENDANTS     ARE     ENTITLED     TO
           QUALIFIED IMMUNITY ...................................................................... 14

**Page**

POINT IV

    THE COMPLAINT FAILS TO STATE A CLAIM
    FOR MUNICIPAL LIABILITY ................................................................. 15

POINT V

    PLAINTIFFS' STATE LAW CLAIMS FAIL AS A
    MATTER OF LAW ................................................................................... 19

    A.  Plaintiffs' State Law Claims Fail ........................................................ 19

    B.  In the Alternative, Defendants Respectfully
        Submit That the Court Should Not Exercise
        Jurisdiction Over Any Pendant State Law
        Claims ................................................................................................ 20

POINT VI

    PLAINTIFF FAILS TO STATE A CLAIM FOR A
    VIOLATION OF HER PARENTAL RIGHTS ........................................ 20

CONCLUSION ..................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

Adams v. Williams,
    407 U.S. 143 (1972) ..................................................................................................8

Allen v. Antal,
    12-CV-8024 (NSR), 2014 U.S. Dist. LEXIS 79031
    (S.D.N.Y. Mar. 13, 2014) .....................................................................................11

Amore v. Novarro,
    624 F.3d 522 (2d Cir. 2010) .................................................................................15

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................4, 5, 17, 18, 21

Bell Atlantic v. Twombly,
    550 U.S. .................................................................................................4, 5, 17, 18

Bernstein v. Misk,
    948 F. Supp. 228 (E.D.N.Y. 1997) ......................................................................20

Bertuglia v. City of New York,
    133 F. Supp. 3d 608 (S.D.N.Y. 2015) ..................................................................15

Brogdon v. City of New Rochelle,
    200 F. Supp. 2d 411 (S.D.N.Y. 2002) ..................................................................18

Brown v. New York,
    459 N.Y.S.2d 589 (1st Dep't 1983) ......................................................................13

Brown v. Town of East Haddam,
    56 F. Supp. 2d 212 (D. Conn. 1999),
    aff'd 215 F. 3d 625 (2d Cir. 2000) ........................................................................20

Caldarola v. Calabrese,
    298 F.3d 156 (2d Cir. 2002) ...............................................................................8, 9

Carnegie-Mellon Univ. v. Cohill,
    484 U.S. 343 (1988) ..............................................................................................20

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002) ...................................................................................6

City of Los Angeles v. Heller,
    475 U.S. 796 (1986) ........................................................................................15, 16

**Cases**                                                                                          **Pages**

Collins v. City of New York,
    923 F. Supp. 2d 462 (E.D.N.Y. 2013) ..................................................................19

Connick v. Thompson,
    563 U.S. 51 (2011) ...........................................................................................16

Cortec Indus., Inc. v. Sum Holding L.P.,
    949 F.2d 42 (2d Cir. 1991),
    cert. denied, 503 U.S. 960 (1992) ...........................................................................6

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001)..................................................................8, 9, 10, 11

K.D. ex rel. Duncan v. White Plains Sch. Dist.,
    921 F. Supp. 2d 197 (S.D.N.Y. 2013) ......................................................................16

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993)..................................................................................17

Escalera v. Lunn,
    361 F.3d 737 (2d Cir. 2004)..................................................................................15

Fulton v. Robinson,
    289 F.3d 188 (2d Cir. 2002)............................................................................9, 14

Garcia v. Does,
    779 F.3d 84 (2d Cir. 2015)..................................................................................15

Genovese v. Town of Southampton,
    921 F. Supp. 2d 8 (E.D.N.Y. 2013) ..................................................................16

Global Network Commc'ns, Inc. v. City of New York,
    458 F.3d 150 (2d Cir. 2006)..................................................................................5

Illinois v. Gates,
    462 U.S. 213 (1983)...........................................................................................7

Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007)..................................................................................19

Johnson v. City of New York,
    15-CV-1625 (SMG), 2017 U.S. Dist. LEXIS 62042
    (E.D.N.Y. Apr. 24, 2017)..................................................................................11

Johnson v. City of New York,
    551 F. App'x 14 (2d Cir. 2014)……………………………15

**Cases**                                                                 **Pages**

Johnson v. Constantellis,
  221 Fed. Appx. 48 (2d Cir. 2007)........................................................13

Jones v. Town of East Haven,
  691 F.3d 72 (2d Cir. 2012)..............................................................16

Kinzer v. Jackson,
  316 F.3d 139 (2d Cir. 2003)............................................................11

Kolari v. N.Y.-Presbyterian Hosp.,
  455 F.3d 118 (2d Cir. 2006)...........................................................20

Kopec v. Coughlin,
  922 F.2d 152 (2d Cir. 1991).............................................................7

Kramer v. Time Warner Inc.,
  937 F.2d 767 (2d Cir. 1991).............................................................5

Lee v. Sandberg,
  136 F.3d 94 (2d Cir. 1997)..............................................................8

Lowth v. Town of Cheektowaga,
  82 F.3d 563 (2d Cir. 1996)......................................................... 13-14

Lynch v. Averill,
  99-CV-2770 (KMW) (RLE), 2001 U.S. Dist. LEXIS 6098
  (S.D.N.Y. May 9, 2001)................................................................19

Manganiello v. City of New York,
  612 F.3d 149 (2d Cit. 2010)...........................................................12

Martinez v. Simonetti,
  202 F.3d 625 (2d Cir. 2000)........................................................8, 14

Mayzick v. County of Nassau,
  32 F. Supp. 3d. 399 (E.D.N.Y. 2014) .................................................12

Miloslavsky v. AES Eng'g Soc'y, Inc.,
  808 F. Supp. 351 (S.D.N.Y. 1992),
  aff'd 993 F.2d 1534 (2d Cir. 1993).................................................7, 8

Miro v City of New York,
  05-CV-10570 (DAB), 2007 U.S. Dist. LEXIS 15412
  (S.D.N.Y. Feb. 21, 2007)..............................................................16

