Docket No.  19 CV 3218 (JGK) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG *a/k/a* "AIMEE ZANE,"

Plaintiff,

- against -

THE CITY OF NEW YORK, DETECTIVE DANIELLE FEBUS [RANK FY2000], INSPECTOR JOHN CHELL, DETECTIVE GARY DENEZZO [RANK FY2000], SERGEANT GEORGE TAVERES (#5354), POLICE OFFICER IRWIN LUPERON (SHIELD NO. 27763), *and* POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO. #24340), *both in their individual and professional capacities,*

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Gary DeNezzo, Danielle Febus, Erlene Wiltshire and Irwin Luperon*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Christopher D. DeLuca*
*Tel:  (212) 356-3535*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS FAIL AS A MATTER OF LAW BECAUSE THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF ..................................... 2

        A.   Defendants had Probable Cause to Arrest Plaintiff ........................................................................... 2

        B.   The Complaining Victim's Statement Created Probable Cause for Plaintiff's Arrest ................................................................................ 4

        C.   Probable Cause Existed During and Between Plaintiff's Arrest and Prosecution ................................... 5

    POINT II

        DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON ALL OF PLAINTIFF'S CLAIMS .................................................................. 6

    POINT III

        TO THE EXTENT THAT PLAINTIFF FAILED TO ADDRESS DEFENDANTS' ARGUMENTS FOR DISMISSAL, PLAINTIFF'S CLAIMS SHOULD BE DEEMED ABANDONED ................................................. 8

CONCLUSION ....................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Pages**

Anti-Monopoly, Inc. v. Hasbro, Inc.,
    958 F. Supp. 895 (S.D.N.Y.),
    aff'd, 130 F.3d 1101 (2d Cir. 1997),
    cert. denied, 525 U.S. 813 (1998)................................................................................8

Brown v. City of New York,
    13-CV-1018 (KBF), 2016 U.S. Dist. LEXIS 53365, 2016 WL 1611502
    (S.D.N.Y. Apr. 20, 2016)................................................................................................6

Curley v. Village of Suffern,
    268 F.3d 65 (2d Cir. 2001).............................................................................................4

Davenport v. City of New York,
    15-CV-5890 (MKB), 2017 U.S. Dist. LEXIS 160412,
    2017 WL 4356883 (E.D.N.Y. Sep. 28, 2017).................................................................5

Diaz v. City Univ. of New York,
    13-CV-2038 (PAC), 2014 U.S. Dist. LEXIS 184757, 2014 WL 10417871
    (S.D.N.Y. Nov. 7, 2014).................................................................................................3

Gaston v. City of New York,
    851 F. Supp. 2d 780 (S.D.N.Y. 2012)............................................................................5

Illinois v. Andreas,
    463 U.S. 765 (1983)......................................................................................................3

Johnson v. Constantellis,
    221 F. App'x 48 (2d Cir. 2007) .....................................................................................6

Keith v. City of New York,
    641 F. App'x 63 (2d Cir. 2016) .....................................................................................5

Kisela v. Hughes,
    138 S. Ct. 1148 (2018)...................................................................................................7

Krause v. Bennett,
    887 F.2d 362 (2d Cir. 1989)..........................................................................................4

Lee v. Sandberg,
    136 F.3d 94 (2d Cir. 1997)............................................................................................4

Lipton v. Cnty. of Orange,
    315 F. Supp. 2d 434 (S.D.N.Y. 2004)............................................................................8

**Cases**                                                                                          **Pages**

Lowth v. Town of Cheektowaga,
   82 F.3d 563 (2d Cir. 1996)......................................................................................5

Lynch v. Ackley,
   811 F.3d 569 (2d Cir. 2016)......................................................................................6

Malley v. Briggs,
   475 U.S. 335 (1986)..................................................................................................6

Manganiello v. City of New York,
   612 F.3d 149 (2d Cir. 2010)......................................................................................5

McIntosh v. City of New York,
   722 F. App'x 42 (2d Cir. 2018) .............................................................................4, 7

Monroe v. Myskowsky,
   12-CV-5513 (KPF), 2014 U.S. Dist. LEXIS 14933, 2014 WL 496872
   (S.D.N.Y. Feb. 6, 2014) .............................................................................................3

