Copy mailed to pro se party(ies)

at docket address



GEORGIA M. PESTANA
*Acting Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

CHRISTOPHER D. DELUCA
*Senior Counsel*
Phone: (212) 356-3535
Email: cdeLuca@law.nyc.gov

June 21, 2021

**BY ECF**
The Honorable John G. Koeltl
United States District Court - Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _6·22·21_

Re:   Xiamin Zeng v. City of New York, et al., 19-CV-3218 (JGK) (KGP)

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Detectives Danielle Febus, Gary DeNezzo, Inspector John Chell, Sgt. George Tavares, and POs Irwin Luperon and Erlene Wiltshire in the above-referenced matter.[1]  At this time, this Office does not represent PO Christopher Robley, whom plaintiff only first named as a defendant in the second amended complaint ("SAC").[2]  (Dkt. No. 68)[3]  Pursuant to Your Honor's Individual Rules of Practice, defendants respectfully request a pre-motion conference to discuss their intention to move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6).[4]

**I.     Factual and Procedural Background**

Plaintiff brings this *pro se* action against defendants alleging 42 U.S.C. § 1983 claims of false arrest, malicious prosecution, excessive force, denial of fair trial, denial of medical treatment, and abuse of criminal process, as well as state law claims of false arrest, malicious prosecution, excessive force, and *respondeat superior*.  Plaintiff alleges, *inter alia*, that, on

---

[1] This case has been assigned to ACC Jeffrey F. Frank, who was recently admitted to the New York State Bar and is in the process of applying for admission to the Bar of this Court.  Mr. Frank is handling this matter under my supervision and may be reached directly at (929) 930-0780 or jefrank@law.nyc.gov.

[2] Upon information and belief, PO Robley has not yet been served.

[3] For brevity, the SAC is referenced with the abbreviation "¶" followed by the relevant paragraph number(s).

[4] Defendants reserve the right to assert additional points in full briefing on this matter.

*The defendants may file a motion to dismiss without a pre-motion conference. The motion is due by July 16, 2021. The response is due August 13, 2021. The reply is due September 3, 2021.   So ordered.   John G. Koeltl / U.S.D.J.*

*6/22/21*

January 31, 2018, she was told by defendants to pick up her son at the Queens Child Abuse Squad, and, upon arriving, was detained, questioned, and transported to the 75th Precinct, where was again detained and questioned, all without probable cause.

## II.   Plaintiff Cannot Add PO Robley as a Defendant Because the Statute of Limitations has Expired

Plaintiff's time to name PO Robley as a defendant has expired. In New York, § 1983 actions are subject to a three-year statute of limitations. Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). Plaintiff's claims accrued on January 31, 2018 – the date of her arrest. (¶¶ 32–34) See Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (explaining that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action"). Plaintiff filed the SAC about five months later, on June 7, 2021. (Dkt. No. 68) New parties can only be added in the SAC if it relates back to the original complaint. See Fed. R. Civ. P. 15(c). An amended complaint must meet four criteria to relate back to the original complaint under Rule 15(c)(1)(C). The criterion relevant here is that any newly named defendant must have known that "but for a mistake of identity, the original action would have been brought against [him]." Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995)). Critically, however, "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." Ceara v. Deacon, 916 F.3d 208, 212 (2d Cir. 2019) (quoting Barrow, 66 F.3d at 470).

Neither of plaintiff's earlier pleadings name "John Doe" defendants. (See Dkt. Nos. 2, 43) Plaintiff is not substituting in PO Robley for an unidentified defendant, so she cannot claim her original action would have been brought against him but for a mistake of identity. Moreover, even if plaintiff had named a "John Doe" defendant, nothing in her earlier pleadings could have apprised PO Robley of her intention to name him as a defendant. See Cotto v. City of New York, 803 F. App'x 500, 503 (2d Cir. 2020) (quoting Hogan, 738 F.3d at 518) ("'[T]he lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity'' for the purposes of Rule 15(c)(1)(C)."). Plaintiff offers no explanation for her failure to name PO Robley in her earlier pleadings, and she cannot name him now.

