UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG a/k/a "AIMEE ZANE,"

        Plaintiff,

*vs.*

THE CITY OF NEW YORK, DETECTIVE DANIELLE FEBUS [RANK FY20000], INSPECTOR JOHN CHELL, DETECTIVE GARY DENEZZO [RANK FY20000], SERGEANT GEORGE TAVARES (#5354), POLICE OFFICER IRWIN LUPERON (SHIELD NO #27763), and POLICE OFFICER ERLENEWILTSHIRE (SHIELD NO. #24340), *both their individual and professional capacities*,

        Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**19-CV-3218-JGK-KHP**

## INTRODUCTION[1]

Plaintiff, Xiamin Zeng, requests that the Court deny the Defendant's motion to dismiss. In the alternative, Plaintiff requests that the Court grant Plaintiff leave to amend Plaintiff's complaint to address any deficiencies identified by the Court. *Nielsen*, 746 F.3d at 62. ("Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim. A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (internal quotation marks and citation omitted).

---

[1] Portions of this document were prepared with the assistance of the NYLAG Clinic for Pro Se Litigants.

1

In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court may do with pro se litigants. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

Plaintiff brings this action for compensatory damages and other fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, namely, false arrest and subsequent malicious prosecution on or around January 31, 2018. In Defendants' brief in support of the motion to dismiss, six arguments were made: (1) plaintiff cannot name a new defendant because the statute of limitations has expired; (2) defendants had probable cause to arrest plaintiff; (3) plaintiff fails to establish the requisite elements for a malicious prosecution claim; (4) plaintiff fails to plead facts sufficient to support 1983 or state law claims for excessive force; (5) plaintiff fails to state an abuse of criminal process claim; (6) plaintiff fails to state a 1983 claim for denial of fair trial; (7) plaintiff fails to state a 1983 claim for denial of medical treatment; (8) defendants are entitled to qualified immunity; and (9) plaintiff fails to state a claim for malicious prosecution.

## FACTS

Plaintiff notes that the Court has the operative complaint which sets out the relevant facts. Plaintiff refrains from unnecessarily re-stating those same facts here. However, Plaintiff notes that the memorandum of law in support of the motion to dismiss misstates the allegations in the complaint. To ensure clarity, Plaintiff notes the following misstatements and omissions in the memorandum of law.

1. Misstatement: Plaintiff cannot name a new defendant because the statute of limitations has expired

    a. Correction: On January 31, 2018, Plaintiff was arrested for the I-Card activation by New Defendant Officer Christopher Robley. The case is ongoing and Plaintiff later learned that New Defendant Officer Robley was involved in this accident. Defendant never told Plaintiff and Plaintiff's English is limited

2. Misstatement: Defendants had probable cause to arrest plaintiff. On January 14, 2017. The NYPD activated an I-Card for Plaintiff's arrest. Pursuant to that I-Card, plaintiff was "[s]ought as perpetrator – probable cause to arrest," for a violation for PL 215.51.

    a. Correction: In the I-Card activated by Officer Christopher Robley, in the portion labeled "summary of investigation," –where officers are supposed to describe the facts out of which there is probable cause of a crime–simply states: "On January 14, 2017, at approximately 900 hours I activated an I-Card on suspect Zeng, Xiamin." There was no mention of details of the victim report or follow-up investigation. There were

       simply no facts in the I-Card from which Officers who made the arrest could have had a probable cause. There were no facts or circumstances, just the conclusion of probable cause. Officers cannot make constitutionally lawful arrests on the basis of another officer's conclusory statement that there is probable cause.

3. Misstatement: On January 14, 2017, the NYPD activated an I-Card for Plaintiff's arrest. Pursuant to that I-Card, plaintiff was "[s]ought as perpetrator – probable cause to arrest," for a violation for PL 215.51.

    a. Correction: In the I-Card activated by Officer Christopher Robley, in the portion labeled "summary of investigation."

