Docket No.  19 CV 3218 (JGK) (KHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG *a/k/a* "AIMEE ZANE,"

                                                              Plaintiff,

- against -

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY2000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY2000],
SERGEANT GEORGE TAVERES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO. 27763),
POLICE OFFICER ERLENE WILTSHIRE (SHIELD
NO. #24340), *and* POLICE OFFICER CHRISTOPHER
ROBLEY (#23263), *both in their individual and
professional capacities,*

                                                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION TO
DISMISS THE SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(B)(6)**

***GEORGIA M. PESTANA***
*Corporation Counsel of the City of New York*
      *Attorney for Defendants City of New York,*
      *Gary DeNezzo, Danielle Febus, Erlene*
      *Wiltshire, and Irwin Luperon*

      *100 Church Street*
      *New York, N.Y. 10007*

      *Of Counsel: Jeffrey F. Frank*
      *Tel: (212) 356-3541*
      *Matter No. 2019-032836*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

           PLAINTIFF HAS NOT ESTABLISHED ANY
           REASON WHY THE STATUTE OF
           LIMITATIONS DOES NOT BAR HER ATTEMPT
           TO NAME A NEW DEFENDANT ......................................................... 2

      POINT II

           PLAINTIFF HAS NOT SHOWN THAT THERE
           WAS NO PROBABLE CAUSE FOR HER
           ARREST AND PROSECUTION .............................................................. 3

      POINT III

           PLAINTIFF FAILS TO PLEAD FACTS TO
           SUPPORT CLAIMS FOR EXCESSIVE FORCE
           AND DENIAL OF MEDICAL TREATMENT ........................................ 4

           A. The Court Should Not Consider New Facts
              Raised in Plaintiff's Opposition .......................................................... 4

           B. Even Considering the New Facts in Plaintiff's
              Opposition, Plaintiff Fails to State Claims for
              Excessive Force and Denial of Medical
              Treatment ............................................................................................ 5

              1. Tight Handcuffing ......................................................................... 5

              2. Other Force Allegations ................................................................ 5

              3. Denial of Medical Treatment ........................................................ 7

**Page**

POINT IV

      THE COURT SHOULD DENY PLAINTIFF
      LEAVE TO AMEND HER COMPLAINT .................................................7

      A.  Granting Plaintiff Leave to File a Third Amended
           Complaint would be Futile, and Plaintiff has
           Failed to Cure Deficiencies in Prior Amendments
            ......................................................................................7

      B.  Granting Plaintiff Leave to File a Fourth Iteration
           of her Complaint would Cause Undue Prejudice .................................8

POINT V

      TO THE EXTENT PLAINTIFF FAILED TO
      ADDRESS DEFENDANTS' ARGUMENTS FOR
      DISMISSAL, PLAINTIFF'S CLAIMS SHOULD
      BE DEEMED ABANDONED.................................................................9

CONCLUSION.................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Pages**

Adkins v. City of New York,
    143 F. Supp. 3d 134 (S.D.N.Y. 2015) ...............................................................................5–6

Barrett v. City of Newburgh,
    720 F. App'x 29 (2d Cir. 2017) ..........................................................................................3

Cooper v. Marrero,
    11-CV-9260-PAE, 2013 U.S. Dist. LEXIS 82074
    (S.D.N.Y. June 11, 2013) ...................................................................................................6

D'Alessandro v. City of New York,
    713 F. App'x 1 (2d Cir. 2017) ...........................................................................................4

George v. Pathways to Hous., Inc.,
    10-CV-9505-ER, 2012 U.S. Dist. LEXIS 91014
    (S.D.N.Y. June 29, 2012) ...................................................................................................8

Grytsyk v. Morales,
    19-CV-3470-JMF, 2021 U.S. Dist. LEXIS 54642
    (S.D.N.Y. Mar. 22, 2021) ...................................................................................................5

Johnson v. City of New York,
    669 F. Supp. 2d 444 (S.D.N.Y. 2009) ...............................................................................9

Karuppasamy v. U.S.C.I.S.,
    20-CV-7823-ER, 2021 U.S. Dist. LEXIS 153357
    (S.D.N.Y. Aug. 13, 2021) ...................................................................................................4

United States ex rel. Ladas v. Exelis, Inc.,
    824 F.3d 16 (2d Cir. 2016) .................................................................................................7

Lewis v. Huebner,
    17-CV-8101-KMK, 2020 U.S. Dist. LEXIS 47200
    (S.D.N.Y. Mar. 16, 2020) ...................................................................................................6

