UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

XIAMIN ZENG,

                                     Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY20000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY20000],
SERGEANT GEORGE TAVARES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO #27763),
POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO.
#24340),and POLICE OFFICER CHRISTOPHER ROBLEY
(#23263), in both their individual and professional capacities,

                                     Defendants.
-------------------------------------------------------------------------x

**ANSWER TO THE SECOND AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, DETECTIVE DANIELLE FEBUS, AND POLICE OFFICER ERLENE WILTSHIRE**

19 Civ. 3218 (JGK) (KHP)

Jury Trial Demanded

      Defendants City of New York ("City"), Detective Danielle Febus, and Police Officer Erlene Wiltshire, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the second amended complaint, respectfully allege, upon information and belief, as follows:[1]

      1.      State that paragraph "1" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a

---

[1] In the Memorandum Opinion and Order, dated March 1, 2022 (Docket Entry No. 84), the Court dismissed all claims against Detective Gary DeNezzo, Sergeant George Tavares, and Police Officer Irwin Luperon.  Furthermore, this Office does not represent Inspector John Chell, Sergeant George Tavares, or Police Officer Christopher Robley; upon information and belief, service of process upon those three defendants was either insufficient or untimely under Fed. R. Civ. P. 4(m).  (*See* Docket Entry Nos. 14–15) (showing Marshal's Process Receipt and Return of Service Unexecuted as to "George Tavarez" and John Chell, respectively); (*See generally* Docket Sheet) (containing no entry indicating that a summons was issued as to Christopher Robley, nor an entry indicating that service of process was waived)

response is required, deny the allegations set forth in paragraph "1" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein.

2.      Deny the allegations set forth in paragraph "2" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein.

3.      Deny the allegations set forth in paragraph "3" of the second amended complaint, except admit only that plaintiff purports to invoke the jurisdiction of the Court and proceed as stated therein.

4.      Deny the allegations set forth in paragraph "4" of the second amended complaint, except admit only that a document purporting to be a Notice of Claim from plaintiff was received by the Comptroller's Office on or about December 20, 2018.

5.      Deny the allegations set forth in paragraph "5" of the second amended complaint, except admit only that plaintiff's purported Notice of Claim has not been adjusted.

6.      State that the allegations set forth in paragraph "6" of the second amended complaint are legal conclusions as to which no response is required.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

7.      State that the allegations set forth in paragraph "7" of the second amended complaint are legal conclusions as to which no response is required.  To the extent a response is required, state that the complaint was filed on April 10, 2019, that the first amended complaint was filed on July 9, 2020, and that the second amended complaint was filed on June 7, 2021.

8.      Deny the allegations set forth in paragraph "8" of the second amended complaint, except admit only that plaintiff purports to base venue as set forth therein.

9.    State that paragraph "9" of the second amended complaint is a request for a jury trial and does not require a response.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the second amended complaint.

11.    Deny the allegations set forth in paragraph "11" of the second amended complaint, except admit only that the City of New York is a municipal corporation organized under the laws of the State of New York.

12.    Deny the allegations set forth in paragraph "12" of the second amended complaint, except admit only that the City of New York maintains a police department, and state that the remaining allegations set forth therein constitute conclusions of law to which no response is required.

13.    Deny the allegations set forth in paragraph "13" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein, and that, at the times relevant to the allegations in the second amended complaint, Danielle Febus was a NYPD Detective assigned to the Queens Special Victims Child Abuse Squad.

14.    Deny the allegations set forth in paragraph "14" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein, and that, at the times relevant to the allegations in the second amended complaint, John Chell was a NYPD Inspector assigned to the 75th Precinct.

15.    Deny the allegations set forth in paragraph "15" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein; that, at the times relevant to the allegations in the second amended complaint, Gary DeNezzo was a NYPD Detective assigned to the 75th Precinct; and that, pursuant to the Court's Memorandum Opinion and Order, dated

March 1, 2022 (Docket Entry No. 84) ( "Opinion and Order"), all of plaintiff's claims against Gary DeNezzo were dismissed.

16.     Deny the allegations set forth in paragraph "16" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein; that, at the times relevant to the allegations in the second amended complaint, George Tavares was a NYPD Police Officer assigned to the 75th Precinct; and that, pursuant to the Opinion and Order, all of plaintiff's claims against George Tavares were dismissed.

