UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
XIAMIN ZENG,

                                                                              Plaintiff,

      -against-

| | |
|---|---|
| THE CITY OF NEW YORK, DETECTIVE DANIELLE FEBUS [RANK FY20000], INSPECTOR JOHN CHELL, DETECTIVE GARY DENEZZO [RANK FY20000], SERGEANT GEORGE TAVARES (#5354), POLICE OFFICER IRWIN LUPERON (SHIELD NO #27763), POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO. #24340),and POLICE OFFICER CHRISTOPHER ROBLEY (#23263), in both their individual and professional capacities, | **STIPULATION AND ORDER CONCERNING PROTOCOL FOR CONDUCTING REMOTE DEPOSITIONS**<br><br>19 Civ. 3218 (JGK) (KHP) |

                                                                              Defendants.
---------------------------------------------------------------------------x

        Plaintiff and defendants City of New York, Detective Danielle Febus, and Police Officer Erlene Wiltshire jointly stipulate to the following protocol for conducting the depositions by remote means in the above-captioned action, in light of the COVID-19 pandemic:

        1.       The deposition shall be conducted remotely using videoconference technology.

        2.       The Party who noticed the deposition shall arrange the court reporting and remote deposition service provider, and the Parties agree that an employee of said service provider may attend the remote deposition to troubleshoot any technological issues that may arise and to administer virtual breakout rooms.

        3.       The Parties agree that the transcript of the remote deposition may be used at a trial or hearing to the same extent that an in-person deposition may be used at a trial or hearing. The Parties agree not to object to the use of the transcript of such deposition on the basis that the deposition was taken remotely. The Parties reserve all other objections to the use of any deposition testimony at trial.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately. Each person attending a deposition shall be visible to all other participants at all times while the deponent is testifying on the record, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

5. Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with the deponent while a question is pending. For purposes of determining whether a privilege should be asserted, the deponent and his/her attorney can request a break.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by the service provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the service provider prior to the deposition and be controlled by the service provider.

7. Remote depositions shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not be physically present with the individual whose deposition is being taken. The Court reporter shall be authorized by law to conduct depositions in the state of New York.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record.

9. The deponent will be required to provide government-issued identification satisfactory to the court reporter and this identification must be legible on the video record.

10. The party who noticed the deposition shall be responsible for procuring a written transcript of the remote deposition. A copy of the transcript can be provided to the deponent as required under Federal Rule of Civil Procedure30(e).

11. The Party who noticed the deposition shall provide the court reporting and remote deposition service provider with a copy of this Stipulation and Order at least twenty-four (24) hours in advance of the deposition.

12. The Parties agree that, to the extent the deposition is to be video-recorded for use at trial pursuant to Federal Rule of Civil Procedure 30, a videographer may remotely attend the deposition to video record the deposition. The videographer shall be sworn in by the court reporters to record all the proceedings accurately, completely and in confidence. Prior notice consistent with Federal Rule of Civil Procedure 30(b) must be timely served in advance of the deposition. The noticing party bears the video-recording costs.

13. At the beginning of the deposition, consistent with Federal Rule of Civil Procedure30(b)(5)(A), the service provider employee responsible for administering a video-recorded deposition shall "begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation tot eh deponent; and (v) the identity of all person's present."

14. At the beginning of each segment of the deposition, consistent with Federal Rule of Civil Procedure 30(b)(5)(B), the service provider employee responsible for a video-recorded deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

15. This stipulation shall not be interpreted to compel any Party to proceed with a deposition where the deponent cannot hear or understand the other participants, or where the participants cannot hear or understand the deponent.

16. The deponent shall endeavor to have technology sufficient to appear for a video-conference deposition (*e.g.*, a webcam and computer with audio), and bandwidth sufficient to sustain the remote deposition.  Counsel for the deponent shall consult with the deponent prior to the deposition to ensure that the deponent has the required technology.  If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition. In the case of third-party witnesses, counsel noticing the deposition shall supply any necessary technology that the deponent does not have.

17. The Parties agree that this Stipulation and Order applies to remote depositions of non-parties under Rule 45 of the Federal Rules of Civil Procedure and shall work in a collaborative manner in attempting to schedule remote depositions of non-parties.  The Party noticing any third-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 in a reasonable time before the date of the deposition.

18. The Parties agree that any of the following methods for administering exhibits may be employed during a remote deposition, or a combination of one or more methods: (i) Counsel may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, and the court reporter. Counsel for the deponent and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel taking the deposition.  The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic mail immediately prior to the commencement of the deposition; or (ii) counsel may introduce exhibits electronically during the deposition by using the

service provider's document-sharing technology, using the screen-sharing technology or providing downloadable documents using the chat feature within the video-conferencing platform, or by sending the exhibit to the deponent and all individuals on the record, and the court reporter, via electronic mail.

19. This Stipulation and Order shall be binding upon the Parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation and Order shall be binding upon all current and future parties to this Action and their attorney(s).

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

21. This Stipulation and Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation and Order, which shall be binding upon and effective as to all Parties. The facsimile, scanned or electronic signatures of the signatories shall be deemed the "original" for the purpose of signing this Stipulation and Order.

Dated: New York, New York
August 29, 2022

| | |
|---|---|
| SAMEER NATH, ESQ.<br>Sim & DePaola, LLP<br>*Attorney for Plaintiff*<br>42-40 Bell Boulevard, Suite 201<br>Bayside, New York 11361 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>  City of New York<br>*Attorney for Defendants City,*<br>  *Febus, and Wiltshire*<br>100 Church Street<br>New York, New York 10007 |
| By: _____<br>    Sameer Nath, Esq. | By: _____<br>    Jeffrey F. Frank, Esq. |

SO ORDERED:

/s/ John G. Koeltl
_____
HON. JOHN G. KOELTL

Dated: __August 30__, 2022

- 6 -