

| | **T**HE **C**ITY OF **N**EW **Y**ORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |

December 16, 2022

**VIA ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Xiamin Zeng v. City of New York, et al.*,
               19 Civ. 3218 (JGK) (KHP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for defendants City of New York, Detective Danielle Febus, and Police Officer Erlene Wiltshire in the above-referenced matter.[1] Defendants respectfully request a pre-motion conference in anticipation of their motion for summary judgment.

      **I.**    **Factual and Procedural Background**

      On January 31, 2018, plaintiff was told to pick up her son at Queens Child Abuse Squad ("QCAS"), where she was then questioned in connection with a complaint she filed regarding the alleged abuse of her son. Thereafter, pursuant to a previously-issued active investigation card, plaintiff was arrested and transported to the 75th Precinct, whereafter she was arraigned and released on her own recognizance.

      Plaintiff brings several claims against defendants pursuant to 42 U.S.C. § 1983 and New York State law. On March 1, 2022, the Court granted defendants' motion to dismiss the second amended complaint in part. (Docket Entry ("DE") No. 84). The Court dismissed plaintiff's

---

[1] This Office does not represent Inspector John Chell or Police Officer Christopher Robley because neither has been served with process in this matter. (*See* DE No. 15) (Marshal's Process Receipt and Return of Service Unexecuted as to John Chell); (*see generally* Docket) (containing no entry indicating that a summons was issued as to Christopher Robley, nor an entry indicating that service of process was waived).

claims for false arrest, abuse of criminal process, and municipal liability in their entirety. The Court also dismissed all claims as to Gary DeNezzo, Irwin Luperon, and George Tavares.

The remaining claims against Det. Febus, P.O. Wiltshire, and the City of New York are excessive force and assault and battery. Plaintiff's deliberate indifference to medical needs claim remains as to Det. Febus.[2]

## II. Argument[3]

Plaintiff's claims for excessive force and assault and battery fail because her medical records contradict her alleged injuries.[4] Courts frequently grant summary judgment to defendants on excessive force claims where the plaintiff's medical records contradict or fail to support the alleged injuries. *See, e.g.*, *Smith v. City of New York*, 18 Civ. 5079 (MKV), 2021 U.S. Dist. LEXIS 178756, at **13–18 (S.D.N.Y. Sep. 20, 2021) (granting summary judgment on excessive force claim where "[t]he medical records directly and irrefutably contradict Plaintiff's account of his encounter with the police"); *Henry v. Brown*, 406 F. Supp. 3d 211, 214–15 (E.D.N.Y. 2016) (granting summary judgment and dismissing plaintiff's excessive force claim where claims of injuries were supported by "nothing more than his own bare assertions" and contradicted by medical records). To the extent the record evidence contradicts a plaintiff's account, she cannot rely on her own testimony to create an issue of material fact. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005).

Here, plaintiff claims she was dragged to a wall, her head pressed against it, and then she was handcuffed. She claims injuries to her head, back, and legs. Plaintiff did not seek any medical attention until almost three months after the incident. When she finally did see a doctor, plaintiff denied any neck pain or stiffness, joint swelling, or muscle weakness. Similarly, while plaintiff claims she has suffered from dizziness and hearing loss since her arrest, less than three months later she denied dizziness and was found by her doctor to have normal hearing. Hence, even assuming *arguendo* that defendants used force prior to handcuffing plaintiff as alleged, she suffered no injuries whatsoever as a result. Further, the force plaintiff alleges was reasonable incident to an arrest or otherwise *de minimis* and therefore not actionable. *See, e.g.*, *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) ("[A] *de minimis* use of force will rarely suffice to state a constitutional claim."); *Ferebee v. City of New York*, 15 Civ. 1868 (PAC), 2017 U.S. Dist. LEXIS 104783, at *20 (S.D.N.Y. July 6, 2017) ("A successful excessive force claim requires sufficient evidence to establish that the alleged use of force was serious or harmful enough

---

[2] Several claims remain against Inspector Chell (deliberate indifference to medical needs) and P.O. Robley (malicious prosecution and denial of fair trial). Because these individuals have not been served with process in this case and are therefore not defendants in this matter, defendants do no address the merits of these claims herein.

[3] Defendants reserve the right to assert additional points in their full briefing on this motion.

[4] "The elements of New York assault and battery and Section 1983 excessive force claims are 'substantially identical.'" *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021).

to be actionable."); *Kash v. Honey*, 38 F. App'x 73, 77 (2d Cir. 2002) (intentional elbowing that did not result in any injury did not amount to a Fourteenth Amendment violation).

Plaintiff's deliberate indifference to medical needs claim fails because she has failed to prove that she had an "objectively 'serious'" medical need while she was in custody. *See Paulin v. Town of New Windsor*, 18 Civ. 6182 (PMH), 2020 U.S. Dist. LEXIS 184170, at **16–17 (S.D.N.Y. Oct. 5, 2020). Plaintiff claims she had difficulty breathing in the room at the QCAS, that her "brain was lacking oxygen," and that she has asthma. However, breathing difficulties, including those exacerbated by asthma, are not a sufficiently serious injury for purposes of a deliberate indifference to medical needs claim. *See Rodriguez v. Cohall*, No. 21 Civ. 1810 (JGK), 2022 U.S. Dist. LEXIS 76633, at *10 (S.D.N.Y. Apr. 26, 2022) (collecting cases). Thus, plaintiff's deliberate indifference to medical needs claim fails.

### III.  Conclusion

Accordingly, defendants respectfully request a pre-motion conference in anticipation of filing their motion for summary judgment.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

*[signature]*

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    All Counsel (via ECF)