UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

XIAMIN ZENG,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIELLE
FEBUS [RANK FY20000], INSPECTOR JOHN CHELL,
DETECTIVE GARY DENEZZO [RANK FY20000],
SERGEANT GEORGE TAVARES (#5354), POLICE
OFFICER IRWIN LUPERON (SHIELD NO #27763),
POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO.
#24340),and POLICE OFFICER CHRISTOPHER ROBLEY
(#23263), in both their individual and professional capacities,

                                              Defendants.

------------------------------------------------------------------------x

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

19 Civ. 3218 (JGK) (KHP)

        Pursuant to Local Civil Rule 56.1 of the Rules of this Court, defendants City of New York and Detective Danielle Febus submit the following statement of material facts as to which there is no genuine issue to be tried:[1]

**A.    Procedural Posture**

        1.    On March 1, 2022, the Court dismissed plaintiff's § 1983 claims for false arrest, malicious prosecution, denial of the right to a fair trial, malicious abuse of process, and municipal liability in their entirety. (Memorandum Opinion and Order, dated March 1, 2022, Docket Entry ("DE") No. 84 ("3/01/22 Order"), at pp. 9–12, 21–22).

---

[1] Defendants adopt the facts set forth herein only for purposes of their motion for summary judgment and reserve the right to present different and/or conflicting facts at any trial in this matter. *See Vasconcellos v. City of New York*, 12-CV-8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice — the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

- 2 -

2. There are no claims remaining against Detective Gary DeNezzo, Sergeant George Tavares, Police Officer Irwin Luperon, Police Officer Christopher Robley, (*see generally* 3/01/22 Order), or Police Officer Erlene Wiltshire. (Stipulation and Order of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), DE No. 109).

3. Inspector John Chell and Officer Robley were never served and, therefore, are not defendants. (Frank Decl. at ¶ 7).

4. Plaintiff's remaining claims in this case against defendants Danielle Febus and the City of New York are for:

    a. excessive force under § 1983 against Detective Febus, which plaintiff alleged for the first time in her second amended complaint;

    b. deliberate indifference to her medical needs under § 1983 against Detective Febus; and

    c. assault and battery under New York State law against Detective Febus and the City of New York pursuant to *respondeat superior*. (3/01/22 Order at pp. 14–19).

**B.  Plaintiff's Arrest**

5. On January 31, 2018, at approximately 11:00 a.m., plaintiff Xiamin Zeng received a text message and phone call from defendant Detective Febus, informing her that her son was at the Child Advocacy Center in the care of the Queens Child Abuse Squad ("QCAS") and asking plaintiff to come pick him up. (Transcript of the September 8, 2022 Deposition of Plaintiff, annexed to the Declaration of Jeffrey F. Frank, dated March 10, 2023, ("Frank Decl."), as *Exhibit A*, at 44:03–46:10); (Transcript of the November 2, 2022 Deposition of Detective Febus, annexed to Frank Decl. as *Exhibit B*, at 25:17–27:02).

6. At approximately 12:00 p.m. on January 31, 2018, plaintiff arrived at the QCAS building. (*Exhibit A* at 47:05–07).

7. Plaintiff informed a male NYPD officer that she had an appointment with Detective Febus, and the male NYPD officer told plaintiff to wait for Detective Febus in a room with glass walls (the "Room"). (*Exhibit A* at 47:17–48:08; *see also id.* at 20:12–21:04, 51:03–07).

8. Plaintiff waited two to three hours in the Room for Detective Febus. (*Exhibit A* at 49:07–08, 50:23–51:07).

9. During those two to three hours, plaintiff did not see Detective Febus at all. (*Exhibit A* at 50:05–07); (*Exhibit B* at 28:16–24).

10. Plaintiff was not handcuffed and was free to move around the Room. (*Exhibit A* at 48:12–22).

11. While waiting in the Room, plaintiff experienced difficulty breathing. (*Exhibit A* at 20:01–21:04, 51:03–07).

12. Plaintiff has been prescribed an inhaler for diagnosed asthma. (*Exhibit A* at 20:07–11, 51:19–25).

13. On January 31, 2018, plaintiff did not bring her inhaler or any other asthma medication with her. (*Exhibit A* at 52:04–53:04).

14. Plaintiff did not require the use of her inhaler on January 31, 2018 while in the Room. (Transcript of Plaintiff's Testimony at the February 27, 2019 Hearing pursuant to N.Y. Gen. Mun. L. § 50-h, annexed to Frank Decl. as *Exhibit C*, at 20:03–25).

15. After plaintiff waited two to three hours in the Room, Detective Febus arrived. (*Exhibit A* at 49:07–08, 50:23–51:07); (*Exhibit B* at 29:04–06).

16. Detective Febus asked plaintiff about some allegations she had made against the father of her son, but plaintiff did not want to answer the detective's questions. (*Exhibit A* at 53:19–54:02, 57:02–11); (*Exhibit B* at 29:04–30:08).

17. Plaintiff told Detective Febus that she wanted to see her son, had a doctor's appointment in the afternoon, needed to go to the doctor, wanted to see her attorney, needed to drink water, and needed to use the bathroom. (*Exhibit A* at 54:03–06, 54:20–24).

18. Detective Febus ignored plaintiff's requests. (*Exhibit A* at 54:07–08, 54:20–55:02).

19. Plaintiff was not in handcuffs or otherwise under arrest during this conversation, which lasted about half an hour. (*Exhibit A* at 54:15–19, 57:02–05).

