UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                      Plaintiff,

  -against-

CITY OF NEW YORK, ET AL,

                     Defendants.

Docket No. 19-cv-3218 (JGK) (KHP)

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………...………………………………………………3

PRELIMINARY STATEMENT……………………………………………………………….5

STATEMENT OF FACTS ………..……………………………………………………….....5

STANDARD OF REVIEW ………..…...………………………………………….…………8

ARGUMENT………………………………………………………………………….....10

    I.     PLAINTIFF'S ASSAULT, BATTERY AND EXCESSIVE FORCE CLAIMS SHOULD NOT BE DISMISSED BECAUSE SHE WAS HANDCUFFED SO TIGHTLY THAT SHE WAS CAUSED INJURY AND BECAUSE HER HEAD WAS PUSHED AGAINST A WALL DESPITE THE FACT SHE PRESENTED NO PHYSICAL RESISTANCE, THREAT OR MENACE TO DEFENDANTS..……………………………………………….………....10

CONCLUSION …………...………..………………………………………………....…...12

## **TABLE OF AUTHORITIES**

**Cases**

*10 Ellicott Sq. Ct. v. Violet Realty*
    81 A.D.3d 1366 (4th Dep't 2011)……………………………………………...…9, 10

*Amnesty America v. Town of West Hartford*
    361 F.3d 113 (2nd Cir. 2004)……………………………………………..………16, 17

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986)……………………………………………………………...……..6

*Arista Records LLC v. Lime Group, LLC*
    532 F.Supp.2d 556 (S.D.N.Y. 2007)………………………………………………6, 7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)……………………………………………..………..……………7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)……………………………………………………………..….7

*Bermudez v. City of New York*
    790 F.3d 368 (2d Cir. 2015)……………………………………………………………12

*Biswas v. City of New York*
    973 F. Supp. 2d 504 (S.D.N.Y. 2013)…………………………………………...13, 14

*Boyd v. City of New York*
    336 F.3d 72 (2d Cir. 2003)……………………………………..……….…………..10

*Caldarola v. Calabrese*
    298 F.3d 156 (2d Cir. 2002)……………………………………………….………..10

*City of Canton v. Harris*
    489 U.S. 378 (1989)……………………………………………………………..…16

*Dallas v. Goldberg*
    No. 95 Civ. 9076 (WHP), 2000 WL 1092986 (S.D.N.Y. Aug. 4, 2000)……………..…11

*Dobies v. Brefka*
    263 A.D.2d 721 (3d Dep't 1999)……………………………………………..……...9

*Dufort v. City of New York*
    874 F.3d 338 (2d Cir. 2017)……………………………………………..……...10, 11

*Fiacco v. City of Rensselaer*
 F.2d 319 (2d Cir. 1986)……………………………………………..…..……………16, 17

*Florida v. Royer*
 460 U.S. 491 (1983)…………………………………………………………..……10, 11

*Gilles v. Repicky*
 511 F.3d 239 (2d Cir. 2007)……………………………………………………....…….10

*Goldman v. Belden*
 754 F.2d 1059 (2d Cir. 1985)……………………………...………………………...……7

*Golino v. City of New Haven*
 950 F.2d 864 (2d Cir. 1991)………………………………………………………..…..10

*Hardaway v. Hartford Public Works Dep't*
 879 F.3d 486 (2d Cir. 2018)…………………………………………………….............8

*Heublein v. United States*
 996 F.2d 1455 (2d Cir. 1993)……………………………………………………...…....6

*Kulak v. City of New York*
 88 F.3d 63 (2d Cir. 1996)………………………………………………………....……..6

*Lombardo v County of Nassau*
 791 N.Y.S.2d 292 (N.Y. Sup. Ct. Nassau Co. 2004)…………………………....……9, 10

*McCarthy v. Dun & Bradstreet Corp.*
 482 F.3d 184 (2d Cir. 2007)……………………………………………………....……..6

*Monell v. Department of Social Services*
 436 U.S. 658 (1978)……………………………………………...…………14, 15, 16, 17

*New York v. Quarles*
 467 U.S. 649 (1984)……………………………………………………...…………….12

*Nunez v. Village of Rockville Centre*
 176 A.D.3d 1211 (2d Dep't 2019)……………………………………………………….9

*Panetta v. Crowley*
 460 F.3d 388 (2d Cir. 2006)………………………………………………………..…..10

*Patterson v. County of Oneida*
 375 F.3d 206 (2d Cir. 2004)……………………………………………………....…….6

*Pembaur v. City of Cincinnati*
    475 U.S. 469 (1986)………………………………………..………………16, 17

*Posr v. Doherty*
    944 F.2d 91 (2d Cir.1991)………………………………………………............11

*Raskin v. Wyatt Company*
    125 F.3d 55 (2d Cir. 1997)…………………..………………….....…..6

*Ricciuti v. N.Y.C. Transit Authority*
    124 F.3d 123 (2d Cir. 1997)……………………….….…....…...15

*Rodriguez v. City of New York*
    72 F.3d 1051 (2d Cir. 1995)……………………….…..………....…..6

