UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

XIAMIN ZENG,

                                                     Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE DANIELLE FEBUS [RANK FY20000], INSPECTOR JOHN CHELL, DETECTIVE GARY DENEZZO [RANK FY20000], SERGEANT GEORGE TAVARES (#5354), POLICE OFFICER IRWIN LUPERON (SHIELD NO #27763), POLICE OFFICER ERLENE WILTSHIRE (SHIELD NO. #24340),and POLICE OFFICER CHRISTOPHER ROBLEY (#23263), in both their individual and professional capacities,

                                                     Defendants.

---------------------------------------------------------------------X

**DEFENDANTS' RESPONSES TO PLAINTIFF'S COUNTER-STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

19 Civ. 3218 (JGK) (KHP)

        Pursuant to Local Civil Rule 56.1 of the Rules of this Court, defendants City of New York and Detective Danielle Febus submit the following responses to plaintiff's counter-statement of undisputed facts (ECF No. 118):

        **1.**    **Plaintiff's Statement**: Plaintiff, Xiamin Zeng, is a native speaker of Chinese but can speak some and read some English. Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 7:12-17.

        **Defendants' Response 1**: Undisputed and immaterial.

        **2.**    **Plaintiff's Statement**: On September 8, 2022, Plaintiff was deposed by Corporation Counsel Jeffrey Frank with the aid of a Mandarin Interpreter, Sarah Chiang. See Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 4.

        **Defendants' Response 2**: Undisputed and immaterial.

        **3.**    **Plaintiff's Statement**: On November 2, 2022, Defendant Danielle Febus was deposed by the undersigned and testified that on the date of the complained-of-incident, Plaintiff

spoke to her fluently in English and understood everything she told her. Raquib Decl. Ex. 2 (Danielle Febus Transcript) at 47:16-25.

        **Defendants' Response 3**: Undisputed and immaterial.

4.        **Plaintiff's Statement**: On January 31, 2018, Plaintiff was called by Detective Danielle Febus ("Febus") and asked to come to the Queens Child Abuse Squad office ("QCAS") to pick up her son and would not bring him home. Febus wanted to speak about her lawsuit against Administration of Children's Services ("ACS"). Raquib Decl. Ex. 1 (Plaintiff Deposition Transcript) at 44:3-9 and 46:17-47:7.

        **Defendants' Response 4**: Disputed to the extent this statement asserts that Detective Febus wanted to speak to plaintiff about her lawsuit against ACS. There is no record evidence to support this assertion. The cited pages of plaintiff's deposition transcript do not support the statement's assertion of Detective Febus's intentions. Rather, the record evidence shows that Detective Febus had tried to speak with plaintiff about a complaint plaintiff had made in family court. (Raquib Decl. Ex. 2 at 22:03–17, 27:10–28:05). However, this is immaterial. Otherwise, this statement is undisputed and immaterial.

5.        **Plaintiff's Statement**: Plaintiff arrived at QCAS at approximately 12:00 p.m., was placed in a waiting room and locked in for approximately three (3) hours, and made requests and complaints to officers in English about difficulty breathing, drinking water, and using the bathroom but was ignored and told to wait for Defendant Danielle Febus. *Id.* at 48:3-24, 49:7-8, 51:8-18, 54:20-55:2, and 55:12-15.

        **Defendants' Response 5**: Undisputed and immaterial.

6. **Plaintiff's Statement**: Defendant Febus arrived with an ACS social worker and interpreter and conversed with Plaintiff about her lawsuit against ACS directly in English. *Id.* at 55:3-11.

**Defendants' Response 6**: Undisputed and immaterial.

7. **Plaintiff's Statement**: Plaintiff overheard Defendant Febus make a statement about Plaintiff thinking she would not be detained. *Id.* at 57:6-14.

**Defendants' Response 7**: Undisputed and immaterial.

8. **Plaintiff's Statement**: Plaintiff asked Defendant Febus to leave and to see her attorney multiple times but was ignored. *Id.* at 56:15-20 and 66:15-17. Plaintiff was thereafter cuffed with her head pushed against the wall, searched along with her personal belongings as well, and then dragged by the handcuffs and placed in a police vehicle. *Id.* at 57:17-23 and 58:5-21. Plaintiff stated that her head, arms, and wrists hurt because she was dragged by the handcuffs by Defendant Febus and that she told Defendant Febus but was ignored. *Id.* at 71:8-72:5.

**Defendants' Response 8**: Disputed to the extent this statement implies that plaintiff asked to leave and see her attorney while Detective Febus was escorting her to a police vehicle.  However, this is immaterial.  Otherwise, this statement is undisputed and immaterial.

9. **Plaintiff's Statement**: Plaintiff was thereafter transported to the 75th Precinct by Defendant Febus who transferred custody of Plaintiff and her bag over to Inspector Chell. Plaintiff was then questioned again about her lawsuit against ACS. Plaintiff asked Inspector Chell why she was arrested, requested an interpreter and an attorney, requested to see a doctor, and requested to use the bathroom but was ignored. *Id.* at 74:12-75:2.

**Defendants' Response 10**: Undisputed and immaterial. Moreover, Inspector John Chell was never served and, therefore, is not a defendant. (*See* Plaintiff's Response to Defendants' Rule 56.1 Statement ("P. 56.1 Responses"), ECF No. 117, at ¶¶ 3–3A).

10. **Plaintiff's Statement**: Plaintiff's wrists had very deep red marks with some areas bleeding and was never told why her son was taken. *Id.* at 81:15-24 and 89:16-18.

**Defendants' Response 10**: Disputed in part. It is undisputed that plaintiff did not seek any medical treatment until approximately three months after arrest, (*id.* at ¶ 38A), and when she did, she did not complain of any hand or wrist pain. (*Id.* at ¶¶ 39–42A). Moreover, when questioned under oath approximately one year after this incident, plaintiff never mentioned that she had any injuries to her wrists. (P. 56.1 Responses at ¶¶ 36–36A). Accordingly, the record does not support the contention that the handcuffs caused her "very deep red marks with some areas bleeding," but regardless, whether plaintiff experienced the temporary discomfort from the handcuffs, as she described at her deposition, is immaterial. It is also immaterial that she "was never told why her son was taken."

Dated: New York, New York
May 17, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants City & Febus*
100 Church Street
New York, New York 10007
(212) 356-3541

By: *[signature]*
Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation

cc:   All Counsel (via ECF)