19 Civ. 3218 (JGK) (KHP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XIAMIN ZENG,

Plaintiff,

-against-

CITY OF NEW YORK and DETECTIVE DANIELLE
FEBUS,

Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel:  Jeffrey F. Frank*
*Tel:  (212) 356-3541*

*Date of Service:  May 17, 2023*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................II

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

      POINT I

            BASED ON THE UNDISPUTED FACTS, DETECTIVE FEBUS DID NOT USE EXCESSIVE FORCE TO ARREST PLAINTIFF ................................. 1

            A.    Plaintiff Fails to Raise a Genuine Dispute as to any Material Fact. ........................................................... 1

            B.    Plaintiff Fails to Counter Defendants' Arguments as to her Excessive Force Claim. ................................ 3

            C.    Plaintiff Fails to Seriously Counter Defendants' Arguments as to her Assault and Battery Claims. ............................................................... 4

      POINT II

            BY FAILING TO ADDRESS DEFENDANTS' ARGUMENTS, PLAINTIFF ABANDONED ALL OF HER OTHER CLAIMS .......................................................... 5

CONCLUSION ..................................................................................................................... 7

CERTIFICATE OF COMPLIANCE .................................................................................... 8

## TABLE OF AUTHORITIES

**<u>Cases</u>** **<u>Pages</u>**

*Anti-Monopoly, Inc. v. Hasbro, Inc.*,
   958 F. Supp. 895 (S.D.N.Y.),
   *aff'd*, 130 F.3d 1101 (2d Cir. 1997),
   *cert. denied*, 525 U.S. 813 (1998)......................................................................................5–6

*Lipton v. Cnty. of Orange*,
   315 F. Supp. 2d 434 (S.D.N.Y. 2004)........................................................................5

**<u>Statutes</u>**

42 U.S.C. § 1983..............................................................................................1, 3, 6

## PRELIMINARY STATEMENT

Defendants are entitled to summary judgment on plaintiff's claims for excessive force, deliberate indifference, assault, and battery. Critically, there is no dispute as to the amount of force Detective Febus used to handcuff plaintiff and escort her to a police vehicle. Nor does plaintiff dispute the brief duration of her handcuffing or the lack of any medical records corroborating any alleged injuries. Moreover, plaintiff's opposition papers fail to advance any arguments regarding her § 1983 claims for excessive force and deliberate indifference. Instead, plaintiff only addresses her assault and battery claims, but all of the cases she cites are inapposite. Accordingly, for these reasons and those stated in defendants' moving papers, the Court should dismiss this matter in its entirety, with prejudice.

## ARGUMENT

### POINT I

### BASED ON THE UNDISPUTED FACTS, DETECTIVE FEBUS DID NOT USE EXCESSIVE FORCE TO ARREST PLAINTIFF

**A.      Plaintiff Fails to Raise a Genuine Dispute as to any Material Fact.**

Of the 43 material facts in Defendants' Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 (ECF No. 112), plaintiff does not dispute 39 of them. (*See* Plaintiff's Response to Defendants' Rule 56.1 Statement ("P. 56.1 Responses"), ECF No. 117 at ¶¶ 1–13A, 15–15A, 17–18A, 20–36A, 38–43A). As to the remaining four facts, plaintiff fails to raise a genuine dispute. (*Id.* at ¶¶ 14–14A, 16–16A, 19–19A, 37–37A). Specifically, plaintiff's testimony that she has difficulty breathing does not dispute the fact that plaintiff did not require the use of her inhaler on January 31, 2018. (*Id.* at ¶¶ 14–14A). In fact, when asked whether she needed her inhaler while at the Queens Child Abuse Squad ("QCAS") office, plaintiff testified she could not remember. (*Id.* at ¶ 14) (citing relevant testimony). Similarly, plaintiff's testimony regarding why

she was asked to go to the QCAS office does not raise a dispute as to the substance of her discussion with Detective Febus. (*Id.* at ¶¶ 16–16A). Moreover, plaintiff's belief as to why Detective Febus called her is immaterial to any claim or defense in this case. (*Id.*); (*see also* (Defendants' Responses to Plaintiff's Counter-Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 ("D.R.C. 56.1") at ¶¶ 4–4A).

