```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

XIAMIN ZENG,

                    Plaintiff,          19-cv-3218 (JGK)

      - against -            MEMORANDUM OPINION
                                                   AND ORDER
JOHN CHELL, ET AL.,

                    Defendants.

------------------------------------

JOHN G. KOELTL, District Judge:

    The plaintiff, Xiamin Zeng, brought this complaint pursuant to 42 U.S.C. § 1983 and New York state law against Detective Danielle Febus, Inspector John Chell, Detective Gary DeNezzo, Sergeant George Tavares, Officer Irwin Luerpon, Officer Erlene Wiltshire, Officer Christopher Robley, and the City of New York (the "City"), alleging false arrest, excessive force, malicious prosecution, denial of a fair trial, abuse of criminal process, municipal liability, and denial of medical treatment. In a Memorandum Opinion and Order dated March 1, 2022, this Court granted in part and denied in part the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Zeng v. Chell, No. 19-cv-3218, 2022 WL 624873, at *1, *11 (S.D.N.Y. Mar. 1, 2021) ("March Opinion"). This Court dismissed Zeng's Section 1983 claims for false arrest, malicious prosecution, denial of a right to a fair trial, malicious abuse of process, and municipal liability in their entirety. See March Opinion, at *4-6. There are no claims

remaining against Detective Gary DeNezzo, Sergeant George Tavares, Police Officer Irwin Luperon, Police Officer Christopher Robley, or Police Officer Erlene Wiltshire. See ECF No. 109.[1] Zeng's remaining claims are against Detective Febus for excessive force and deliberate indifference to unconstitutional conditions of confinement under Section 1983, and assault and battery against Detective Febus and the City under New York state law. The defendants now move for summary judgment dismissing each claim and in addition, contend that Detective Febus is entitled to qualified immunity. The defendants further request that the Court deny supplemental jurisdiction if the federal claims are dismissed.

In response to the defendants' motion for summary judgment, the plaintiff did not attempt to defend her federal claims or respond to the argument that Detective Febus was protected by qualified immunity. Rather, the plaintiff only defended her claims of assault, battery, and excessive force. See ECF No. 120 at 10-11. At the argument on the motion on December 20, 2023, the plaintiff's counsel made it clear that the plaintiff abandoned her federal claims, see Hearing Tr. at 10-11, and requested that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims of excessive force, assault, and battery under New York state law, see id. at 11.

---

[1] Inspector John Chell and Officer Robley were never served and, therefore, are not defendants. Frank Decl. ¶ 7, ECF No. 111.

**I.**

The following facts are taken from the parties' Local Rule 56.1 Statements and supporting papers and are undisputed unless otherwise noted.

The plaintiff, Xiamin Zeng, was called to the police station on January 31, 2018 in response to a text message informing her that her son was at the Queens Child Abuse Squad and asking her to pick him up. See ECF No. 117 ¶¶ 5-5A. When she arrived, at approximately 12:00 p.m., id. ¶¶ 6-6A, an officer directed her to wait for Detective Febus in a room with glass walls, id. ¶¶ 7-7A, where she waited for approximately three hours, ECF No. 121 ¶ 5. While she waited, Zeng alerted the officers to her difficulty breathing, asked the officers for water, and asked to use the bathroom. Id. She was told to wait for Detective Febus. Id.

Thereafter, Detective Febus arrived and Zeng told the Detective that she wanted to see her son, had a doctor's appointment in the afternoon, wanted to see her attorney, needed to drink water, and needed to use the bathroom. See ECF No. 117 ¶¶ 17-17A. Zeng also told the Detective that she was having difficulty breathing, see ECF No. 121 ¶ 5. Zeng has been prescribed an inhaler for diagnosed asthma, see ECF No. 117 ¶ 12,

but did not bring her medication or any other asthma treatment with her to the police station, see id. ¶ 13.[2]

Detective Febus ignored these complaints, ECF No. 117 ¶¶ 18, 18A, and instead ran a system check for the plaintiff, which revealed "that there was an active investigation card from the 75th Precinct stating that there was probable cause to arrest [Zeng]." Id. ¶¶ 20-20A. The investigation stemmed from a complaint made against Zeng by Gang Liu, her ex-boyfriend and the father of her child. Id. ¶¶ 20-20A.

Detective Febus then arrested Zeng and placed a single handcuff on Zeng's wrist. See ECF No. 117 ¶¶ 24, 24A. Ten to twenty minutes later, Detective Febus escorted Zeng to a police vehicle, id. ¶¶ 25, 25A, and Zeng waited outside the vehicle for an additional ten to twenty minutes. Id. ¶¶ 27-27A. Zeng complained to Detective Febus that her head, arm, and wrist hurt, and she asked the Detective to loosen her handcuff, but the Detective did not do so. Id. ¶¶ 30, 30A, 31, 31A. When Zeng arrived at the 75th Precinct about 45 minutes to one hour later, Detective Febus removed the handcuff from her wrist and then left. Id. ¶¶ 31, 31A—33, 33A.