**Cases**                                                                                          **Pages**

Mitchell v. City of New York,
    841 F.3d 72 (2d Cir. 2016).............................................................................13

Monell v. Department of Social Services,
    436 U.S. 658 (1978)...................................................................15, 17, 18, 19

Monroe v. Myskowsky,
    12-CV-5513 (KPF), 2014 U.S. Dist. LEXIS 14933
    (S.D.N.Y. Feb. 6, 2014)...............................................................................5

Nansaram v. City of New York,
    12-CV-5038 (NGG), 2015 U.S. Dist. LEXIS 124692
    (E.D.N.Y. July 2, 2015) ...............................................................................9

Newton v. City of New York,
    566 F. Supp. 2d 256 (S.D.N.Y. 2008)........................................................18

Nicholson v. Scoppetta,
    344 F.3d 154 (2d Cir. 2003)........................................................................22

Nieves v. Fahmy,
    15-CV-7297 (AMD) (ST), 2016 U.S. Dist. LEXIS 159057
    (E.D.N.Y. Nov. 16, 2016) ...................................................................... 21-22

O'Neill v. Town of Babylon,
    986 F.2d 646 (2d Cir. 1993).........................................................................7

Oklahoma v. Tuttle,
    471 U.S. 808 (1985)....................................................................................17

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006)........................................................................10

Papasan v. Allain,
    478 U.S. 265 (1986).....................................................................................4

Pitchell v. Callan,
    13 F.3d 545 (2d Cir. 1994)..........................................................................20

Reyes v. Fairfield Properties,
    661 F. Supp. 2d 249 (E.D.N.Y. 2009) ........................................................5

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997).....................................................................7, 10

**Cases**                                                                    **Pages**

Richardson v. Nassau County,
   277 F. Supp. 2d 196 (E.D.N.Y. 2003) ........................................................19

Rizk v. City of New York,
   14-CV-6434 (RRM) (RER), 2020 U.S. Dist. LEXIS 90918
   (E.D.N.Y May 22, 2020) ..........................................................................19

Rohman v. New York City Transit Auth.,
   215 F.3d 208 (2d Cir. 2000).....................................................................12

Rounsville v. Zahl,
   13 F.3d 625 (2d Cir. 1994)......................................................................12

Santiago v. City of New York,
   09-CV-0856 (BMC), 2009 U.S. Dist. LEXIS 75372
   (E.D.N.Y. 2009).......................................................................................17

Simms v. City of New York,
   11-CV-4568, 2012 U.S. App. LEXIS 9819
   (E.D.N.Y. May 6, 2012) ..........................................................................18

Simpson v. Town of Warwick Police Dept.,
   159 F. Supp. 3d 419 (S.D.N.Y. 2016).................................................15, 16

Singer v. Fulton County Sheriff,
   63 F.3d 110 (2d Cir. 1995).........................................................................7

Sira v. Morton,
   380 F.3d 57 (2d Cir. 2004).........................................................................6

Smith v. City of New York,
   12-CV-4572 (KPF), 2013 U.S. Dist. LEXIS 167314
   (S.D.N.Y. Nov. 25, 2013) ..........................................................................5

Sulkowska v. City of New York,
   129 F. Supp 2d 274 (S.D.N.Y. 2001)......................................................14

Swarthout v. Cooke,
   562 U.S. 216 (2011)................................................................................21

Green ex rel. T.C. v. Mattingly,
   07-CV-1790, 2010 LEXIS 99864
   (E.D.N.Y. Sept. 23, 2010)........................................................................22

United States v. Fama,
   758 F.2d at 838 ......................................................................................10

**Cases**                                                                **Pages**

Valcarcel v. City of New York,
13-CV-1740 (KAM), 2014 U.S. Dist. LEXIS 122864
(E.D.N.Y. July 29, 2014) ..................................................................................9

Victory v. Pataki,
814 F.3d. 47 (2d Cir. 2016)..............................................................................21

Vippolis v. Village of Haverstraw,
768 F.2d 40 (2d Cir. 1985),
cert. denied, 480 U.S. 916 (1987) ...................................................................17

Wahhab v. City of New York,
386 F. Supp. 2d 277 (S.D.N.Y. 2005)...............................................................8

Watkins v. Ruscitto,
14 Civ. 7504 (AJP), 2016 U.S. Dist. LEXIS 89499, 2016 WL 3748498
(July 11, 2016) ................................................................................................11

Welch v. City of New York,
95-CV-8953 (RPP), 1997 U.S. Dist. LEXIS 11184
(S.D.N.Y. Aug. 4, 1997) ...................................................................................9

Weyant v. Okst,
101 F. 3d 845 (2d Cir. 1996)........................................................................7, 14

Wilson v. McMullen,
07-CV-948, 2010 LEXIS 32335
(E.D.N.Y. Mar 30, 2010) .................................................................................14

Zahra v. Town of Southold,
48 F.3d 674 (2d Cir. 1995)...............................................................................17

Zalaski v. City of Hartford,
723 F.3d 382 (2d Cir. 2013).........................................................................14, 15

**Statutes**

28 U.S.C. § 1367(c)(3)........................................................................................20

42 U.S.C. § 1983........................................................................1, 2, 11, 16, 17, 19, 21

Fed. R. Civ. P. 11(b)(2)........................................................................................2

Fed. R. Civ. P. 12(b)(6)........................................................................................4

Fed. R. Evid. 201 ................................................................................................5

**Statutes**                                                                **Pages**

Fed. R. Evid. 201(b)..................................................................................................5

Local Civil Rule 1.4.................................................................................................2

Local Civil Rule 83.10.............................................................................................2

N.Y. Soc. Serv. Law § 432.2 (b)(3)(i) ..................................................................21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

XIAMIN ZENG *a/k/a* "AIMEE ZANE,"