Nansaram v. City of New York,
   12-CV-5038 (NGG), 2015 U.S. Dist. LEXIS 124692, 2015 WL 5475496
   (E.D.N.Y. July 2, 2015) .............................................................................................7

Panetta v. Crowley,
   460 F.3d 388 (2d Cir. 2006)......................................................................................5

Pearson v. Callahan,
   555 U.S. 223 (2009)..................................................................................................6

Robinson v. Fischer,
   09 Civ. 8882 (LAK) (AJP), 2010 U.S. Dist. LEXIS 137660, 2010 WL
   5376204 (S.D.N.Y. Dec. 29, 2010)...........................................................................8

Saucier v. Katz,
   533 U.S. 194 (2001)..................................................................................................6

Savino v. City of New York,
   331 F.3d 63 (2d Cir. 2003)..................................................................................... 2-3

Singer v. Fulton County Sheriff,
   63 F.3d 110 (2d Cir. 1995)........................................................................................4

Smith v. City of New York,
   697 F. App'x 88 (2d Cir. 2017) ................................................................................3

**Cases**                                                                                                                    **Pages**

United States v. Colon,
   250 F.3d 130 (2d Cir. 2001)..................................................................................................3

Watkins v. Ruscitto,
   14 Civ. 7504 (AJP), 2016 U.S. Dist. LEXIS 89499, 2016 WL 378498
   (S.D.N.Y. July 11, 2016) ...............................................................................................2, 3, 7

White v. Pauly,
   137 S. Ct. 548 (2017) (per curiam) ........................................................................................7

**Statutes**

Fed. R. Civ. P. 12(b)(6)................................................................................................................10

**PRELIMINARY STATEMENT**

The greater part of plaintiff's opposition papers is a reiteration of the factual allegations set forth in the amended complaint ("AC") without any meaningful opposition to the points raised in defendants' moving papers. While plaintiff does focus on correcting what she contends are "misstatements" in defendants' moving papers, she misstates the only legal propositions set forth in her opposition. Specifically, plaintiff argues that police officers are not entitled to make an arrest based solely on another officer's conclusory statement that probable cause exists; yet that is precisely what the "fellow officer rule" allows officers to do. Beyond this contention, plaintiff fails to respond to any of the six arguments set forth in defendants' moving papers.

Had plaintiff simply failed to address the argument that probable cause existed for her arrest, that would be sufficient grounds for dismissal of her false arrest and malicious prosecution claims. But plaintiff's opposition not only lacks an argument on probable cause — it admits the very facts that gave rise to probable cause. Critically, plaintiff admits that her ex-boyfriend, Gang Liu, received a phone call in which — according to him — plaintiff threatened to kill him. Plaintiff admitted as much in her 50-h hearing. Plaintiff further admits in the AC that her breach of Mr. Liu's restraining order against her was the reason given for her arrest.

Since the existence of probable cause is a complete defense to both false arrest and malicious prosecution claims, plaintiff's admissions are fatal to her case. Additionally, plaintiff abandoned her other claims by failing to address the remainder of defendants' dispositive arguments. For these reasons and those set forth in defendants' moving papers, the AC should be dismissed with prejudice in its entirety.

## ARGUMENT

### POINT I

### PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS FAIL AS A MATTER OF LAW BECAUSE THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

**A.   Defendants had Probable Cause to Arrest Plaintiff**

Without citing to any authority, plaintiff mistakenly asserts that "Officers cannot make constitutionally lawful arrests on the basis of another officer's conclusory statement that there is probable cause." (Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at p. 4)  Plaintiff is wrong and, in fact, the fellow officer rule allows officers to do just that. See Watkins v. Ruscitto, 14 Civ. 7504 (AJP), 2016 U.S. Dist. LEXIS 89499, 2016 WL 378498, at *17 (S.D.N.Y. July 11, 2016) (pursuant to the fellow officer rule, two detectives were entitled to rely on another detective's determination that probable cause existed to arrest plaintiff). Additionally, it is reasonable for arresting officers to rely on an active Investigation Card ("I-Card") as signifying that the officer who activated it had already determined probable cause existed for an arrest. Id.  Plaintiff agrees. (Pl. Opp. at p. 4 (stating "it's possible that a police officer may act reasonably in relying [on] information from other law enforcement officers through [an] I-Card, even if he or she is not personally aware of the facts that provided the probable cause underlying the information she received")).  However, plaintiff contends that arresting officers cannot rely on an I-Card that concludes probable cause exists but omits the facts upon which that conclusion is based. Id.  Again, plaintiff is incorrect.