## III.   Plaintiff's False Arrest and Malicious Prosecution Claims Fail to Show that Defendants Lacked Probable Cause to Arrest and Prosecute Plaintiff

The SAC fails to show that defendants lacked probable cause to arrest and prosecute plaintiff. Instead, plaintiff reiterates the same arguments that Your Honor rejected in the Order granting defendants' motion to dismiss the first amended complaint. (Dkt. No. 66) As Your Honor explained, "because the investigating officers who issued the Complaint Report and the Activate Investigation Card had sufficient information to determine that there was probable cause to arrest, it is immaterial that the Activate Investigation Card did not include the facts supporting probable cause." (Id.) As the SAC contains no new allegations showing otherwise, defendants had probable cause for the arrest and concomitant prosecution. Thus, plaintiff's federal and state claims for false arrest and malicious prosecution should all be dismissed. See Bullard v. City of New York., 240 F. Supp. 2d 292, 297 (S.D.N.Y. 2003) (explaining probable cause is a complete defense to claims for both false arrest and malicious prosecution).

### IV.     The SAC Fails to State a Claim for Excessive Force

The SAC fails to state a claim for excessive force based on tight handcuffing.  On such claims, the Second Circuit looks to whether the arrestee complains about the tightness of her handcuffs "as a significant factor, if not a prerequisite to liability."  Cugini v. City of New York, 941 F.3d 604, 616 (2d Cir. 2019).  Here, the SAC mentions "tight handcuffs" thrice but does not allege that plaintiff complained to defendants or suffered any injuries to her wrists.  (See ¶¶ 70, 152, 168)  Thus, plaintiff's excessive force claims based on tight handcuffing fail.

Plaintiff's new allegation that she was "violently dragged" is also insufficient to state an excessive force claim.   This Court has found more specific and serious allegations insufficient.  Recently, this Court held an allegation that a defendant sprayed a chemical in a plaintiff's face inadequate to state an excessive force claim because plaintiff did not provide "any additional information about the chemical sprayed, the context in which it was sprayed, or whether the chemical caused Plaintiff injury."  Shepard v. Kelly, 2021 U.S. Dist. LEXIS 78337, at **12–13 (S.D.N.Y. Apr. 23, 2021).  The Shepard Court also held allegations that a defendant grabbed plaintiff's arm and punched plaintiff in the back of the head insufficient because plaintiff failed to allege any injury.  Id. at *13.  Here, plaintiff does not in any way elaborate on the amended allegation that "Detective Febus and Officer Wiltshire violently dragged and transported [her] from Queens Boulevard to the 75th Precinct."  (See ¶ 52)  Unlike the plaintiff in Shepard, who alleged particular body parts had been injured (but whose claim was still dismissed), plaintiff here fails to claim that she sustained any particular injuries due to allegedly being violently dragged.  Without more factual detail on how she was "violently dragged" and what injuries it caused, plaintiff fails to state federal or state claims for excessive force.

### V.     The SAC Lacks Factual Support for the Denial of Fair Trial, Abuse of Criminal Process, Denial of Medical Treatment, and *Respondeat Superior* Claims

Plaintiff's denial of fair trial, abuse of criminal process, denial of medical treatment, and *respondeat superior* claims fail because the SAC is devoid of supporting facts.  On a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As plaintiff offers only conclusory statements and threadbare recitals of the elements for each of the four abovementioned causes of action, (see ¶¶ 194–218), the Court should dismiss those four claims.

### VI.     Defendants are Entitled to Qualified Immunity

Even if probable cause did not exist, defendants would still be entitled to qualified immunity because there was arguable probable cause.  "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010) (citation omitted).

### VII.     Conclusion

On these grounds, defendants respectfully submit that there is a good faith basis to move to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(6) and respectfully request that the Court schedule a pre-motion conference.

Thank you for your time and consideration in this regard.

Respectfully submitted,

Christopher D. DeLuca
*Senior Counsel*
Special Federal Litigation

cc:     Xiamin Zeng, *Plaintiff Pro Se* (via ECF)