4. Misstatement: Plaintiff fails to plead facts sufficient to support 1983 or state law claims for excessive force.

    a. Correction: On January 31, 2018, Plaintiff suffered injuries from tight handcuffs and forced search, Detective Febus and Officer Erlene Wiltshire pressed her head against the wall, violently pushed and pulled her into the police car, and was taken away her scarf and stood outside in the cold weather for a long time. Plaintiff was kept tightly handcuffed and locked in a room with thin air by Inspector John Chell too. Plaintiff was not given water, food and restroom for a long time. Plaintiff started to experience a headache, cold and difficulty breathing, whole body aches and bruises, especially deep red marks on the wrists. Detective Febus, Officer Erlene Wiltshire, and Inspector John Chell repeated rejected Plaintiff's request to see her doctor for those unbearable injuries. After that, Plaintiff continued to have headaches, fever

and induced asthma and started to develop severe soreness in her arms, neck and back requiring physical therapy, PTSD, and generalized anxiety. From January 18 to January 30, 2018, Defendants repeatedly harassed, force kicked and broke the door of Plaintiff and her neighbors many times in the midnight caused her headaches, dizziness, fear, insomnia, serious generalized anxiety, and PTSD.

5. Misstatement: Plaintiff fails to state an abuse of criminal process claim.

    a. Correction: Defendants never gave an arrest warrant to Plaintiff, and never read Plaintiff her Miranda rights. Defendants rejected Plaintiff to see her lawyer, translator, and doctor. Detective Febus, Officer Erlene Wiltshire, and Inspector John Chell threatened Plaintiff to dismiss lawsuit 17-cv-9988 against ACS.

6. Misstatement: Plaintiff fails to state a 1983 claim for denial of fair trial.

    a. Correction: The denial of a fair trial claim is a stand-alone cause of action which should not have been dismissed prior to the conclusion of plaintiff's case in chief.

7. Misstatement: Plaintiff fails to state a 1983 claim for denial of medical treatment.

    a. Correction: Plaintiff had a serious medical need and defendants knew that plaintiff faced a substantial risk of serious harm if her medical need went untreated. Plaintiff was harmed and defendants' conduct was a substantial factor in causing plaintiff's harm.

8. Misstatement: Defendants are entitled to qualified immunity. On January 18, 2018, Plaintiff initiated an ACS investigating by calling the "NYS Child Abuse Hotline." As part of that investigation, two ACS employees went to plaintiff's home for a visit.

   a. Correction: On January 18, 2018, Plaintiff contacted the New York State Child Abuse Hotline to inquire about the status of her ongoing case. The Hotline provided Plaintiff with no information whatsoever. Instead, two ACS employees, under the direction of ACS/CPS Case Manager Diego Adrianzen, visited Plaintiff later that night. During the meeting, the ACS employees did not investigate or discuss any potential harm to Plaintiff's son. Between January 19 and January 30, 2018, Mr. Adrianzen and Daniel Febus, an NYPD Detective, threatened and intimidated Plaintiff, her neighbors, her son, and her son's school associates at Plaintiff's home and at her son's school. There was no investigation following Plaintiff's call and the purpose of the visit was to dissuade Plaintiff from continuing her suit against ACS.

## ARGUMENT

Here, the defendants have raised various arguments against the causes of action Plaintiff alleged under federal and state law. Plaintiff asks the Court to construe the complaint liberally in considering its ruling. Plaintiff does not intend to waive or forfeit any of Plaintiff's causes of action.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss.

In the alternative, Plaintiff requests that the Court grant Plaintiff leave to amend Plaintiff's complaint to address any deficiencies identified by the Court, and any other relief this Court deems just and proper.

Dated: 8/26/2021

By: _____
XIAMIN ZENG
Plaintiff *Pro Se*
110 Columbia Street, Apt 1A
New York, NY 10002
E: amyzane77@gmail.com

To:   VIA E-MAIL
Jeffery Frank
*Attorney for Defendants*
New York City Law Department
100 Church Street,
New York, New York 10007