Melvin v. Cty. of Westchester,
    14-CV-2995-KMK, 2016 U.S. Dist. LEXIS 41120
    (S.D.N.Y. Mar. 29, 2016) ...................................................................................................7

Nielsen v. Rabin,
    746 F.3d 58 (2d Cir. 2014) .............................................................................................7–8

**<u>Cases</u>**                                                                                                **<u>Pages</u>**

<u>Ruotolo v. City of New York</u>,
    514 F.3d 184 (2d Cir. 2008) ...................................................................8

<u>Shepard v. Kelly</u>,
    19-CV-0669-NSR, 2021 U.S. Dist. LEXIS 78337
    (S.D.N.Y. Apr. 23, 2021) ...................................................................6

<u>United States v. Walsh</u>,
    194 F.3d 37 (2d Cir. 1999) ...................................................................6

<u>Walker v. Schult</u>,
    717 F.3d 119 (2d Cir. 2013) ...................................................................4

**<u>Statutes</u>**

Fed. R. Civ. P. 12(b)(6) ...................................................................4

Fed. R. Civ. P. 15(c)(1)(A) ...................................................................3

N.Y. C.P.L.R. § 1024 ...................................................................3

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to counter the legal arguments set forth in defendants' moving papers. Plaintiff argues that police officers are not entitled to make an arrest based solely on another officer's statement that probable cause exists. But the Court has already rejected that argument. Other than this, plaintiff's opposition focuses on either correcting what plaintiff contends are "misstatements" in defendants' moving papers or alleging new facts. Plaintiff may not interject new facts that have not been pled in the Second Amended Complaint ("SAC"). In any event, none of the new facts refute this Court's prior holding that defendants had probable cause to arrest and prosecute plaintiff. Plaintiff makes no attempt to counter defendants' arguments for dismissal of her denial of fair trial, abuse of criminal process, and *respondeat superior* claims. Hence, plaintiff abandoned those claims.

In addition, the Court should reject plaintiff's request to amend the complaint further to add new facts. Plaintiff has had three opportunities to plead her claims, including after a prior motion to dismiss and this Court's Order dismissing the First Amended Complaint ("FAC"). (Docket Entry Nos. ("DE") 2, 43, 68). Allowing yet another amendment would be wasteful and prejudicial.

For these reasons and those set forth in defendants' moving papers, the SAC should be dismissed with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS NOT ESTABLISHED ANY
REASON WHY THE STATUTE OF
LIMITATIONS DOES NOT BAR HER
ATTEMPT TO NAME A NEW DEFENDANT**

Plaintiff fails to offer any reason why the statute of limitations does not bar her attempt to sue Officer Robley.  (See Memorandum of Law in Support of Defendants' Motion to Dismiss (DE 76) ("Def. Mem.") at 4–5)  Plaintiff filed the SAC on June 7, 2021 (DE 68), about five months after the limitations period ran out for the now-expired claims.  (Id.)  As a reason for the delay, plaintiff states that "Plaintiff later learned that New Defendant Officer Robley was involved in this accident.  Defendant never told Plaintiff and Plaintiff's English is limited." (Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at 3)

This is not so.  Defendants made plaintiff aware of Officer Robley's involvement well before the limitations periods ran out for the now-expired claims.  On November 22, 2019, defendants produced the Active Investigation Card for Complaint No. 2017-075-00627 ("I-Card"), as part of defendants' Third Supplemental Disclosures.  (See Defendants' Third Supplemental Disclosures, annexed to Declaration of Jeffrey F. Frank, dated October 1, 2021, as Exhibit "H")  Officer Robley prepared the I-Card, and it contains his name.  (See SAC at p. 43, Exhibit "B," DE 68)  On April 27, 2020, the Court issued a scheduling order allowing plaintiff until May 31, 2020 to join additional parties.  (DE 39)  On May 21, 2020, plaintiff requested an extension of that deadline to June 30, 2020.  (DE 40)  On July 9, 2020, plaintiff filed the FAC, without naming Officer Robley.  (DE 43)

Plaintiff has a duty to exercise reasonable diligence in investigating the matter and adding defendants.  See Barrett v. City of Newburgh, 720 F. App'x 29, 32–33 (2d Cir. 2017) (explaining, in the context of relation back under Fed. R. Civ. P. 15(c)(1)(A), looking to N.Y. C.P.L.R. § 1024, that "[t]he onus of identifying an officer defendant's name, or at least making a good faith effort, lies on the plaintiff").  Despite having ample time and the information needed to name Officer Robley, plaintiff chose not to.  Accordingly, plaintiff cannot belatedly add Officer Robley as a defendant.