17.     Deny the allegations set forth in paragraph "17" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein; that, at the times relevant to the allegations in the second amended complaint, Irwin Luperon was a NYPD Police Officer assigned to the 75th Precinct; and that, pursuant to the Opinion and Order, all of plaintiff's claims against Irwin Luperon were dismissed.

18.     Deny the allegations set forth in paragraph "18" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein, and that, at the times relevant to the allegations in the second amended complaint, Erlene Wiltshire was a NYPD Police Officer assigned to the 75th Precinct.

19.     Deny the allegations set forth in paragraph "19" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein, and that, at the times relevant to the allegations in the second amended complaint, Christopher Robley was a NYPD Police Officer assigned to the 75th Precinct.

20.     Deny the allegations set forth in paragraph "20" of the second amended complaint, except admit only that plaintiff purports to proceed as stated therein.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the second amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the second amended complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

24.     Admit, upon information and belief, that an I-Card was issued pertaining to plaintiff on or about January 14, 2017, as set forth in paragraph "24" of the second amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint, and further refer the Court to the case cited for a full and accurate recitation of the claims therein.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the second amended complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the second amended complaint as the allegations pertain to unidentified individuals.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the second amended complaint as the allegations pertain to unidentified individuals.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the second amended complaint as the allegations pertain to unidentified individuals.

31.     Deny the allegations set forth in paragraph "31" of the second amended complaint.

32.     Deny the allegations set forth in paragraph "32" of the second amended complaint, except admit that *Exhibit C* to the second amended complaint purports to be a screenshot of a text message sent on January 31, 2018, from a phone number belonging to Detective Danielle Febus.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the second amended complaint.

34.     Deny the allegations set forth in paragraph "34" of the second amended complaint.

35.     Deny the allegations set forth in paragraph "35" of the second amended complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the second amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the second amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the second amended complaint.

39.     Deny the allegations set forth in paragraph "39" of the second amended complaint.

40.     Deny the allegations set forth in paragraph "40" of the second amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the second amended complaint.

42.     Deny the allegations set forth in paragraph "42" of the second amended complaint.

43.     Deny the allegations set forth in paragraph "43" of the second amended complaint, except admit only that plaintiff asked for a lawyer, at which point the interview ceased.

44.     Deny the allegations set forth in paragraph "44" of the second amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the second amended complaint.

46.     Deny the allegations set forth in paragraph "46" of the second amended complaint.

47.     Deny the allegations set forth in paragraph "47" of the second amended complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the second amended complaint.

49.     Deny the allegations set forth in paragraph "49" of the second amended complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the second amended complaint.

51.     Deny the allegations set forth in paragraph "51" of the second amended complaint.

52.     Deny the allegations set forth in paragraph "52" of the second amended complaint, except admit only that plaintiff was transported to the 75th Precinct.

53.     Deny the allegations set forth in paragraph "53" of the second amended complaint.

54.     Deny the allegations set forth in paragraph "54" of the second amended complaint.

55.     Deny the allegations set forth in paragraph "55" of the second amended complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the second amended complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the second amended complaint

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the second amended complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the second amended complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the second amended complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the second amended complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the second amended complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the second amended complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the second amended complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the second amended complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the second amended complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the second amended complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the second amended complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the second amended complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the second amended complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the second amended complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the second amended complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the second amended complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the second amended complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the second amended complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the second amended complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the second amended complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the second amended complaint.

79.     Deny the allegations set forth in paragraph "79" of the second amended complaint, except admit only that plaintiff was arrested for criminal contempt in the first degree, in violation of N.Y. P.L. § 215.51.

80.     Admit, upon information and belief, the allegations set forth in paragraph "80" of the second amended complaint.

81.     Admit, upon information and belief, the allegations set forth in paragraph "81" of the second amended complaint.

82.     Deny the allegations set forth in paragraph "82" of the second amended complaint.

83.     Admit, upon information and belief, the allegations set forth in paragraph "83" of the second amended complaint.

84.     Deny the allegations set forth in paragraph "84" of the second amended complaint.

85.     Deny the allegations set forth in paragraph "85" of the second amended complaint, except deny knowledge or information sufficient to form a belief as to the length of time during which plaintiff's son was allegedly removed from her custody.

86.     Deny the allegations set forth in paragraph "86" of the second amended complaint.

87.     State that the allegations set forth in paragraph "87" of the second amended complaint are legal conclusions as to which no response is required.  To the extent a response is required, deny the allegations set forth therein.