20. Detective Febus ran a system check for plaintiff, which revealed that there was an active investigation card ("I-Card") from the 75th Precinct stating there was probable cause to arrest plaintiff, based on a January 13, 2017 complaint against her by Mr. Liu. (*Exhibit B* at 33:25–34:13, 38:23–39:15, 40:02–05, 40:16–18).

21. This Court has already determined that thereafter, pursuant to the collective knowledge doctrine, Detective Febus had probable cause to arrest plaintiff on January 31, 2018, and plaintiff's claim for false arrest has been dismissed from this matter. (3/01/22 Order at pp. 9–11).

22. To place plaintiff in handcuffs, Detective Febus pulled plaintiff, by her back and arm, up out of a chair. (*Exhibit A* at 57:24–58:24).

23. Detective Febus placed plaintiff's head against a wall. (*Exhibit A* at 59:04–06).

24. Detective Febus then brought plaintiff's hands behind her back and placed a single handcuff on her wrist. (*Exhibit A* at 59:07–12, 60:12–19); (*Exhibit C* at 14:20–15:03).

25. Ten to twenty minutes later, Detective Febus escorted plaintiff to a police vehicle by holding plaintiff's handcuffed hand, arm, or back. (*Exhibit A* at 60:03–22, 65:09–14).

26. While being escorted to the police vehicle, plaintiff's feet were on the ground at points and not on the ground at other points. (*Exhibit A* at 61:05–18).

27. Plaintiff waited outside the building for ten to twenty minutes before being placed in a police vehicle. (*Exhibit A* at 69:04–07).

28. Plaintiff's head was hurting from standing outside in cold air. (*Exhibit A* at 72:06–15).

29. Detective Febus pushed plaintiff's head down and placed plaintiff inside the police vehicle. (*Exhibit A* at 71:03–16).

30. Plaintiff complained to Detective Febus that her head, arm, and wrist hurt, and asked that her handcuff be loosened. (*Exhibit A* at 71:17–72:01, 72:16–73:06).

31. Detective Febus did not loosen plaintiff's handcuff. (*Exhibit A* at 72:02–05).

32. About forty-five to sixty minutes later, plaintiff arrived at the 75th Precinct. (*Exhibit A* at 68:04–06).

33. Detective Febus removed plaintiff's handcuff and then left. (*Exhibit A* at 75:11–18); (*Exhibit B* at 35:23–36:12).

34. In total, plaintiff was handcuffed for no more than 100 minutes. (*Exhibit A* at 65:09–14, 69:04–07, 75:11–18).

35. Plaintiff was arraigned released from custody on February 1, 2018, after which she went straight home. (*Exhibit A* at 87:10–88:18).

36. About a year after her arrest, when plaintiff gave testimony under oath at a hearing pursuant to N.Y. Gen. Mun. L. § 50-h, she did not mention any use of force by police officers

during her arrest on January 31, 2018, nor did she testify that she had any complaints about overly tight handcuffs.  (*Exhibit C* at 16:20–17:09, 21:12–22:06, 24:05–16).

C.     **Plaintiff's Lack of Injury Related to the January 31, 2018 Arrest**

37.     Plaintiff did not seek medical treatment *whatsoever* for any injury whatsoever related to her arrest.  (*Exhibit C* at 21:19–22, 26:05–16); (Plaintiff's Medical Records from Chun-Kit Chan, MD, annexed to Frank Decl. as *Exhibit D*, at DEF00058).

38.     In fact, the first time plaintiff sought medical attention following her January 31, 2018 arrest was approximately three months later, on April 21, 2018.  (*Exhibit D* at DEF00058).

39.     At this doctor's visit, plaintiff complained of a cough, runny nose, and fatigue, which she reported had lasted the past two days, and intermittent hearing loss, which she reported had lasted about a month.  (*Exhibit D* at DEF00058).

40.     Her physical examination on April 21, 2018, revealed that she had normal hearing and was simply experiencing nasal congestion.  (*Exhibit D* at DEF00058).

41.     On April 21, 2018, plaintiff denied having any neck pain, neck stiffness, joint pain, joint swelling, muscle weakness, shortness of breath, dizziness, vertigo, headache, tinnitus, chest pain, or any anxiety.  (Plaintiff's Medical Records from Chun-Kit Chan, MD, annexed to Frank Decl. as *Exhibit D*, at DEF00058–00059).

42.     She denied experiencing any of those symptoms again on October 3, October 16, October 24, November 28, and December 17, 2018, (*Exhibit D* at DEF00060–00071), with the exception of reporting a headache on October 16, 2018, in connection with a fever and sore throat.  (*Exhibit D* at DEF00062–00063).

43. Plaintiff began physical therapy for lower back pain that had started recently on July 14, 2019, nearly a year and a half after this arrest. (Plaintiff's Physical Therapy Records, annexed to Frank Decl. as *Exhibit E*, at DEF00291).

Dated: New York, New York
      March 10, 2023

                                        HON. SYLVIA O. HINDS-RADIX
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City & Febus*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-3541

                           By:  */s/ Jeffrey F. Frank*
                                        Jeffrey F. Frank
                                        *Assistant Corporation Counsel*
                                        Special Federal Litigation

cc:     All Counsel (via ECF)