*Romag Fasteners, Inc. v. Bauer*
    11 Civ. 3181 (PAC) (S.D.N.Y. Nov. 9, 2011)…………………....……...9

*Roe v. City of Waterbury*
    542 F.3d 31 (2d Cir. 2008)……………………………………….…...5

*United States v. Bailey*
    743 F.3d 322 (2d Cir. 2014)……………………………………….....11, 12

*United States v. Mendenhall*
    446 U.S. 544 (1980)……………………………………….....……11

*United States v. Newton*
    369 F.3d 659 (2d Cir. 2004)……………………………………….…..12

*United States v. Sokolow*
    490 U.S. 1 (1989)…………………………………………….……..10

*Walczyk v. Rio*
    496 F.3d 139 (2d Cir. 2007)……………………………………....…..11

*Wims v. New York City Police Dep't*
    No. 10 Civ. 2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011)……………...…13

**Statutes**

Fed. R. Civ. P. 9(c)……………………………………………………………….9

Fed. R. Civ. P. 56……………………………………………………………..5, 18

## PRELIMINARY STATEMENT

Ms. Xiamin Zeng ("Plaintiff"), the Plaintiff herein, hereby submits the following memorandum of law in support of their opposition to the motion for summary judgment filed by defendants, pursuant to Rule 56 of the Federal Rules of Civil Procedure. This action occurred on January 31, 2018.

Defendants now move to dismiss Plaintiff's remaining claims under New York State Law and 42 U.S.C. § 1983, including Excessive Force, Deliberate Indifference, and Assault and Battery. As a preliminary matter, Plaintiff does not oppose Defendants' application with respect to their claim of Excessive Force under 42 U.S.C. § 1983.

Plaintiff respectfully submits that Defendants' instant application should be denied because the record demonstrates that Plaintiff suffered injuries from her detainment and arrest by Defendants.

Wherefore, it is respectfully asserted that defendants' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure be denied with respect to Plaintiff's claim for Deliberate Indifference under §1983 and state law Assault and Battery.

## STATEMENT OF FACTS

On January 31, 2018, Plaintiff was called by Detective Danielle Febus ("Febus") and asked to come to the Queens Child Abuse Squad office ("QCAS") to pick up her son and would not bring him home. Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 44:3-9 and 46:17-47:7. Febus wanted to speak about her lawsuit against Administration of Children's Services ("ACS"). Plaintiff arrived at QCAS at approximately 12:00 p.m., was placed in a waiting room and locked in for approximately three (3) hours, and made requests and complaints to officers in English about difficulty breathing, drinking water, and using the bathroom but was ignored and told to wait for

6

Defendant Danielle Febus. *Id.* at 48:3-24, 49:7-8, 51:8-18, 54:20-55:2, and 55:12-15. Defendant Febus arrived with an ACS social worker and interpreter and conversed with Plaintiff about her lawsuit against ACS directly in English. *Id.* at 55:3-11. Plaintiff overheard Defendant Febus make a statement about Plaintiff thinking she would not be detained. *Id.* at 57:6-14.

Plaintiff asked Defendant Febus to leave and to see her attorney multiple times but was ignored. *Id.* at 56:15-20 and 66:15-17.

Plaintiff was thereafter handcuffed in an excessively tight fashion with her head pushed against the wall, searched along with her personal belongings as well, and then dragged by the handcuffs and placed in a police vehicle. *Id.* at 57:17-23 and 58:5-21. Plaintiff stated that her head, arms, and wrists hurt because she was dragged by the handcuffs by Defendant Febus and that she told Defendant Febus but was ignored. *Id.* at 71:8-72:5.

Plaintiff was thereafter transported to the 75th Precinct by Defendant Febus who transferred custody of Plaintiff and her bag over to Inspector Chell. Plaintiff was then questioned again about her lawsuit against ACS. Plaintiff asked Inspector Chell why she was arrested, requested an interpreter and an attorney, requested to see a doctor, and requested to use the bathroom but was ignored. *Id.* at 74:12-75:2. Plaintiff's wrists had very deep red marks with some areas bleeding and was never told why her son was taken. *Id.* at 81:15-24 and 89:16-18. Plaintiff, Xiamin Zeng, is a native speaker of Chinese but can speak some and read some English. Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 7:12-17. On September 8, 2022, Plaintiff was deposed by Corporation Counsel Jeffrey Frank with the aid of a Mandarin Interpreter, Sarah Chiang. See Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 4. On November 2, 2022, Defendant Danielle Febus was deposed by the undersigned and testified that on the date of the

7

complained-of-incident, Plaintiff spoke to her fluently in English and understood everything she told her. Raquib Decl. Ex. 2 (Danielle Febus Transcript) at 47:16-25.

Ultimately, Plaintiff was handcuffed and physically restrained in an unlawful and excessive manner, and then searched by the Defendant officers.

Further, Plaintiff's statements to Defendants were made after she was already handcuffed and physically restrained in an excessive, painful, and injurious manner with, *inter alia*, her head pushed against a wall.

## STANDARD OF REVIEW

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of "fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. A fact is material if it might affect the outcome of the suit under the governing law." *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).