Plaintiff purports to dispute just two other facts: whether she was under arrest while Detective Febus was questioning her, and whether she sought any treatment for any injuries. (*Id.* at ¶¶ 19–19A, 37–37A). As to the former, notably, plaintiff does not dispute that she was not in handcuffs during her conversation with Detective Febus. (*Id.* at ¶¶ 19–19A). Her assertion that "she was not reasonably free to leave" is immaterial, because plaintiff does not dispute that her false arrest claims were dismissed. (*See id.* at ¶¶ 1–4A). As to whether plaintiff sought medical treatment for injuries relating to her arrest, her medical records speak for themselves: it is undisputed that plaintiff first sought medical treatment nearly *three months* after her arrest and, even then, did not report *any* of the symptoms or conditions that she now claims resulted from her arrest. (*Id.* at ¶¶ 38–43A). Plaintiff's conclusory assertion that she "sought treatment for injuries related to her arrest," (*id.* at ¶¶ 37–37A), fails to genuinely dispute the record evidence showing the opposite to be true. In short, there is no evidence whatsoever that plaintiff that had any physical injury whatsoever from her arrest. In fact, the deposition testimony plaintiff cites in support of this assertion largely concerns plaintiff's alleged difficulty finding a job, (*id.*) (citing relevant testimony), even though there is no claim for lost wages in this case. (*Id.* at ¶¶ 4–4A) (setting forth the remaining claims, which plaintiff does not dispute). In sum, plaintiff fails to raise a genuine dispute as to any material fact, including the four facts that she purports to dispute.

**B.      Plaintiff Fails to Counter Defendants' Arguments as to her Excessive Force Claim.**

Plaintiff's opposition papers state, "[a]s a preliminary matter, Plaintiff does not oppose Defendants' application with respect to their claim of Excessive Force under 42 U.S.C. § 1983." (Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Opp."), ECF No. 120, at 5). Later in her brief, however, plaintiff states, "Defendants incorrectly assert that Plaintiff's claims of Excessive Force under §1983 and state law claims of assault and battery should be dismissed. We respectfully disagree." (*Id.* at 10); (*see also id.* at 11) (arguing defendants are not entitled to summary judgment on, *inter alia*, the excessive force claim). Even assuming plaintiff is still pursuing her § 1983 excessive force claim, which is entirely unclear, she has nonetheless abandoned that claim by failing to oppose defendants' arguments for dismissal. *See* Point II, *infra* (discussing abandoned claims).

Further assuming, *arguendo*, that plaintiff did not abandon her § 1983 excessive force claim, that claim nonetheless fails on its merits. Plaintiff has only alleged *de minimis* injuries, which are generally insufficient to maintain a claim for excessive force. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 ("Mem."), ECF No. 113, at 5). Complaints of pain, bruising, and swelling without more are insufficient to preclude summary judgment. (*Id.* at 6). While plaintiff also testified at her September 8, 2022 deposition that she had some bleeding to her wrists, (D.R.C. 56.1 at ¶¶ 10–10A), her medical records fail to corroborate this or any of her alleged injuries. (*See* P. 56.1 Responses at ¶¶ 38–43A). In fact, when testifying more than three years before her deposition (*i.e.*, about a year after her arrest), plaintiff did not even mention *any* use of force by police officers during this incident. (Mem. at 9). Nor did she testify that she had made any complaints about the manner in which she had been handcuffed. (*Id.*) Plaintiff's own prior testimony, combined with the lack of any medical evidence of any injury, makes plain that no reasonable jury could credit plaintiff's new account of

- 3 -

the incident, as told at her deposition years later. (*Id.*)  In short, aside from her own self-serving

deposition testimony, plaintiff has failed to adduce any evidence that her hands or wrists were

bleeding or otherwise injured as she now claims.  Accordingly, based on the undisputed facts, no

reasonable jury could find for plaintiff on her excessive force claim.

Because plaintiff alleges only temporary discomfort from being handcuffed for no

more than 100 minutes, (P. 56.1 Responses at ¶¶ 34–34A), her excessive force claim also fails to

the extent it is based specifically on tight handcuffing.  Courts in this Circuit have dismissed such

claims for longer periods of tight handcuffing.  (Mem. at 10–11) (collecting cases).  Further,

plaintiff has failed to adduce any evidence corroborating her alleged wrist injuries.  Accordingly,

defendants are entitled to summary judgment on plaintiff's entire excessive force claim.