On February 1, 2018, Zeng was arraigned and released from custody. Id. ¶¶ 35, 35A. In total she was handcuffed for no more

---

[2] The initial conversation between Detective Febus and Zeng lasted about a half hour. See ECF No. 117 ¶¶ 19, 19A.

4

than 100 minutes, id. ¶¶ 34-34A, and denied access to a bathroom for approximately five hours, assuming she was permitted to use the bathroom immediately upon arriving at the 75th Precinct, id. ¶¶ 15, 15A, 25, 25A, 27, 27A, 32, 32A, which Zeng alleges that she was denied, see ECF No. 118 ¶ 9; ECF No. 121 ¶ 9. Detective Febus was present with Zeng for under three hours. ECF No. 117 ¶¶ 19, 25, 25A, 27, 27A, 32, 32A, 33, 33A.

The first time Zeng sought medical attention after her arrest was a visit to a doctor on April 21, 2018, where she raised concerns about a cough, runny nose, fatigue, and intermittent hearing loss. ECF No. 117 ¶¶ 38, 38A, 39, 39A. Her physical examination revealed that she had normal hearing and was experiencing nasal congestion. Id. ¶¶ 40, 40A. On July 14, 2019, Zeng began physical therapy for lower back pain that started recently. See ECF No. 117 ¶¶ 43, 43A.[3]

On April 10, 2019, Zeng commenced this action. ECF No. 2. After this case commenced, Zeng alleged for the first time that the handcuffs caused her wrists to bleed. See ECF No. 118 ¶ 10. She asserted that she sustained injuries to her wrist, including "very deep red marks with some areas of bleeding." ECF No. 118 ¶ 10.

---

[3] Zeng does not allege that the physical therapy she sought is related to the arrest.

5

II.

The standard for granting summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs. L.P., 22 F.3d 1219, 1223 (2d Cir. 1994).[4]

"[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. However, "disputed legal questions . . . present nothing for trial and are appropriately resolved at summary judgment." Flair Broad. Corp. v. Powers, 733 F. Supp. 179, 184 (S.D.N.Y. 1990).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the movant meets that burden, "the nonmoving party must come forward with

---

[4] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

6

specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In determining whether summary judgment is proper, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See id.; Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011).

### III.

The defendants, Detective Febus and the City, move for summary judgment dismissing the plaintiff's claims for violations of Section 1983 based on the alleged use of excessive force by Detective Febus, see ECF No. 113, 5-11, and deliberate indifference to Zeng's medical needs and conditions of confinement, id. at 11-15. The defendants also assert that Detective Febus is entitled to qualified immunity from Zeng's Section 1983 claims, id. at 15-17, and request that this Court decline to exercise supplemental jurisdiction over Zeng's remaining state law claims, id. at 19.

Because the plaintiff did not respond to the defendants' argument for summary judgment dismissing her Section 1983 claims, those claims were abandoned. See Banyon v. Sikorski, No. 17-cv-4942, 2021 WL 2156226, at *2 (S.D.N.Y. May 27, 2021) ("Such a failure to respond to arguments set forth in a moving party's brief is an adequate ground for a Court to deem the claim abandoned."); Brandon v. City of New York, 705 F. Supp. 2d 261,

268 (S.D.N.Y. 2010) ("In [the plaintiff's] brief, [the plaintiff] did not raise any arguments opposing Defendant's motion regarding these two claims. Accordingly, the Court deems [the plaintiff's] first and third claims abandoned."). Moreover, the plaintiff's counsel explicitly abandoned those claims at the argument on the motion, see Hearing Tr. at 10-11, and therefore those claims should be dismissed.

**IV.**

Zeng's remaining claims are for assault and battery based on New York state law. ECF No. 68 ¶¶ 166-167.

A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "When all federal claims are eliminated before trial, the balance of factors to be considered -- including judicial economy, convenience, fairness, and comity -- typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims." Lawtone-Bowles v. City of New York, Dep't of Sanitation, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014).

Having dismissed all of the plaintiff's federal claims, the claims over which this Court has original jurisdiction, declining to exercise supplemental jurisdiction over the state-law claims of assault and battery against Detective Febus and against the City of New York on a respondeat superior basis is appropriate. Id. at

352-53; see, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., 282 F. Supp. 3d 734, 742-43 (S.D.N.Y. 2017). The plaintiff's assault and battery claims under state law against Detective Febus and against the City on a respondeat superior basis are therefore **dismissed without prejudice.**

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the defendants' motion for summary judgment is **granted.** Zeng's Section 1983 claims alleging excessive force and deliberate indifference to unconstitutional conditions of confinement against Detective Febus are dismissed. Zeng's state-law claims for assault and battery against Detective Febus and the City of New York are **dismissed without prejudice.** The Clerk of Court is therefore directed to enter judgment dismissing this action. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:   New York, New York
         **January 23, 2024**

                                    /s/ John G. Koeltl
                                    John G. Koeltl
                                    United States District Judge

9