                                       Plaintiff,

                     -against-

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY2000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY2000],
SERGEANT GEORGE TAVERES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO. 27763), *and*
POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO.
#24340), *both in their individual and professional
capacities*,

                                  Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS CITY OF
NEW YORK, GARY
DENEZZO, DANIELLE
FEBUS, ERLENE
WILSTSHIRE AND IRWIN
LUPERON'S
MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS**

19-CV-3218 (JGK) (KHP)

## PRELIMINARY STATEMENT

        Plaintiff Xiamin Zeng (hereinafter "Plaintiff"), proceeding *pro se*, brings this

action pursuant to 42 U.S.C. § 1983, against the City of New York, Gary DeNezzo, Danielle

Febus, Erlene Wilshire and Irwin Luperon (hereinafter "Defendants")[1], alleging that on January

31, 2018, defendants subjected her to an unlawful arrest and subsequent malicious prosecution.

See Plaintiff's Amended Complaint, annexed to the Declaration of Stephanie De Angelis, dated

January 12, 2021 (hereinafter "De Angelis Decl.) as Exhibit "A" (hereinafter "Amended

Complaint") at pp. 17-20.   For the reasons set forth below, the Court should dismiss, with

prejudice, the Amended Complaint because: (1) two sources of probable cause defeat plaintiff's

false arrest claim; (2) plaintiff fails to state a claim for malicious prosecution; (3) defendants are

---

[1] Upon review of the Docket, it appears that the individuals named as defendants "Inspector John
Chell" and "Sergeant George Taveres," were never properly served.

entitled to qualified immunity; (4) plaintiff fails to advance any plausible theory of municipal liability; (5) plaintiff's state law claims fail as a matter of law; and (6) plaintiff fails to state a claim for a violation of her parental rights.

## PROCEDURAL HISTORY

On April 10, 2019 plaintiff filed this action *pro se*, bringing federal claims against defendants alleging constitutional violations based on her January 31, 2018 arrest and subsequent prosecution.  See Civil Docket Entry No. 2, Original Complaint.  On May 23, 2019, Edgar M. Rivera from the Harman Firm, LLP filed a notice of appearance on behalf of plaintiff.  See Civil Docket Entry No. 10.  On October 7, 2019, it was determined that the Southern District of New York's Local Civil Rule 83.10(formally the Section § 1983 Plan) would apply to the case.  See Civil Docket Entry No. 25.  Pursuant to Local Civil Rule 83.10, on December 9, 2019 the parties participated in a Mediation session.  See Civil Docket Entry Dated November 6, 2019.  The parties did not reach a resolution.  On January 6, 2020, plaintiff's Counsel, Edgar M. Rivera moved to withdraw as attorney pursuant to Local Civil Rule 1.4.  See Civil Docket Entry No. 27.

On January 8, 2020, the Court granted the Motion to Withdraw as Attorney and stayed the case until March 13, 2020 at which point plaintiff was directed to "indicate to the court whether the plaintiff wishes to represent herself…or whether she will be represented by a new lawyer."  See Civil Docket Entry No. 30.  On March 5, 2020, plaintiff made an Application for the Court to Request Pro Bono Counsel.  See Civil Docket Entry No. 31.  On March 12, 2020, the Court Denied without prejudice plaintiff's Application for the Court to Request Pro Bono Counsel as plaintiff did not, "make the required showing."  See Civil Docket No. 32.  On July 9, 2020, plaintiff filed the Amended Complaint in this action again bringing claims of false arrest and malicious prosecution (see Civil Docket Entry No. 43); however, as explained below, the Amended Complaint does not cure but rather reproduces the deficiencies in the Original

Complaint and thus should be dismissed in its entirety.

## STATEMENT OF FACTS

On January 13, 2017, a complaining victim entered the New York City Police Department ("NYPD") 75th precinct and reported that he received a call from a "voice which he recognized to be his ex-girlfriend," plaintiff.  See Complaint No. 2017-075-000672, attached to the De Angelis Decl. as Exhibit "B" (hereinafter "Complaint Report").  The complaining victim stated that: (1) plaintiff said to him, "[g]ive me back my camera or I will kill you;" and (2) he had an order of protection against plaintiff at the time that she threatened to kill him.  Id.  On January 14, 2017, the NYPD confirmed that there was a valid, active order of protection, which stated that plaintiff was "to [r]efrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats, or any criminal offense against," the complaining victim.  See Order of Protection Dated December 15, 2016, attached to the De Angelis Decl. as Exhibit "C" (hereinafter "Order of Protection").  The Order of Protective further reflected, that failure to obey the order could subject plaintiff to mandatory arrest and prosecution.  Id. On January 14, 2017, the NYPD activated an I-Card for Plaintiff's arrest.  See Active Investigation Card for Complaint No. 2017-075-00627, attached to the De Angelis Decl. as Exhibit "D" (hereinafter "I-Card").  Pursuant to that I-Card, plaintiff was "[s]ought as perpetrator – probable cause to arrest," for a violation of PL 215.51.  Id.

On January 18, 2018 plaintiff initiated an ACS investigation by calling the "NYS Child Abuse Hotline."  See Amended Complaint, Exhibit A at ¶ 22.  As part of that investigation, two ACS employees went to plaintiff's home for a visit.  Id. at ¶ 24.  On January 31, 2018 plaintiff was informed that her son was at the Queens Child Abuse Squad.  Id. at ¶ 28.

On January 31, 2018 plaintiff was arrested for a violation of PL 215.51 pursuant to (1) the complaining victim's complaint; and (2) the valid Order of Protection, which the complaining victim had against plaintiff at the time she threatened to kill him.  Plaintiff was charged with (1) two counts of criminal contempt in the first degree; (2) criminal contempt in the second degree, (3) Aggravated harassment in the second degree; and (4) harassment in the second degree.  See Amended Complaint, Exhibit A at ¶ 74.  All of the charges against her were dismissed.  See id.