The fellow officer rule — also known as the collective knowledge doctrine — provides that when determining whether an arresting officer had probable cause to arrest, "'the knowledge of one is presumed shared by all.'"  Savino v. City of New York, 331 F.3d 63, 74 (2d

2

Cir. 2003) (quoting Illinois v. Andreas, 463 U.S. 765, 772 n.5 (1983)). Accordingly, "arresting officers *do not need to independently determine that probable cause exists* as long as the officer ordering the arrest possesses sufficient probable cause to direct it." Watkins, 2016 U.S. Dist. LEXIS 89499, 2016 WL 3748498, at *15 (emphasis added). The rationale behind this rule is that "police work requires officers to rely upon the truth of information provided by their colleagues." Id. at *16. Hence, "'an arrest is permissible where the actual arresting officer lacks the specific information to form the basis for probable cause but sufficient information to justify the arrest was known by other law enforcement officials initiating or involved with the investigation.'" Smith v. City of New York, 697 F. App'x 88, 89 (2d Cir. 2017) (internal ellipses omitted) (quoting United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001)).

Here, plaintiff admits that, on January 14, 2017, Police Officer Christopher Robley activated an I-card. (Pl. Opp. at p. 3) Plaintiff also admits that Mr. Liu is the complaining witness in her criminal case, a fact to which she cites directly in the AC. (See AC ¶ 71 n.2, and Exhibit A to Memorandum of Law in Support of Defendants' Motion to Dismiss) Plaintiff further admits that her arrest was ostensibly predicated on her breach of the restraining order against her prohibiting contact with Mr. Liu. (Id. ¶ 72) Therefore, plaintiff's criminal court record and the valid I-Card are integral to the AC, and the Court may consider both in deciding defendants' motion to dismiss. See Diaz v. City Univ. of New York, 13-CV-2038 (PAC), 2014 U.S. Dist. LEXIS 184757, 2014 WL 10417871, at *43 (S.D.N.Y. Nov. 7, 2014) (citations omitted) (noting that the court can consider "any documents that are 'integral' to the plaintiff's allegations even if not explicitly incorporated by reference"). Alternatively, the Court may take judicial notice of the criminal court record and the I-Card. See, e.g., Monroe v. Myskowsky, 12-CV-5513 (KPF), 2014 U.S. Dist. LEXIS 14933, 2014 WL 496872, at *2 & n.3 (S.D.N.Y. Feb. 6, 2014) (noting that "the Court may permissibly take judicial notice" of certain

3

matters of public record, including an arrest report and a certificate of disposition). As such, both the I-Card and plaintiff's breach of the restraining order prohibiting her from contact with Mr. Liu gave rise to probable cause for her arrest.

    **B.    The Complaining Victim's Statement Created Probable Cause for Plaintiff's Arrest**

When an officer receives information from a putative victim, probable cause exists "unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) (citing Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)). Absent such circumstances, "'[t]he veracity of citizen complaints who are the victims of the very crime they report to the police is assumed.'" McIntosh v. City of New York, 722 F. App'x 42, 44 (2d Cir. 2018) (quoting Lee v. Sandberg, 136 F.3d 94, 103 (2d Cir. 1997)). The Second Circuit has "found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." Curley, 268 F.3d at 70. And where there are conflicting accounts, officers' "'function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence.'" McIntosh, 722 F. App'x at 45 (quoting Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989)).

Here, plaintiff admits in her opposition papers that, "[o]n January 13, 2017, Gang Liu, [p]laintiff's ex-boyfriend and father of her child, received a phone call on a blocked phone number and the voice on the other line allegedly side [sic], in sum and substance, 'Give me my camera back or I will kill you'. Mr. Liu claimed the voice was [p]laintiff's." (Pl. Opp. at 3) Plaintiff also alleges her "'breach of restraining order' involving Mr. Liu was the supposed (though later dismissed) reason for her arrest." (AC ¶ 72) These admissions corroborate that, on January 31, 2018, there was probable cause for plaintiff's arrest based on the statement of a complaining victim.