### POINT II

### PLAINTIFF HAS NOT SHOWN THAT THERE WAS NO PROBABLE CAUSE FOR HER ARREST AND PROSECUTION

This Court has already held defendants had probable cause to arrest and prosecute plaintiff.  (Mem. Op. & Order dated May 7, 2021, DE 66 ("May Order") at 8, 11)  Neither the SAC nor plaintiff's opposition allege any new facts that warrant disturbing those holdings. Instead, both reiterate the same argument this Court already rejected: that officers were not entitled to rely on the I-Card because it did not include facts supporting probable cause.  (See SAC ¶¶ at 87–95); (Pl. Opp. at 3–4).  But, as Your Honor explained, "it is immaterial that the Activate Investigation Card did not include the facts supporting probable cause."  (May Order at 10).  This is "because the investigating officers who issued the Complaint Report and the Activate Investigation Card had sufficient information to determine that there was probable cause to arrest." (Id. at 9–10).  That information included (1) a complaining victim's statement that plaintiff threatened to kill him, and (2) that plaintiff violated a valid order of protection which the complainant had against plaintiff.  (Id. at 9)  Accordingly, the Court should again dismiss plaintiff's false arrest claims because defendants had probable cause.

Because the probable cause supporting plaintiff's arrest was not vitiated before plaintiff's prosecution, (May Order at 11), plaintiff again fails to state claims for malicious prosecution, (Def. Mem. at 12)  Because she cannot show defendants lacked probable cause, as before, plaintiff also fails to adequately allege malice.  (See May Order at 11); (Def. Mem. at 12–13).  Accordingly, the malicious prosecution claims should again be dismissed.

### POINT III

### PLAINTIFF FAILS TO PLEAD FACTS TO SUPPORT CLAIMS FOR EXCESSIVE FORCE AND DENIAL OF MEDICAL TREATMENT

#### A.    The Court Should Not Consider New Facts Raised in Plaintiff's Opposition

The Court should not consider new facts raised in plaintiff's opposition.  Generally, "a party is not entitled to amend its complaint through statements made in motion papers." D'Alessandro v. City of New York, 713 F. App'x 1, 11 n.12 (2d Cir. 2017) (internal quotation marks omitted) (disregarding plaintiff's allegations in his opposition to a motion to dismiss about prior court cases establishing a pattern of prosecutorial misconduct, and finding plaintiff's allegations in the complaint insufficient to plead a "failure to train" claim).  That is because courts "test the sufficiency of *a complaint* in response to a Rule 12(b)(6) motion to dismiss."  Id. (emphasis in original).  Of course, "'[a] district court deciding a motion to dismiss *may* consider factual allegations made by a *pro se* party in [her] papers opposing the motion.'"  Karuppasamy v. U.S.C.I.S., 20-CV-7823-ER, 2021 U.S. Dist. LEXIS 153357, at *8 (S.D.N.Y. Aug. 13, 2021) (emphasis in original) (quoting Walker v. Schult, 717 F.3d 119, 122 n.1 (2d Cir. 2013)) (dismissing *pro se* plaintiff's complaint and denying leave to amend to include new facts due to futility).  But the Court should not extend its discretion to do so here.  Despite having filed three iterations of the complaint, plaintiff's new facts bearing on her excessive force and denial of medical treatment

claims still do not appear in any of her pleadings.[1]  Given plaintiff's ample prior opportunities to amend the pleadings, including after a motion to dismiss and an order dismissing the complaint, the Court should exercise its discretion to disregard plaintiff's new allegations for purposes of the instant motion.

### B.   Even Considering the New Facts in Plaintiff's Opposition, Plaintiff Fails to State Claims for Excessive Force and Denial of Medical Treatment

#### 1.   Tight Handcuffing

"[C]laims of excessive force are not established by allegations that overly tight handcuffs caused minor, temporary injuries." Grytsyk v. Morales, 19-CV-3470-JMF, 2021 U.S. Dist. LEXIS 54642, at *29–30 (S.D.N.Y. Mar. 22, 2021).  Here, plaintiff newly alleges that she experienced bruises and deep red marks on her wrists and, liberally construed, that plaintiff specifically requested to see her doctor regarding those injuries during her arrest.  (Pl. Opp. at 4)  Notably, however, in plaintiff's description of injuries she continued to experience after her arrest, she lists her arms, neck, and back — not her wrists.  Thus, plaintiff alleges no harm to her wrists that was more than temporary, and therefore plaintiff still fails to plead an excessive force claim based on tight handcuffing.