88.     State that the allegations set forth in paragraph "88" of the second amended complaint are legal conclusions as to which no response is required.  To the extent a response is required, deny the allegations set forth therein.

89.     Deny the allegations set forth in paragraph "89" of the second amended complaint, except admit only that NYPD Activate Investigation Card for Complaint No. 2017-075-00627 states, "On January 14, 2017, at approximately 0900 hours, I activated an I-Card on suspect Zeng, Xiamin . . . ."

90.     State that the allegations set forth in paragraph "90" of the second amended complaint are legal conclusions as to which no response is required, and further state that the allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.

91.     State that the allegations set forth in paragraph "91" of the second amended complaint are legal conclusions as to which no response is required, and further state that the

allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

92.     State that the allegations set forth in paragraph "92" of the second amended complaint are legal conclusions as to which no response is required, and further state that the allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

93.     State that the allegations set forth in paragraph "93" of the second amended complaint are legal conclusions as to which no response is required, and further state that the allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

94.     State that the allegations set forth in paragraph "94" of the second amended complaint are legal conclusions as to which no response is required, and further state that the allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

95.     State that the allegations set forth in paragraph "95" of the second amended complaint are legal conclusions as to which no response is required, and further state that the allegations set forth therein fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein.

96.     Deny the allegations set forth in paragraph "96" of the second amended complaint. Further state that pursuant to the Opinion and Order, the Court dismissed as to all defendants: (a) plaintiff's false arrest claims under 42 U.S.C. § 1983; (b) plaintiff's false arrest claims under New York State law; and (c) plaintiff's malicious prosecution claims under New York State law. Further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

97.     Deny the allegations set forth in paragraph "97" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's claim pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) (the "*Monell* claim").

98.     Deny the allegations set forth in paragraph "98" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

99.     Deny the allegations set forth in paragraph "99" of the second amended complaint.

100.    Deny the allegations set forth in paragraph "100" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

101.    Deny the allegations set forth in paragraph "101" of the second amended complaint.

102.    State that the allegations set forth in paragraph "102" of the second amended complaint are legal conclusions as to which no response is required.

103.    Deny the allegations set forth in paragraph "103" of the second amended complaint.

104.    State that the allegations set forth in paragraph "104" of the second amended complaint are legal conclusions as to which no response is required.

105.    Deny the allegations set forth in paragraph "105" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

106.    Deny the allegations set forth in paragraph "106" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

107.    Deny the allegations set forth in paragraph "107" of the second amended complaint.

108.    State that the allegations set forth in paragraph "108" of the second amended complaint are legal conclusions as to which no response is required.

109.    Deny the allegations set forth in paragraph "109" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

110.    State that the allegations set forth in paragraph "110" of the second amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

111.    State that the allegations set forth in paragraph "111" of the second amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

112.    State the paragraph "112" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  Further state that "mere citations to lawsuits, even if they did involve comparable conduct, do not alone establish a custom or practice that is widespread and persistent, particularly if the lawsuits did not result in an adjudication of liability."  *Bethune v. Westchester County*, 18 Civ. 3500, 2020 U.S. Dist. LEXIS 36013, 2020 WL 1032508, at *5 (S.D.N.Y. Mar. 2, 2020) (citations omitted).  To the extent a response is required, deny the allegations set forth in paragraph "112" of the second amended complaint; respectfully refer the Court to the cited Order for a complete and accurate statement of

its findings and/or dicta; and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

113.   Deny the allegations set forth in paragraph "113" of the second amended complaint.

114.   State that the allegations set forth in paragraph "114" of the second amended complaint do not set forth averments of fact to which a response is required.

115.   State that the allegations set forth in paragraph "115" of the second amended complaint do not set forth averments of fact to which a response is required.

116.   Deny the allegations set forth in paragraph "116" of the second amended complaint.

117.   State the paragraph "117" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth in paragraph "117" of the second amended complaint; respectfully refer the Court to the docket sheet of the case cited therein for a complete and accurate statement of any court orders and/or dicta; and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

118.   State the paragraph "118" of the second amended complaint fails to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth in paragraph "118" of the second amended complaint; respectfully refer the Court to the article cited therein; respectfully refer the Court to the docket sheet of the case cited therein for a complete and accurate statement of any court orders and/or dicta; and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

119.   Deny the allegations set forth in paragraph "119" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

120.     Deny the allegations set forth in paragraph "120" of the second amended complaint; respectfully refer the Court to the article cited therein; and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