The moving party bears the burden of showing that there is no genuine issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The non-moving party may preclude summary judgment by affirmatively setting forth facts that show the existence of a genuine issue of material fact for trial. *Id.* "In making that determination, the court is to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004). Courts must not "weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (quoting *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995)). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the

nonmoving party, summary judgment is improper." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995). The deciding court must be satisfied that there exists "more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." *Heublein v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

Courts may only consider admissible evidence in ruling on a motion for summary judgment, as "[t]he principles governing admissibility of evidence do not change on a motion for summary judgment." *Raskin v. Wyatt Company*, 125 F.3d 55, 66 (2d Cir. 1997). Federal Rule of Civil Procedure 56(c)(4) mandates that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) (citing *Schiess-Froriep Corp. v. S.S. Finnsailor*, 574 F.2d 123, 126 (2d Cir. 1978)). "[A] hearsay affidavit is not a substitute for the personal knowledge of a party." *Id.* (citing *Chandler v. Coughlin*, 763 F.2d 110, 113-14 (2d Cir. 1985); *United States v. Bosurgi*, 530 F.2d 1105, 1111-12 (2d Cir. 1976)). "A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (citing *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)).

The non-moving party, however, is not required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

9

**ARGUMENT**

I. **PLAINTIFF'S ASSAULT, BATTERY AND EXCESSIVE FORCE CLAIMS SHOULD NOT BE DISMISSED BECAUSE SHE WAS HANDCUFFED SO TIGHTLY THAT SHE WAS CAUSED INJURY AND BECAUSE HER HEAD WAS PUSHED AGAINST A WALL DESPITE THE FACT SHE PRESENTED NO PHYSICAL RESISTANCE, THREAT OR MENACE TO DEFENDANTS.**

Defendants incorrectly assert that Plaintiff's claims of Excessive Force under §1983 and state law claims of assault and battery should be dismissed. We respectfully disagree.

It is well settled that any contact or touching of a plaintiff by a police officer during an unlawful arrest constitutes the completed torts of assault and battery. *Wyllie v. Dist. Atty. of County of Kings,* 2 A.D.3d 714, 718 (2d Dept. 2003); *Gantt v. County of Nassau*, 234 A.D.2d 338, 339 (2d Dept. 1996). No showing of injury is required. *Zgraggen v. Wilsey*, 200 A.D.2d 818, 819 (3d Dept. 1994). Indeed, to recover for battery, a plaintiff need prove only that there was "bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent." *Holland v. City of Poughkeepsie,* 90 A.D.3d 841, 846 (2d Dept. 2011) (*quoting Higgins v. Hamilton*, 18 A.D.3d 436, 436 [2nd Dept. 2005]).

When an individual's arrest is unlawful, the police officer's mere act of placing handcuffs on the individual constitutes the completed torts of assault and battery. *Johnson v. Suffolk County Police Dept.,* 245 A.D.2d 340, 341 (2d Dept. 1997) ("as the arrest of the plaintiff by the defendant police officer . . . was unlawful, [the police officer] committed a battery when he touched the

10

plaintiff during that arrest"); *Budgar v. State,* 98 Misc.2d 588, 592 (Ct. Cl. 1979) ("since the arrest was unlawful, a technical assault and battery occurred when the claimant was handcuffed and forcibly placed in the State police car"); *Rubio v. County of Suffolk,* 01-CV-1806 (TCP), 2007 WL 2993830 (E.D.N.Y. Oct. 9, 2007) ("under New York law, an unlawful arrest generally will constitute assault and battery"); *Sulkowska v. City of New York,* 129 F.Supp 2d 274, 294 (S.D.N.Y. 2001) ("if an arrest is determined to be unlawful, any use of force against a plaintiff may constitute an assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest").

Here, the record is devoid of any justification for Plaintiff, a middle-aged, non-resisting female, offered any iota of physical resistance which would justify Defendants to forcefully press her head against a wall, or for Defendants to handcuff her so tightly that it caused her wrists to be injured. Plaintiff complained on multiple occasions for Defendant Febus to loosen the handcuffs, but she outright ignored her pleas. Furthermore, the record is replete with many instances of Plaintiff requesting medical attention, to use the bathroom, to speak to an attorney, but was ultimately ignored.

When the appropriate deference is afforded the nonmovant, Plaintiff, the undisputed facts illustrate the illegitimacy of the force utilized against Plaintiff. Accordingly, Defendants are not entitled to summary judgment on Plaintiff's 42 USC 1983 excessive force claims, deliberate indifference. or Plaintiff's claims pursuant to state law for assault and battery.

## CONCLUSION

Defendants' motion for summary judgment should be denied as they have failed to establish any justification for the excessive force deployed against the non-resisting Plaintiff.

Wherefore, Plaintiff respectfully requests that This Court deny defendants' motion for summary judgment, together with such other and further relief that this Court may deem just and proper.

Dated: Bayside, New York
       May 5, 2023.

                                            Respectfully submitted,

                                            /s/ *Ataur Raquib*
                                            Ataur Raquib, Esq.
                                            Sim & DePaola, LLP
                                            *Attorney for Ms. Zeng*
                                            araquib@simdepaola.com