**C.      Plaintiff Fails to Seriously Counter Defendants' Arguments as to her Assault and Battery Claims.**

Plaintiff's perfunctory argument in opposition to dismissal of her assault and

battery claims fails to account for the fact that her arrest was supported by probable cause.  Plaintiff

relies exclusively on cases concerning assault and battery claims advanced by plaintiffs who were

*unlawfully* arrested.  (Opp. at 10–11).  To be sure, plaintiff correctly asserts that the mere act of

handcuffing an individual constitutes the completed torts of assault and battery where the

individual's arrest is *unlawful*.  (*Id.* at 10).  Here, though, it is undisputed that plaintiff's arrest was

*lawful*, *i.e.*, supported by probable cause.  (P. 56.1 Responses at ¶¶ 21–21A).  And where a

plaintiff's arrest is lawful, the test for whether she can maintain assault and battery claims against

a police officer "is the exact same test as the one used to analyze a Fourth Amendment excessive

force claim." (Mem. at 18) (internal quotation marks omitted).  Thus, all of the cases plaintiff cites

in her opposition papers are inapposite.

Using the correct standard for assessing plaintiff's assault and battery claims, those claims plainly fail. For the reasons explained above, Point I, *supra*, and in defendants' moving papers, (Mem. at Points I & IV), plaintiff's excessive force claim fails as a matter of law. So, too, then, must her assault and battery claims. Specifically, it was reasonable for Detective Febus to pull plaintiff from a chair and press her head against a wall in order to handcuff her, especially considering that this caused no injuries whatsoever. It was also reasonable for Detective Febus to hold plaintiff by her arm or hand while escorting her to a police vehicle, even if Detective Febus "dragged [plaintiff] by the handcuffs." (D.R.C. 56.1 at ¶ 8). Critically, courts in this Court have dismissed excessive force claims where plaintiffs had alleged more substantial uses of force by police officers. (Mem. at 7–8) (collecting cases). Again, plaintiff's lack of any physical injuries beyond temporary discomfort serves as conclusive evidence that *de minimis* force was used to arrest her. (*Id.* at 7). Thus, no reasonable jury could find that the amount of force Detective Febus used to place plaintiff in handcuffs and escort her to a police vehicle was objectively unreasonable. Accordingly, based on the undisputed facts, the assault and battery claims fail as a matter of law.

## POINT II

### BY FAILING TO ADDRESS DEFENDANTS' ARGUMENTS, PLAINTIFF ABANDONED ALL OF HER OTHER CLAIMS

Federal courts have discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing that claim. *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y.) ("[T]he failure to provide argument

on a point at issue constitutes abandonment of the issue . . . which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997), *cert. denied*, 525 U.S. 813 (1998).

Here, plaintiff fails to address defendants' arguments for dismissal of her excessive force claim, dismissal of her deliberate indifference to medical needs claim, entitlement to qualified immunity, and the Court's declination to exercise supplemental jurisdiction. Plaintiff's arguments in opposition concern only her assault and battery claims. (Opp. at 10–11). In fact, plaintiff initially states she "does not oppose Defendants' application with respect to their claim of Excessive Force under 42 U.S.C. § 1983." (*Id.* at 6). Accordingly, the Court should deem plaintiff's § 1983 claims for excessive force and deliberate indifference to medical needs abandoned. As these are plaintiff's only two § 1983 claims remaining, (P. 56.1 Responses at ¶¶ 4–4A), plaintiff's abandonment of her federal claims strengthens defendants' argument that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, (Mem. at Point V), which plaintiff also did not oppose.

Even if the Court does not deem plaintiff's claims abandoned, however, they fail on their merits, (*id.* at Points I–II), and Detective Febus is entitled to qualified immunity on both. (*Id.* at Point III). Further, plaintiff does not oppose defendants' arguments for qualified immunity. Accordingly, defendants are entitled to summary judgment on all of plaintiff's claims.

**CONCLUSION**

For the foregoing reasons and those stated in their moving papers, defendants City

of New York and Detective Danielle Febus respectfully request that the Court grant their motion

for summary judgment, together with such costs, fees, and other further relief as the Court deems

just and proper.


Dated:         New York, New York
               May 17, 2023


                                             HON. SYLVIA O. HINDS-RADIX
                                             Corporation Counsel of the City of New York
                                             *Attorney for Defendants City and Febus*
                                             100 Church Street
                                             New York, New York 10007
                                             (212) 356-3541

                              By:            _____
                                             Jeffrey F. Frank
                                             *Assistant Corporation Counsel*
                                             Special Federal Litigation

cc:     All Counsel (via ECF)

## <u>CERTIFICATE OF COMPLIANCE</u>

        Pursuant to Your Honor's Individual Practices, I hereby certify that this Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment contains 1,980 words, excluding this certification, the cover page, the table of contents, and the table of authorities.  I further certify that defendants' moving papers comply with the rest of Your Honor's formatting rules.

By:      _____

                Jeffrey F. Frank
                *Assistant Corporation Counsel*
                Special Federal Litigation Division