## STANDARD OF REVIEW

Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  While for the purposes of a motion to dismiss a court must take all of the factual allegations in the Complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Bell Atlantic v. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Further, to survive a motion to dismiss, a pleading must be supported by allegations that put forth underlying facts so as to make a claim plausible on its face.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Factual allegations contained in a Complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . ." Twombly, 550 U.S. at 555.  Legal conclusions disguised as facts, however, are not entitled to the assumption of truth.  Id.  Importantly, the factual allegations must show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555.  The mere filing of a Complaint "does not unlock the doors

of discovery for a plaintiff armed with nothing more than conclusions . . .” Iqbal, 129 S. Ct. at 1950.

Courts may consider extrinsic materials if they are “integral to the complaint” or appropriate subjects for judicial notice.” Global Network Commc’ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006).  “It is well-settled that in considering a motion to dismiss, the Court is entitled to take judicial notice of documents integral to or referred to in the complaint, as well as documents filed in other courts and other public records.” Reyes v. Fairfield Properties, 661 F. Supp. 2d 249, 255 n.1 (E.D.N.Y. 2009).  Under FRE 201(b), a Court may take judicial notice of a fact “that is not subject to reasonable dispute because it . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.” See Smith v. City of New York, 12-CV-4572 (KPF), 2013 U.S. Dist. LEXIS 167314 at *3 (S.D.N.Y. Nov. 25, 2013) (taking judicial notice of arrest report).

Here, the Court may take judicial notice of the Complaint Report, the Order of Protection, the I-Card and the Arrest Report.  Monroe v. Myskowsky, 12-CV-5513 (KPF), 2014 U.S. Dist. LEXIS 14933, at *2 n.3 (S.D.N.Y. Feb. 6, 2014) (The Court may consider matters of which judicial notice may be taken under Fed. R. Evid. 201, including public records such as arrest reports, indictments, and criminal disposition data.) (citing Kramer v. Time Warner Inc., 937 F.2d 767, 773-75 (2d Cir. 1991)).  These are exactly the kind of facts, which, pursuant to Federal Rule of Evidence 201, are “capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned” and of which courts can therefore take judicial notice.

Additionally, a complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not

incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)) (citations omitted). Specifically, where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Chambers, 282 F.3d at 152-53 (internal quotations omitted). Here, while plaintiff's Amended Complaint does not explicitly reference the Complaint Report, the I-Card, the Arrest Report, or the relevant portions of plaintiff's 50-h[2] testimony, the "effect" of said documents is integral to plaintiff's claims. See Smith 794 F.3d 249 at 254. More specifically, the "effect" of these documents is that they illustrate the existence of probable cause, barring this lawsuit. Because plaintiff's Amended Complaint puts the existence of probable cause at issue, the Court should rely on the aforementioned documents for purposes of this motion. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992) (where plaintiff chooses not to attach to the complaint documents upon which it relies and which are integral to the complaint, defendant may produce the documents in attacking the complaint for failure to state a claim without converting the motion to one for summary judgment).

Alternatively, if the Court is not inclined to consider the Complaint Report, the Order of Protection, the I-Card, the Arrest Report and the relevant portions of plaintiff's 50-h testimony in the context of a motion to dismiss, the Court may convert this motion into a motion for summary judgment. See Kopec v. Coughlin, 922 F.2d 152, 154 (2d Cir. 1991) (internal citations omitted). Based on the facts alleged in the Amended Complaint and records, which may be judicially noticed, all of plaintiff's claims should be dismissed.

---

[2] Additionally, plaintiff's 50-H is a prerequisite to filing a claim against the City and as such should be incorporated.

## ARGUMENT

### POINT I

### THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

Plaintiff's false arrest claim should be dismissed because there were two sources of probable cause to arrest her.  Probable cause to arrest "is a complete defense to an action for false arrest" or false imprisonment.  Weyant v. Okst, 101 F. 3d 845, 852 (2d Cir. 1996). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).  (O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993).  Probable cause requires only a probability, not an actual showing, of criminal activity.  Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983); Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); Miloslavsky, 808 F. Supp. at 354.  Here, probable cause existed to arrest plaintiff for: (1) criminal contempt in the first degree; (2) criminal contempt in the second degree; (3) Aggravated harassment in the second degree; and (4) harassment in the second degree.

**A.     Plaintiff's Arrest was Based on a Complaining Victim's Statement and a Violation of an Order of Protection**

Plaintiff's arrest was undisputedly based on a complaining victim's statement that plaintiff threatened to kill him and for a violation of an order of protection which the complaining victim had against plaintiff at the time she made said threat.  See Complaint Report, Exhibit B; see also, Order of Protection, Exhibit C.  In assessing whether probable cause exists, courts look to the totality of the circumstances and consider the "facts available to the officer at the time of arrest."  Caldarola v. Calabrese, 298 F.3d 156, 162 (2d Cir. 2002).  Moreover, an officer has probable cause to arrest a suspect when a putative victim or an eyewitness reports that

the suspect has committed a crime "unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001); see Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed"). "The veracity of citizen complainants who are the victims of the very crime they report is assumed." Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd 993 F.2d 1534 (2d Cir. 1993)) (citing Adams v. Williams, 407 U.S. 143, 148 (1972); accord Lee v. Sandberg, 136 F.3d 94, 103 n. 5 (2d Cir. 1997) (quoting Miloslaysky with approval). Therefore, "probable cause will generally be found to exist when an officer is advised of a crime by a victim or an eyewitness." Wahhab v. City of New York, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005).