4

Furthermore, plaintiff's allegation that Mr. Liu "has a long document[ed] history of mental illness and is extremely delusional" does not negate probable cause because plaintiff does not allege that defendants knew or had any reason to know of Mr. Liu's alleged mental illness. See Keith v. City of New York, 641 F. App'x 63, 65 (2d Cir. 2016); see also Davenport v. City of New York, 15-CV-5890 (MKB), 2017 U.S. Dist. LEXIS 160412, 2017 WL 4356883, at *18 (E.D.N.Y. Sep. 28, 2017) (explaining that, when deciding whether a putative victim's statement gave rise to probable cause to arrest, "the reviewing court 'must consider [only] those facts available to the officer at the time of the arrest and immediately before it'" (alterations in original) (quoting Stansbury v. Wertman, 721 F.3d 84, 89 (2d Cir. 2013))). See also Panetta v. Crowley, 460 F.3d 388, 395–96 (2d Cir. 2006) ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause"). Since defendants did not have any reason to doubt the veracity of the complaining victim in this case, probable cause still existed and plaintiff's false arrest claim fails as a matter of law.

**C.     Probable Cause Existed During and Between Plaintiff's Arrest and Prosecution**

Probable cause is also a complete defense to a malicious prosecution claim. Manganiello v. City of New York, 612 F.3d 149, 161–62 (2d Cir. 2010) (internal citations omitted). Where probable cause existed for the arrest, "a plaintiff pursuing a malicious prosecution claim must establish that probable cause somehow dissipated between the time of arrest and the commencement of the prosecution." Gaston v. City of New York, 851 F. Supp. 2d 780, 793 (S.D.N.Y. 2012) (citation and internal quotation marks omitted). "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996). Otherwise, probable cause that existed at the time of arrest "continues to exist at the time of

5

prosecution." Johnson v. Constantellis, 221 F. App'x 48, 50 (2d Cir. 2007) (internal quotation marks omitted).

As stated above, plaintiff admits her arrest was predicated on her violation of the restraining order issued against her precluding contact with Mr. Liu. (AC ¶ 72)  For this reason, as well as for those set forth in Points I.A–I.B, *supra*, probable cause existed for plaintiff's arrest. Moreover, plaintiff has not articulated any intervening facts that came to light between her arrest and prosecution that would obviate probable cause.  Therefore, probable cause also existed at the time of plaintiff's prosecution and her malicious prosecution claim fails as a matter of law.

## POINT II

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON ALL OF PLAINTIFF'S CLAIMS

Qualified immunity provides immunity from suit rather than just a defense to liability. See, e.g., Lynch v. Ackley, 811 F.3d 569, 576 (2d Cir. 2016) (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). That "benefit is effectively lost if a case is erroneously permitted to go to trial." Id. Therefore, it is necessary that "qualified immunity questions be resolved at the earliest possible stage of litigation." Saucier v. Katz, 533 U.S. 194, 201 (2001) (citation omitted).  The affirmative defense of qualified immunity sets a "high bar" for those seeking to challenge it, as the Supreme Court has firmly established that "qualified immunity 'gives ample room for mistaken judgments' and 'provides ample protection to all but the plainly incompetent or those who knowingly violate the law.'" Brown v. City of New York, 13-CV-1018 (KBF), 2016 U.S. Dist. LEXIS 53365, 2016 WL 1611502, at *17 (S.D.N.Y. Apr. 20, 2016) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

6

Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018) (quoting White v. Pauly, 137 S. Ct. 548, 551 (2017) (per curiam)) (alterations and internal quotation marks omitted).  The Supreme Court has held that "clearly established law should not be defined at a high level of generality" but rather "must be particularized to the facts of the case."  White, 137 S. Ct. at 552 (internal quotation marks and citations omitted).