#### 2.   Other Force Allegations

Plaintiff's allegations concerning lack of food, water, and access to a restroom are insufficient to state excessive force claims.  See Adkins v. City of New York, 143 F. Supp. 3d 134,

---

[1] With the exception of the allegations that plaintiff was tightly handcuffed and suffered injuries including fever, dizzy spells, anxiety, and post-traumatic stress disorder, (SAC at ¶¶ 84, 70, 154, 168), all of the allegations in plaintiff's opposition in support of her excessive force and denial of medical treatment claims did not appear in any prior pleading.  (See Pl. Opp. at 4–5)

137 (S.D.N.Y. 2015) ("Although his detention was uncomfortable, plaintiff . . . was denied food for a relatively brief period and suffered no lasting injury as a result."); Cooper v. Marrero, 11-CV-9260-PAE, 2013 U.S. Dist. LEXIS 82074, at *11 (S.D.N.Y. June 11, 2013) (holding "temporary deprivation of the right to use the toilet, absent serious physical harm or serious risk of contamination, does not rise to the level of an objective constitutional violation.").

The other new allegations in plaintiff's opposition also fail to state plausible excessive force claims.  Plaintiff's opposition — but not the SAC — asserts that defendants pressed her head against the wall, pushed and pulled her into the police car, and had her stand outside in the cold for a long time.  (Pl. Opp. at 4)  As noted above, these assertions should be disregarded by the Court because they do not appear in any pleading.  But in any event, they do not state a claim because, without more, they constitute *de minimis* force that is permissible as a matter of law.  "[C]laims for excessive force under the Fourteenth Amendment must involve force that is either 'more than *de minimis*' or 'repugnant to the conscience of mankind.'"  Lewis v. Huebner, 17-CV-8101-KMK, 2020 U.S. Dist. LEXIS 47200, at *13 (S.D.N.Y. Mar. 16, 2020) (quoting United States v. Walsh, 194 F.3d 37, 48 (2d Cir. 1999)) (dismissing claim against defendant who slapped plaintiff, but declining to dismiss claim against defendant who initiated altercation with plaintiff and had prior history of altercations with plaintiff).  Here, the SAC fails to state excessive force claims because plaintiff did not allege that any injuries resulted, (Def. Mem. 13–16), and the new allegations in plaintiff's opposition constitute *de minimis* force.

Furthermore, "[a] court liberally construing a *pro se* complaint is not required to rewrite it or ignore the lack of an element essential to an entitlement to relief."  Shepard v. Kelly, 19-CV-0669-NSR, 2021 U.S. Dist. LEXIS 78337, at *4 (S.D.N.Y. Apr. 23, 2021)  To avoid dismissal, a *pro se* plaintiff must still allege some facts illustrating the context in which force was

used.  (See Def. Mem. at 15–16)  Plaintiff here says nothing to suggest that, in context, the minimal

force alleged was excessive.  Accordingly, as plaintiff's SAC and opposition still fail to state

plausible claims for excessive force, those claims should be dismissed.

### 3.  Denial of Medical Treatment

Plaintiff fails to state a denial of medical treatment claim because her new

allegations concerning the seriousness of her injury remain conclusory.  (See Pl. Opp. at 5).

Therefore, that claim should also be dismissed.

## POINT IV

## THE  COURT  SHOULD  DENY  PLAINTIFF
## LEAVE TO AMEND HER COMPLAINT

The Court should not grant plaintiff a fourth bite at the apple when her first three

have already proven fruitless.  See Melvin v. Cty. of Westchester, 14-CV-2995-KMK, 2016 U.S.

Dist. LEXIS 41120, at *80 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with

prejudice where the plaintiff "already had two bites at the apple, and they have proven fruitless"

(alterations and internal quotation marks omitted)).  "A district court has broad discretion in

determining whether to grant leave to amend."  United States ex rel. Ladas v. Exelis, Inc., 824 F.3d

16, 28 (2d Cir. 2016).  A motion to amend may be denied due to: (1) futility of the amendment,

(2) undue prejudice to the non-moving party, (3) bad faith or dilatory motive, (4) repeated failure

to cure deficiencies by previous amendments, or (5) undue delay.  Id.