121.     State that the allegations set forth in paragraph "121" of the second amended complaint fail to comply with Fed. R. Civ. P. 8(d), which requires each allegation to be simple, concise, and direct.  To the extent a response is required, deny the allegations set forth therein, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

122.     In response to the allegations set forth in paragraph "122" of the second amended complaint, respectfully refer the Court to the article cited therein for a complete and accurate statement of its contents.  Further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

123.     Deny the allegations set forth in paragraph "123" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

124.     Deny the allegations set forth in paragraph "124" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

125.     Deny the allegations set forth in paragraph "125" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

126.     In response to the allegations set forth in paragraph "126" of the second amended complaint, respectfully refer the Court to the article cited therein for a complete and accurate statement of its contents.

127.     In response to the allegations set forth in paragraph "127" of the second amended complaint, respectfully refer the Court to the articles cited therein for complete and accurate statements of their contents.

128.     In response to the allegations set forth in paragraph "128" of the second amended complaint, respectfully refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

129.     In response to the allegations set forth in paragraph "129" of the second amended complaint, respectfully refer the Court to the webpage cited therein for a complete and accurate statement of its contents.

130.     In response to the allegations set forth in paragraph "130" of the second amended complaint, respectfully refer the Court to the article cited therein for a complete and accurate statement of its contents.

131.     Deny the allegations set forth in paragraph "131" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

132.     Deny the allegations set forth in paragraph "132" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

133.     Deny the allegations set forth in paragraph "133" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

134.     Deny the allegations set forth in paragraph "134" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

135.     Deny the allegations set forth in paragraph "135" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

136.     Deny the allegations set forth in paragraph "136" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

137.     Deny the allegations set forth in paragraph "137" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed the *Monell* claim.

138.     In response to the allegations set forth in paragraph "138" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

139.     Deny the allegations set forth in paragraph "139" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under 42 U.S.C. § 1983.

140.     Deny the allegations set forth in paragraph "140" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under 42 U.S.C. § 1983.

141.     In response to the allegations set forth in paragraph "141" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

142.     Deny the allegations set forth in paragraph "142" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

143.     Deny the allegations set forth in paragraph "143" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

144.     Deny the allegations set forth in paragraph "144" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

145.    Deny the allegations set forth in paragraph "145" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

146.    Deny the allegations set forth in paragraph "146" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

147.    Deny the allegations set forth in paragraph "147" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

148.    Deny the allegations set forth in paragraph "148" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

149.    Deny the allegations set forth in paragraph "149" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

150.    Deny the allegations set forth in paragraph "150" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's false arrest claim under New York State law.

151.    In response to the allegations set forth in paragraph "151" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

152.    Deny the allegations set forth in paragraph "152" of the second amended complaint.

153.    Deny the allegations set forth in paragraph "153" of the second amended complaint.

154.    Deny the allegations set forth in paragraph "154" of the second amended complaint.

155.    Deny the allegations set forth in paragraph "155" of the second amended complaint.

156.    Deny the allegations set forth in paragraph "156" of the second amended complaint.

157.    Deny the allegations set forth in paragraph "157" of the second amended complaint.

158.    Deny the allegations set forth in paragraph "158" of the second amended complaint.

159.    Deny the allegations set forth in paragraph "159" of the second amended complaint.

160.    Deny the allegations set forth in paragraph "160" of the second amended complaint.

161.    Deny the allegations set forth in paragraph "161" of the second amended complaint.

162.    Deny the allegations set forth in paragraph "162" of the second amended complaint.

163.    Deny the allegations set forth in paragraph "163" of the second amended complaint.

164.    Deny the allegations set forth in paragraph "164" of the second amended complaint.

165.    Deny the allegations set forth in paragraph "165" of the second amended complaint.

166.    In response to the allegations set forth in paragraph "166" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

167.    Deny the allegations set forth in paragraph "167" of the second amended complaint.

168.    Deny the allegations set forth in paragraph "168" of the second amended complaint.

169.    Deny the allegations set forth in paragraph "169" of the second amended complaint.

170.    Deny the allegations set forth in paragraph "170" of the second amended complaint.

171.    Deny the allegations set forth in paragraph "171" of the second amended complaint.

172.    Deny the allegations set forth in paragraph "172" of the second amended complaint.

173.    Deny the allegations set forth in paragraph "173" of the second amended complaint.

174.    Deny the allegations set forth in paragraph "174" of the second amended complaint.

175.     Deny the allegations set forth in paragraph "175" of the second amended complaint.

176.     In response to the allegations set forth in paragraph "176" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