Here, plaintiff does not dispute that her arrest was based on a complaining victim's statement that plaintiff threatened to kill him and for a violation of an order of protection which the complaining victim had against plaintiff at the time she made said threat. Specifically, plaintiff admitted in her 50-h hearing that she understood she was being charged because she "called [her] ex-husband, [he] ex-husband, saying that will kill you or something." See Relevant portions of the Transcript of Plaintiff's 50-h testimony, annexed as Exhibit "F" to the De Angelis Decl. (hereinafter "50-h testimony") at pp. 17:10-20. The Amended Complaint further clarifies that, "Ms. Zeng's 'breach of restraining order' involving Mr. Liu was the supposed (though later dismissed) reason for her arrest." See Amended Complaint, Exhibit A at ¶ 72. In fact, plaintiff's own attorney explained to her that, "... the case brought by the NYPD was related to the Mr. Gang LUI's restraining order" (see Civil Docket Entry No. 2, Original Complaint at p. 10). Thus, both the Original and Amended Complaints allege on their faces that

plaintiff's arrest was based on a complaining victim's statement that plaintiff threatened to kill him and for a violation of an order of protection which the complaining victim had against plaintiff at the time she made said threat.

    The Second Circuit and district courts in this circuit have repeatedly found that, in the absence of reason to doubt the complainant, an allegation that an individual has violated a stay away order supports probable cause for arrest. Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002); Valcarcel v. City of New York, 13-CV-1740 (KAM), 2014 U.S. Dist. LEXIS 122864, at *18-19 (E.D.N.Y. July 29, 2014) (collecting cases). Even where an arrest is made based on a violation of an expired order of protection, courts have found probable cause to exist. Welch v. City of New York, 95-CV-8953 (RPP), 1997 U.S. Dist. LEXIS 11184, *13-14 (S.D.N.Y. Aug. 4, 1997). Moreover, an officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest," Caldarola v. Calabrese, 298 F.3d 156, 167-68 (2d Cir. 2002), or "to prove plaintiff's version wrong before arresting him," Curley, 268 F.3d 65 at 70; see Nansaram v. City of New York, 12-CV-5038 (NGG), 2015 U.S. Dist. LEXIS 124692 (E.D.N.Y. July 2, 2015) (finding the existence of probable cause as a matter of law, and holding that plaintiff's "acknowledgment that an order of protection existed further corroborated [his wife's] allegations . . . which alone would be sufficient to establish probable cause for the arrest").

    Here, the Amended Complaint states that, "Mr. Liu, the complaining witness in *People v. Xiamin Zeng*…has a long document history of mental illness and is extremely delusional. For example, Mr. Lui believed Ms. Zeng to be a top Chinese spy and that she worked with the FBI to 'launch a war' against him. He also believes that Ms. Zeng 'was sent by the Chinese government to ruin his life and career.'" However, a complaining victim's personal

beliefs are exactly the type of things an Officer is not required to uncover in determining whether probable cause exists.  In fact, even an alternative account, even an exculpatory one, does not negate probable cause where it already exists.  This is so even if further investigation might suggest that plaintiff's version of events was true.  See Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006) ("'The fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause,' and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause.") (quoting United States v. Fama, 758 F.2d at 838.)

For example, in Curley, the Second Circuit found the defendant police officers had probable cause to arrest the plaintiff where the alleged victim of the assault informed police that the plaintiff was the perpetrator, even though the plaintiff presented a conflicting account. 268 F.3d 65 at 70.  The Second Circuit found that "[o]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."  Id. (quoting Ricciuti, 124 F.3d 123 at 128). The Court continued:

> Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting [her]. Nor does it matter that an investigation might have cast doubt upon the basis for the arrest. Before making an arrest, if the arresting officer has probable cause, he need not also believe with certainty that the arrestee will be successfully prosecuted.

Id.  The same holds true here.

## POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS

To prevail on a Section 1983 claim for malicious prosecution, the plaintiff must show "(1) that the defendant commenced or continued a criminal proceeding against him; (2)

that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (internal citations omitted).  Since the four elements are in the conjunctive, "the failure to establish any one of the four is fatal to the plaintiff's claim." Allen v. Antal, 12-CV-8024 (NSR), 2014 U.S. Dist. LEXIS 79031 (S.D.N.Y. Mar. 13, 2014).

**A.   Plaintiff Cannot Establish that Defendants Commenced or Continued a Criminal Proceeding Against Her**

The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that Defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000).  "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding." Id. at 217.  Here, there is no evidence to support that defendants initiated or continued a proceeding against plaintiff instead, plaintiff merely lists legal labels and conclusions which are "almost completely devoid of appreciable factual content." Mayzick v. County of Nassau, 32 F. Supp. 3d. 399, 402-403 (E.D.N.Y. 2014).  Specifically, plaintiff states that "[d]efendant fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office."  This postulation does not plausibly allege—let alone establish—that defendants fabricated any evidence or conveyed alleged fabricated evidence to the District Attorney.  As such, plaintiff cannot establish the initiation element.

**B.     Plaintiff Cannot Establish that Probable Cause was Lacking for her Criminal Proceeding**

Plaintiff's malicious prosecution claim also fails as probable cause existed for plaintiff's prosecution. "The existence of probable cause is a complete defense to a claim of malicious prosecution in New York…" Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cit. 2010) (internal citations omitted).  When evaluating whether there was probable cause to initiate a prosecution, the Court must evaluate the information that existed at the time when the prosecution was initiated.  Rounsville v. Zahl, 13 F.3d 625, 630 (2d Cir. 1994).  "Probable cause does not require a 'certitude' that a crime has been committed by a suspect.  Rather, a malicious prosecution connotes a decision to proceed maliciously with the prosecution of an individual where probable cause is clearly lacking."  Brown v. New York, 459 N.Y.S.2d 589, 591 (1st Dep't 1983).  "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless undermined by the discovery of some intervening fact."  Johnson v. Constantellis, 221 Fed. Appx. 48, 50 (2d Cir. 2007) (internal quotations omitted).