As of January 31, 2018, there was no Supreme Court or Second Circuit law holding that it would be constitutionally impermissible for a police officer to arrest a suspect on the basis of (1) a complaining victim's statement that the suspect threatened his life, (2) the suspect's violation of an order of protection, and (3) the existence of an open I-card.  To the contrary, police officers may reasonably rely on a complaining victim's statement.  McIntosh, 722 F. App'x at 44.  Officers may also arrest a suspect based on a violation of an order of protection.  See Nansaram v. City of New York, 12-CV-5038 (NGG), 2015 U.S. Dist. LEXIS 124692, 2015 WL 5475496 (E.D.N.Y. July 2, 2015) (finding the existence of probable cause as a matter of law, and holding that plaintiff's "acknowledgment that an order of protection existed further corroborated [his wife's] allegations . . . which alone would be sufficient to establish probable cause for the arrest").  And arresting officers can rely on an I-card as the basis for probable cause.  Watkins, 2016 U.S. Dist. LEXIS 89499, 2016 WL 378498, at *17.  Thus, it was reasonable for defendants to rely on (1) Mr. Liu's complaining victim statement, (2) plaintiff's violation of Mr. Liu's order of protection against her, and (3) the I-Card as bases for arresting plaintiff.  Accordingly, defendants are entitled to qualified immunity on all of plaintiff's claims.

7

# POINT III

### TO THE EXTENT THAT PLAINTIFF FAILED TO ADDRESS DEFENDANTS' ARGUMENTS FOR DISMISSAL, PLAINTIFF'S CLAIMS SHOULD BE DEEMED ABANDONED

Plaintiff makes no attempt in her opposition to counter defendants' arguments that: (1) two sources of probable cause defeat plaintiff's false arrest claim; (2) plaintiff fails to state a claim for malicious prosecution; (3) defendants are entitled to qualified immunity; (4) plaintiff fails to advance any plausible theory of municipal liability; (5) plaintiff's state law claims fail as a matter of law; and (6) plaintiff fails to state a claim for a violation of her parental rights.  Plaintiff contends that she "does not intend to waive or forfeit any of [her] causes of action." (Pl. Opp. at 2)  But, in failing to address defendants' legal arguments, that is precisely what she did.

"Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim."  Robinson v. Fischer, 09 Civ. 8882 (LAK) (AJP), 2010 U.S. Dist. LEXIS 137660, 2010 WL 5376204, at *32 (S.D.N.Y. Dec. 29, 2010) (citing Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.")); see also Anti-Monopoly, Inc. v. Hasbro, Inc., 958 F. Supp. 895, 907 n.11 (S.D.N.Y.) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue . . . which provides an independent basis for dismissal."), aff'd, 130 F.3d 1101 (2d Cir. 1997), cert. denied, 525 U.S. 813 (1998).

Here, plaintiff's opposition largely focuses on clarifying or supplementing the facts alleged in the AC.  (See Pl. Opp., at pp. 2–6)  Plaintiff's only substantive legal arguments

8

are that: (1) the Court should liberally construe the operative complaint, (id. at p. 2), and (2) arresting officers cannot rely on an I-card card that concludes probable cause exists but omits the facts upon which that conclusion is based, (id. at p. 4).  Thus, at the very least, plaintiff does not challenge defendants' arguments that: (a) plaintiff cannot establish that defendants commenced or continued a criminal proceeding against her; (b) she cannot establish malice; (c) defendants are entitled to qualified immunity; (d) plaintiff fails to state a claim for municipal liability; (e) plaintiff's state law claims fail as a matter of law; and (f) plaintiff fails to state a claim for a violation of her parental rights.  Accordingly, the Court should find that plaintiff abandoned her federal and state claims for malicious prosecution and any potential claim for a violation of her parental rights.

## **CONCLUSION**

For all the reasons set forth in defendants' original moving papers and herein, defendants City DeNezzo, Febus, Wilshire, and Luperon respectfully request that the Court dismiss the Amended Complaint with prejudice and in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	March 23, 2021

JAMES E. JOHNSON
Corporation Counsel for the City of New York
*Attorney for Defendants City, DeNezzo, Febus, Wilshire, and Luperon*
100 Church Street
New York, NY 10007
(212) 356-3535

Christopher D. DeLuca
*Senior Counsel*
Special Federal Litigation Division

cc:	**BY ECF**
	Xiamin Zeng
	110 Columbia Street, Apt. 1A
	New York, NY 10002