### A.  Granting Plaintiff Leave to File a Third Amended Complaint would be Futile,
### and Plaintiff has Failed to Cure Deficiencies in Prior Amendments

As plaintiff notes, "'[a] pro se complaint should not be dismissed without the Court

granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated.'"  (Pl. Opp. at 1) (quoting Nielsen v. Rabin, 746 F.3d 58, 62 (2d

Cir. 2014)).  "However, leave to amend a complaint may be denied when amendment would be

futile." <u>Nielsen</u>, 746 F.3d at 62.  "An amendment is considered futile where the plaintiff is unable to demonstrate that [s]he would be able to cure the defects in a manner that would survive a motion to dismiss." <u>George v. Pathways to Hous., Inc.</u>, 10-CV-9505-ER, 2012 U.S. Dist. LEXIS 91014, at *21 (S.D.N.Y. June 29, 2012) (denying *pro se* plaintiff leave to amend where plaintiff had already amended twice).

In comparing the FAC, SAC, and the new assertions in plaintiff's oppositions to both of defendants' motions to dismiss, it is apparent that allowing further amendment would be futile.  This Court has held that defendants had probable cause to arrest and prosecute plaintiff, and that "it is immaterial that the Activate Investigation Card did not include the facts supporting probable cause."  (May Order at 8, 10, 11).  Nevertheless, both plaintiff's SAC and opposition advance the same, previously-rejected argument: that officers were not entitled to rely on the I-Card because it did not include facts supporting probable cause.  (SAC ¶¶ at 87–95); (Pl. Opp. at 3–4).  Also, as set forth above, plaintiff's new excessive force allegations — mysteriously appearing for the first time at this late date — are likewise insufficient.

Accordingly, plaintiff has had sufficient opportunity to amend her complaint and has proposed nothing new in support of her claims.

**B.    Granting Plaintiff Leave to File a Fourth Iteration of her Complaint would Cause Undue Prejudice**

"In gauging prejudice, [courts] consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"  <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 192 (2d Cir. 2008); <u>see also</u> <u>George</u>, 10-CV-9505-ER, at *23 ("[A]llowing Plaintiff to amend his Complaint for a third time would be unduly prejudicial to Defendants who have already expended significant time and resources to brief the instant motions

to dismiss the Second Amended Complaint."); <u>Johnson v. City of New York</u>, 669 F. Supp. 2d 444, 453 (S.D.N.Y. 2009) (denying plaintiff leave to add a defendant because "allowing the amendment would be unduly prejudicial to defendants who have already had to refile and rebrief their motion to dismiss once to accommodate [plaintiff's] last amendment").  In light of the time and resources defendants have expended on this case, allowing plaintiff a fourth bite at the proverbial apple would be unduly prejudicial.  Accordingly, the Court should dismiss the SAC without granting leave to amend.

<b><u>POINT V</u></b>

<b>TO THE EXTENT PLAINTIFF FAILED TO<br>ADDRESS DEFENDANTS' ARGUMENTS FOR<br>DISMISSAL, PLAINTIFF'S CLAIMS SHOULD<br>BE DEEMED ABANDONED</b>

All of plaintiff's claims except those for false arrest and malicious prosecution should be deemed abandoned because her opposition advances no substantive legal arguments regarding any other claims.  Plaintiff's only substantive legal argument is that the arresting officers cannot rely on an I-Card that concludes probable cause exists but omits the facts upon which that conclusion is based.  (Pl. Opp. at 4).  In addition to this, plaintiff attempts to add new facts in support of her excessive force and denial of medical treatment claims but makes no arguments pertinent to any other of her claims: denial of fair trial, abuse of criminal process, and *respondeat superior*.

Plaintiff contends that she "does not intend to waive or forfeit any of [her] causes of action."  (<u>Id.</u> at 6)  But, in failing to address defendants' arguments on most of her claims, that is precisely what she did.  Accordingly, the Court should dismiss those claims.

9

## **CONCLUSION**

For the foregoing reasons and those set forth in defendants' moving papers, defendants request that the Court dismiss the SAC in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             October 1, 2021

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Gary DeNezzo, Danielle Febus, Erlene Wiltshire, and Irwin Luperon*
100 Church Street
New York, New York 10007
(212) 356-3541

_____
Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    **BY ECF**
       Xiamin Zeng
       Plaintiff *Pro Se*
       110 Columbia Street, Apt. 1A
       New York, New York 10002