177.     Deny the allegations set forth in paragraph "177" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

178.     Deny the allegations set forth in paragraph "178" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

179.     Deny the allegations set forth in paragraph "179" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

180.     Deny the allegations set forth in paragraph "180" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

181.     Deny the allegations set forth in paragraph "181" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

182.     Deny the allegations set forth in paragraph "182" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

183.    Deny the allegations set forth in paragraph "183" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

184.    Deny the allegations set forth in paragraph "184" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

185.    Deny the allegations set forth in paragraph "185" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

186.    Deny the allegations set forth in paragraph "186" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

187.    Deny the allegations set forth in paragraph "187" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

188.    In response to the allegations set forth in paragraph "188" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

189.    Deny the allegations set forth in paragraph "189" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under New York State law.

190.    Deny the allegations set forth in paragraph "190" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under New York State law.

191.    Deny the allegations set forth in paragraph "191" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under New York State law.

192.    Deny the allegations set forth in paragraph "192" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under New York State law.

193.    Deny the allegations set forth in paragraph "193" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's malicious prosecution claim under New York State law.

194.    In response to the allegations set forth in paragraph "194" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

195.    Deny the allegations set forth in paragraph "195" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's denial of fair trial claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

196.    Deny the allegations set forth in paragraph "196" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's denial of fair trial claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

197.    Deny the allegations set forth in paragraph "197" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's denial of fair trial claim under 42 U.S.C. § 1983 as to all defendants except Officer Robley.

198.    In response to the allegations set forth in paragraph "198" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

199.    Deny the allegations set forth in paragraph "199" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

200.    Deny the allegations set forth in paragraph "200" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

201.    Deny the allegations set forth in paragraph "201" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

202.    Deny the allegations set forth in paragraph "202" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

203.    Deny the allegations set forth in paragraph "203" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

204.     Deny the allegations set forth in paragraph "204" of the second amended complaint, and further state that pursuant to the Opinion and Order, the Court dismissed plaintiff's abuse of criminal process claim under 42 U.S.C. § 1983.

205.     In response to the allegations set forth in paragraph "205" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

206.     Deny the allegations set forth in paragraph "206" of the second amended complaint.

207.     Deny the allegations set forth in paragraph "207" of the second amended complaint.

208.     Deny the allegations set forth in paragraph "208" of the second amended complaint.

209.     Deny the allegations set forth in paragraph "209" of the second amended complaint.

210.     Deny the allegations set forth in paragraph "210" of the second amended complaint.

211.     Deny the allegations set forth in paragraph "211" of the second amended complaint.

212.     Deny the allegations set forth in paragraph "212" of the second amended complaint.

213.     Deny the allegations set forth in paragraph "213" of the second amended complaint.

214.     In response to the allegations set forth in paragraph "214" of the second amended complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

215.     State that the allegations set forth in paragraph "215" of the second amended complaint are legal conclusions as to which no response is required.

216.     State that the allegations set forth in paragraph "216" of the second amended complaint are legal conclusions as to which no response is required.

217.     State that the allegations set forth in paragraph "217" of the second amended complaint are legal conclusions as to which no response is required.

218.   Deny the allegations set forth in paragraph "218" of the second amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

219.   The second amended complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

220.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof; nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

221.   Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

222.   Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

223.   There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

224.   To the extent any force was used by the individual defendants, such force was reasonable, necessary, and justified.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

225.    Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

226.    Plaintiff failed to mitigate her alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

227.    Plaintiff's claims are barred, in whole or in part, by her own contributory negligence and comparative negligence.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

228.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

229.    Plaintiff has failed to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

230.    At all times relevant to the acts alleged in the second amended complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability under New York common law on any alleged state law claims.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

231.    Punitive damages cannot be assessed against defendant City.

## <u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>:

232.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. Gen. Mun. Law § 50-(e), (h) and/or (*i*).

**WHEREFORE,** defendants City of New York, Detective Danielle Febus, and Police Officer Erlene Wiltshire request judgment dismissing the second amended complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 13, 2022

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City,*
  *Febus, and Wiltshire*
100 Church Street, Room 3-154
New York, New York 10007
(212) 356-3541
jefrank@law.nyc.gov

By:      _____
          Jeffrey F. Frank
          *Assistant Corporation Counsel*
          Special Federal Litigation Division

cc:      Plaintiff's Counsel (via ECF)