Plaintiff herself admits that "Ms. Zeng's 'breach of restraining order' involving Mr. Liu was the supposed (though later dismissed) reason for her arrest."  See Amended Complaint, Exhibit A at ¶ 72.  In fact, plaintiff's own attorney explained to her that, "… the case brought by the NYPD was related to the Mr. Gang LUI's restraining order" (see Civil Docket Entry No. 2, Original Complaint at p. 10).  Moreover, in the case at bar defendants have established that an order of protection did in fact exist.  See Order of Protection, Exhibit C.  The Order of Protection specifically warned plaintiff that failure to obey the order could subject plaintiff to mandatory arrest and prosecution.  Id. Moreover, plaintiff has not identified any intervening facts that arose between her arrest and the commencement of her prosecution that

would dissipate the probable cause that was the basis for their arrest.  For the reasons set forth in Point I, *supra*, probable cause supported plaintiff's prosecution.

## C.    Plaintiff Cannot Establish Malice

Plaintiff has not demonstrated that the criminal proceeding against her "was instituted with malice."   Mitchell v. City of New York, 841 F.3d 72, 79 (2d Cir. 2016). According to the Second Circuit, this element may be satisfied by a showing "that the defendant . . . commended the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996); accord Fulton, 289 F.3d 188, 198 (2d Cir. 2002).  It is well settled that "[o]nly where probable cause to initiate a proceeding is . . . totally lacking may malice be reasonably inferred." Wilson v. McMullen, 07-CV-948, 2010 LEXIS 32335 at *18 (E.D.N.Y. Mar 30, 2010) (citation omitted); accord Sulkowska v. City of New York, 129 F. Supp 2d 274, 295 (S.D.N.Y. 2001).

Here, plaintiff argues that she was arrested in retaliation for plaintiff's having filed a lawsuit against ACS employees; however plaintiff also concedes that her own attorney "explained to plaintiff that she shouldn't talk about being targeted by ACS in the current matter, as the case brought by the police related to the Mr. Gang LUI'S restraining order." See Civil Docket Entry No. 2, Original Complaint at p. 10.   As such, plaintiff has utterly failed to adduce any evidence of "a wrong or improper motive." See Fulton, 289 F.2d 188 at 198; Lowth, 82 F.3d at 573.  In turn, plaintiff's malicious prosecution claim fails for this reason as well.

13

**POINT III**

**DEFENDANTS     ARE     ENTITLED     TO
QUALIFIED IMMUNITY**

Even assuming *arguendo* that the Court finds that defendants lacked probable

cause to arrest plaintiff, they are nonetheless entitled to Qualified Immunity.  Qualified immunity

protects officials from liability for civil damages where "(1) their conduct does not violate clearly

established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did

not violate those rights."  Martinez, 202 F.3d at 633–34 (quoting Weyant, 101 F.3d at 857).  As for

the second prong of qualified immunity, an officer is immune from a false arrest claim where he has

arguable probable cause to arrest.  Zalaski v. City of Hartford, 723 F.3d 382, 390 (2d Cir. 2013).

That is, an officer is immune from liability where "(a) it was objectively reasonable for the officer to

believe there was probable cause to make the arrest, or (b) officers of reasonable competence could

disagree on whether the probable cause test was met."  Id.  (quoting Escalera v. Lunn, 361 F.3d 737,

743 (2d Cir. 2004)).  Courts "look to the information possessed by the officer at the time of arrest"

when determining whether an officer's conduct was objectively reasonable.  Garcia v. Does, 779

F.3d 84, 92 (2d Cir. 2015) (quoting Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010).

Defendants' conduct was objectively reasonable and no reasonably competent officer

could disagree about the existence of probable cause.  Again, there is no dispute that a complaining

victim entered the NYPD 75th precinct and reported that plaintiff threatened his life.  See

Complaint Report, Exhibit B.  Additionally, at the time the complaining victim reported that plaintiff

made said threat, he had an order of protection against her.  See Order of Protection, Exhibit C.

Lastly, there is no dispute that based on said complaint an I-Card for probable cause to arrest plaintiff

was issued.  See I-Card, Exhibit D.  Additionally, an I-Card was issued for probable cause to arrest

plaintiff based on the complaining victim's statement that plaintiff threatened to kill him and for

a violation of an order of protection which the complaining victim had against plaintiff at the

time she made said threat.  See I-Card, Exhibit D.  Importantly "pursuant to the collective knowledge doctrine or 'fellow officer rule,'" an officer is entitled to rely on an I-Card to conclude that he has probable cause to arrest plaintiff.  Johnson v. City of New York, 15-CV-1625 (SMG), 2017 U.S. Dist. LEXIS 62042, *17-18 (E.D.N.Y. Apr. 24, 2017); Watkins v. Ruscitto, 14 Civ. 7504 (AJP), 2016 U.S. Dist. LEXIS 89499, 2016 WL 3748498, at *7 (July 11, 2016) (holding that arresting officers were entitled to rely upon I-card and determination of the issuing officer that there was probable cause to arrest).  These facts, known to defendants at the time of the arrest, are sufficient to establish that defendants had arguable probable cause to arrest plaintiff, entitling them to qualified immunity.

## POINT IV

## THE COMPLAINT FAILS TO STATE A CLAIM FOR MUNICIPAL LIABILITY

As an initial matter, since the Amended Complaint fails to state a viable federal claim, plaintiff cannot establish a claim against the City for municipal liability.  Johnson v. City of New York, 551 F. App'x. 14, 15 (2d Cir. 2014) ("Because [the plaintiff] has not alleged a valid underlying constitutional deprivation, his claim against New York City pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), must also fail.").  To succeed on a Monell claim, a plaintiff must establish that a municipal agent committed an underlying constitutional violation.  See e.g., Simpson v. Town of Warwick Police Dept., 159 F. Supp. 3d 419, 434 (S.D.N.Y. 2016) (citing City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)); see also Bertuglia v. City of New York, 133 F. Supp. 3d 608, 650 (S.D.N.Y. 2015).  Without an underlying violation, "there can be no municipal liability under § 1983[,]" and the claim must be dismissed.  Simpson, 159 F. Supp. at 434 (citing City of Los Angeles, 475 U.S. at 799).

It is well-established that a municipality "may only be held liable where the entity *itself* commits a wrong."  Genovese v. Town of Southampton, 921 F. Supp. 2d 8, 24 (E.D.N.Y. 2013) (emphasis in original).  Thus, to assert a claim for municipal liability under Section 1983, a plaintiff must allege an unconstitutional practice that is either: "(1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact."  K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 204 (S.D.N.Y. 2013).  When plaintiffs fail to allege an unconstitutional policy or action ordered by a ratified policymaker, municipal liability turns on the plaintiff's ability to attribute a subordinate's conduct "to the actions or omissions of higher ranking officials with policymaking authority[,]" which requires a showing that policymaking officials' actions amounted to "deliberate indifference."  Miro v City of New York, 05-CV-10570 (DAB), 2007 U.S. Dist. LEXIS 15412, at *8-11 (S.D.N.Y. Feb. 21, 2007).  Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."  Connick v. Thompson, 563 U.S. 51, 61 (2011) (citation omitted).  In other words, "the official made a conscious choice, and was not merely negligent."  Jones v. Town of East Haven, 691 F.3d 72, 81 (2d Cir. 2012) (citations omitted).

Even assuming *arguendo*, that plaintiff sufficiently pleads an injury inflicted by police officers, her Section 1983 claim turns exclusively on the City's policies and customs

concerning the police department.  To state a sufficient claim, "[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries . . . Second, the plaintiff must [also] establish a causal connection – an 'affirmative link' – between the policy and deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing and quoting Oklahoma v. Tuttle, 471 U.S. 808, 823-24 n.8 (1985)).  Basically, plaintiff must establish that an identified municipal policy or practice was the "moving force [behind the] constitutional violation." Monell, 436 U.S. at 694. Plaintiff has not met his burden.

At the pleading stage, to survive a motion to dismiss, the law is well-settled that "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).  Formulaic legal conclusions in a complaint are not entitled to the assumption of truth.  See Iqbal, 556 U.S. at 678 ("T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Indeed, while "[i]t is questionable whether the boilerplate Monell claim often included in many § 1983 cases . . . was ever sufficient to state a claim upon which relief could be granted[,] [i]n light of [Iqbal and Twombly], it is now clear that such boilerplate claims do not rise to the level of plausibility" required to state a viable Monell claim.  Santiago v. City of New York, 09-CV-0856 (BMC), 2009 U.S. Dist. LEXIS 75372, at *7-8 (E.D.N.Y. 2009).  Further, "'naked assertion[s]' devoid of 'further factual enhancement'" amounts to nothing more than a formulaic recitation of the elements of a constitutional claim. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555-57).

Here, the Amended Complaint lacks sufficient factual details concerning <u>Monell</u> liability and instead contains boilerplate, conclusory allegations, which fail to link a <u>Monell</u> theory of liability to the alleged incident.  <u>See</u> Amended Complaint at ¶ 94-95.  Just like the plaintiffs in <u>Iqbal</u> and <u>Twombly</u>, plaintiff in this case simply recites, in her Amended Complaint, the elements of her municipal liability claim with conclusory statements, but alleges no facts that would support a plausible claim for relief.  <u>See id</u>.  Even affording plaintiff's allegations the broadest interpretation, it is well established that a "single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation."  <u>Brogdon v. City of New Rochelle</u>, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002); <u>see also</u> <u>Newton v. City of New York</u>, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008) ("[A] custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State.").  Here, rather than alleging a pattern or practice of misconduct, plaintiff alleges only a single, isolated incident, which is her own, in support of her claim of municipal liability.

In a final attempt to plausibly plead her <u>Monell</u> claim, plaintiff simply lists a slew of lawsuits against the City alleging municipal liability.  However, as set forth in <u>Simms v. City of New York</u>, 11-CV-4568, 2012 U.S. App. LEXIS 9819, at *6-7 (E.D.N.Y. May 6, 2012), a citation to unrelated lawsuits against the City that allege a different set of facts is not sufficient to allege a plausible <u>Monell</u> claim.  The cases cited by plaintiff concern different injuries, blame different City policies and rest on more factual material concerning the City's practices, customs and policies.  These unrelated cases, which are presented in a way to suggest that a judge and jury found as a fact that the City employed harmful practices or policies, either do not pertain to the allegations at issue or were not resolved on the merits. Thus, together they do not amount to a

plausible claim.  See Collins v. City of New York, 923 F. Supp. 2d 462, 479 (E.D.N.Y. 2013) (internal citations omitted).  Of note, plaintiff's reliance on several news articles is also insufficient to establish the requisite municipal policy or custom.  See Richardson v. Nassau County, 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003) (finding one-paragraph newspaper article, cited by plaintiff, to be insufficient to show municipal policy); see also Lynch v. Averill, 99-CV-2770 (KMW) (RLE), 2001 U.S. Dist. LEXIS 6098, at *3 (S.D.N.Y. May 9, 2001) (internal citations omitted).  Plaintiff's Monell claim fails as a matter of law, and should be dismissed.

## POINT V

### PLAINTIFFS' STATE LAW CLAIMS FAIL AS A MATTER OF LAW

**A.   Plaintiffs' State Law Claims Fail**

A "section 1983 claim for false arrest is substantially the same claim as a claim for false under New York law."  See Rizk v. City of New York, 14-CV-6434 (RRM) (RER), 2020 U.S. Dist. LEXIS 90918 *29 (E.D.N.Y May 22, 2020) (quoting Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007)).  Furthermore, the existence of probable cause is a complete defense to a claim of false arrest under both federal law as well as New York State law.  Rizk, 2020 U.S. LEXIS 90918 *29-30 (citing Jenkins, 478, F.3d at 84).  For the reasons set forth in Point I, *supra*, probable cause existed defeating plaintiff's state law false arrest claim.

With respect to plaintiff's malicious prosecution claim, for the reasons set forth in Point II, *supra*, with the exception of the favorable termination prong, since probable cause existed, and since plaintiff cannot show initiation or establish malice plaintiff's state law malicious prosecution claim fails as well.

**B.      In the Alternative, Defendants Respectfully Submit That the Court Should Not Exercise Jurisdiction Over Any Pendant State Law Claims**

For the reasons detailed in Points I-IV, *supra*, all of plaintiff's federal claims should be dismissed.   To the extent the Amended Complaint includes any viable state law claims, defendants respectfully submit that the Court should decline to exercise pendant jurisdiction.  See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) (internal citations omitted); Bernstein v. Misk, 948 F. Supp. 228, 243 (E.D.N.Y. 1997).

A district court may decline to exercise supplemental jurisdiction where all federal claims have been dismissed.  See 28 U.S.C. § 1367(c)(3); Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).  The Supreme Court has instructed that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  Here, plaintiff has not set forth any viable federal claims against defendants.   Thus, defendants request that the Court decline to exercise jurisdiction over any remaining state law claims asserted, to the extent any claim survives.

## POINT VI

## PLAINTIFF FAILS TO STATE A CLAIM FOR
## A VIOLATION OF HER PARENTAL RIGHTS

While plaintiff does not list a violation of her parental rights as a Claim for Relief (see Amended Complaint, Exhibit A at pp. 17-20), in the abundance of caution defendants address this claim as well.  As an initial matter, the Constitution does not include a right to be free from child abuse investigations.  See Brown v. Town of East Haddam, 56 F. Supp. 2d 212, 215 (D. Conn. 1999), *aff'd* 215 F. 3d 625 (2d Cir. 2000).  ACS is statutorily mandated to conduct an investigation when it receives a report of child abuse from the New York Statewide Central

Register and must "conduct a face-to-face contact or a telephone contact with the subjects and/or other persons named in the report" within twenty-four hours of receiving a child abuse report. N.Y. Soc. Serv. Law ("SSL") § 432.2 (b)(3)(i).   Here, ACS, complied with that mandate, prompted by plaintiff's call to the "NYS Child Abuse Hotline."   See Amended Complaint, Exhibit A at ¶ 22.

To the extent plaintiff is alleging that her parental rights were infringed by ACS briefly removing her child from her care, (see Amended Complaint, Exhibit A at ¶ 28), that claim fails because "under Section 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation."   See Victory v. Pataki, 814 F.3d. 47, 67 (2d Cir. 2016).   Plaintiff fails to allege how Detective Febus personally participated in the alleged wrongful removal and deprivation of her parental rights.   See Amended Complaint, Exhibit A at ¶¶ 28-29; see also Iqbal, 556 U.S. at 676–78 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."); Victory, 814 F.3d. at 67.   As such, plaintiff's claim should be dismissed.

Additionally, no facts alleged in the Amended Complaint give rise to a sufficient allegation of a procedural due process violation.   To prevail on a Fourteenth Amendment procedural due process claim, a plaintiff must show (1) that she possessed a protected liberty or property interest of which she has been deprived; and (2) that the procedures afforded to her were not constitutionally sufficient.   Victory, 814 F.3d. at 67 (citing Swarthout v. Cooke, 562 U.S. 216, 219 (2011)).   Here plaintiff merely states, "[o]n January 31, 2018 at approximately 10:00 a.m., after dropping her son off at school, Ms. Zeng received a text message saying that her son was in custody at the Queens Child Abuse Squad and that Ms. Zeng needed to pick him up."   See Amended Complaint, Exhibit A at ¶ 28).   The Amended Complaint is devoid of any facts about the lack of or sufficiency of the procedures afforded to plaintiff.   Nieves v. Fahmy, 15-CV-7297 (AMD)

(ST), 2016 U.S. Dist. LEXIS 159057 *9 (E.D.N.Y. Nov. 16, 2016) (dismissing the complaint because it "says almost nothing about what actually happened.").  Thus, plaintiff's procedural due process claim fails.

Moreover, no facts alleged in the Amended Complaint give rise to a sufficient allegation of a substantive due process violation.  Brief removals of a child "generally do not rise to the level of a substantive due process violation, at least where the purpose of the removal is to keep the child safe during investigation and court confirmation of the basis for removal.'" Southerland, 680 F.3d at 153 (quoting Nicholson v. Scoppetta, 344 F.3d 154, 172 (2d Cir. 2003). Plaintiff alleges that her child was removed from her custody for "a total of three days."  See Amended Complaint, Exhibit A at ¶ 78.  However, as a matter of law, a removal of only three days does not rise to the level of a violation of a parent's substantive due process rights.  See Southerland, 680 F.3d at 154–55 (four-day separation "was not so long as to constitute a denial of substantive due process"); see also Green ex rel. T.C. v. Mattingly, 07-CV-1790, 2010 LEXIS 99864, at **33-35 (E.D.N.Y. Sept. 23, 2010) (four-day removal of child during ACS investigation didn't violate substantive due process).  Therefore, plaintiff's substantive due process claim fails.

## CONCLUSION

For the foregoing reasons, defendants the City of New York, Gary DeNezzo, Danielle Febus, Erlene Wilshire and Irwin Luperon respectfully request that the Court dismiss, with prejudice, the Amended Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           January 12, 2021

                          James E. Johnson
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants City of New York, Gary DeNezzo and Danielle Febus*
                          100 Church Street
                          New York, New York 10007
                          (212) 356-3513

                          *Stephanie De Angelis* /s
                          Stephanie De Angelis
                          Assistant Corporation Counsel
                          Special Federal Litigation Division

cc:    **BY ECF**
          Xiamin Zeng
          110 Columbia Street
          Apt. 1A
          New York, NY 10002