**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**XIAMIN ZENG,**

                    **Plaintiff,**                    19-cv-3218 (JGK)

          **- against -**                    <u>**MEMORANDUM OPINION**</u>
                                             <u>**AND ORDER**</u>
**JOHN CHELL, ET AL.,**

                    **Defendants.**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Xiamin Zeng ("Zeng"), brought this complaint
pursuant to 42 U.S.C. § 1983 and New York state law against
Detective Danielle Febus, Inspector John Chell, Detective Gary
DeNezzo, Sergeant George Tavares, Officer Irwin Luperon, Officer
Erlene Wiltshire, Officer Christopher Robley, and the City of
New York (the "City"), alleging false arrest, excessive force,
malicious prosecution, denial of a fair trial, abuse of criminal
process, municipal liability, and denial of medical treatment.

In a Memorandum Opinion and Order dated March 1, 2022, this
Court granted in part and denied in part the defendants' motion
to dismiss the complaint for failure to state a claim pursuant
to Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Zeng v. Chell</u>,
2022 WL 624873, at *1, *11 (S.D.N.Y. Mar. 1, 2022). This Court
dismissed Zeng's Section 1983 claims for false arrest, malicious
prosecution, denial of a right to a fair trial, malicious abuse
of process, and municipal liability in their entirety. <u>See</u> <u>id.</u>

at *4-6. There were no claims remaining against Detective Gary DeNezzo, Sergeant George Tavares, Police Officer Irwin Luperon, Police Officer Christopher Robley, or Police Officer Erlene Wiltshire. See ECF No. 109.[1] Zeng's remaining claims were against Detective Febus for excessive force and deliberate indifference to unconstitutional conditions of confinement under Section 1983, and assault and battery against Detective Febus and the City under New York state law.

Thereafter, the defendants moved for summary judgment, see ECF No. 110, seeking a dismissal of each claim and contending that Detective Febus is entitled to qualified immunity. The defendants also requested that the Court deny supplemental jurisdiction if the federal claims were dismissed.

In response to the defendants' motion for summary judgment, the plaintiff did not attempt to defend her federal claims or respond to the argument that Detective Febus was protected by qualified immunity. Rather, the plaintiff only defended her claims of assault, battery, and excessive force under state law. See ECF No. 120 at 10-11.

At the argument on the motion for summary judgment on December 20, 2023, the plaintiff's counsel confirmed that the plaintiff did not oppose dismissal of the plaintiff's federal

---

[1] Inspector John Chell and Officer Robley were never served and, therefore, are not defendants. Frank Decl. ¶ 7, ECF No. 111.

claims, see Hearing Tr. at 10-11, and requested that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims of excessive force, assault, and battery under New York state law, see id. at 11.

In an Opinion and Order dated January 23, 2024, this Court granted the defendants' motion for summary judgment, dismissed the federal claims, and dismissed the state law claims without prejudice. See Zeng v. Chell, 2024 WL 244388, at *4 (S.D.N.Y. Jan. 23, 2024) ("January Opinion"). This Court assumes familiarity with the January Opinion, including the Court's extensive description of the facts of this case. See id. at *1-2.

On February 1, 2024, the plaintiff terminated her counsel. See ECF No. 139. On February 2 and 7, 2024, the plaintiff, addressing the Court as a pro se litigant, filed a motion for reconsideration and a subsequent letter to the Court, maintaining that the remaining claims against Detective Febus and the City of New York were substantiated by "evidence of misconduct," see ECF No. 134, and contending that the plaintiff's counsel had abandoned the federal claims without the plaintiff's consent, see ECF No. 132. For the reasons that follow, the plaintiff's motion for reconsideration is **denied.**

I.

Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interests of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).[2] In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Zeng seeks reconsideration of this Court's January Opinion, contending that her federal claims "were dismissed at the request of Attorney Sam Depaola's Firm without the Plaintiff's request[.]" See ECF No. 132 at 1. But, Zeng's counsel plainly had the apparent authority to file the papers in opposition to the motion for summary judgment and to represent the plaintiff at argument. See Jenkins v. Gen. Motors Corp., 164 F.R.D. 318, 320 (N.D.N.Y. 1996) (recognizing that an attorney and his or her

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

4

client stand in a "relationship of principal and agent, with the attorney being the agent of the client/principal, and acting with, at least, apparent authority"), aff'd, 101 F.3d 1392 (2d Cir. 1996). It was only after the plaintiff disagreed with the Court's January Opinion that the plaintiff terminated her counsel. See ECF No. 137.

Zeng is therefore bound by the representation and arguments of her counsel during her counsel's representation. And, as is generally true, Zeng is not excused from the consequences of her attorney's actions. See Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-67 (2d Cir. 1980); Sasso v. M. Fine Lumber Co., Inc., 144 F.R.D. 185, 189 (E.D.N.Y. 1992). This is reason enough to deny Zeng's motion for reconsideration.

In any event, as the defendants correctly argue, the motion for reconsideration should also be denied because the plaintiff has failed to show that the defendants' motion for summary judgment dismissing the remaining claims was incorrect.

## A.

In the Second Amended Complaint, Zeng claimed that Detective Febus used excessive force when the Detective arrested her, and specifically, when the Detective refused to reduce the tightness of her handcuffs. See ECF No. 68, ¶ 152. But Zeng failed to address this claim in her opposition papers to the defendants' motion for summary judgment, see ECF No. 120 at 6,

10-11, and acknowledged at argument that this claim was abandoned. See Hearing Tr. 10, 11. In any event, Zeng's excessive force claim under Section 1983 would fail on the merits.

i.

"The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under the Amendment's 'reasonableness' standard." Imani Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

A police officer's use of force is "excessive" in violation of the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances known to the officer. Lennon v. Miller, 66 F.3d 416, 425-26 (2d Cir. 1995); see also Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004). It is well established that "[n]ot every push or shove" is excessive. Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (Friendly, J.), overruled on other grounds by Graham, 490 U.S. 386.

To determine whether the amount of force applied to the plaintiff was unreasonable the Court should consider: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. Excessive

6

force claims require that the alleged use of force be "objectively sufficiently serious or harmful enough to be actionable[,]" Drummond v. Castro, 522 F. Supp. 2d 667, 678-79 (S.D.N.Y. 2007), and "a de minimis use of force will rarely suffice to state a constitutional claim[,]" Ramano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

## ii.

Zeng based her excessive force claim on the force used to arrest her. See ECF No. 68 ¶ 152. Zeng alleged that Detective Febus "had no legal cause or reason to use excessive force in effectuating [her] arrest." id. ¶ 153. But physical contact alone during a lawful arrest does not violate the Fourth Amendment, and none of the contact Zeng alleges rose to the level of excessive force. See, e.g., Ferebee v. City of New York, 2017 WL 2930587, at *8 (S.D.N.Y. July 6, 2017) (dismissing an excessive force claim when the plaintiff suffered no physical injuries related to the arrest); Walzer v. Town of Orangetown, 2015 WL 1539956, at *10 (S.D.N.Y. Apr. 7, 2015) (dismissing the plaintiff's claim that an officer pushed the plaintiff into a car door because the plaintiff did not allege that he suffered injuries as a result of the officer's actions).

With respect to the tightness of Zeng's single handcuff, the Court must consider evidence that "1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's

7

pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists." Esmont v. City of New York, 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005). Courts have acknowledged that in order to be effective, handcuffs must be tightly secured. Sullivan v. New York, 2011 WL 3806006, at *4 (S.D.N.Y. Aug. 29, 2011); Esmont, 371 F. Supp. 2d at 214; Grant v. City of New York, 500 F. Supp. 2d 211, 217 (S.D.N.Y. 2007).

Zeng alleged that she sustained "deep red marks with some areas [of] bleeding" on her wrists, see ECF No. 118 ¶ 10, but there was no medical evidence to corroborate these allegations, which were raised for the first time after the plaintiff's deposition. And, "minor injuries from tight handcuffs are insufficient to support an excessive force claim under the Fourth Amendment." Faruki v. City of New York, 2012 WL 1085533, at *6 (S.D.N.Y. Mar. 30, 2012), aff'd 517 F. App'x 1 (2d Cir. 2013); see also Sullivan v. City of New York, 2018 WL 3368706, at *10 (S.D.N.Y. July 10, 2018) ("It is well established in this Circuit that claims of excessive force are not established by allegations that overly tight handcuffs caused minor, temporary injuries."); Kaplan v. City of New York, 2018 WL 2084955, at *9 (S.D.N.Y. Mar. 22, 2018)(holding that the plaintiff's allegations that tight handcuffs caused the plaintiff's wrist to bleed did not rise to an excessive force claim when the plaintiff offered no evidence to suggest that the cut to the

plaintiff's wrist was more than a "superficial abrasion").
Moreover, Zeng did not seek medical treatment until three months
after the arrest, see ECF No. 117 ¶¶ 38-38A, and any treatment
Zeng sought was related only to her "cough, runny nose, and
fatigue," which she reported had lasted the past two days, and
"intermittent hearing loss," which she reported had lasted about
a month. Id. ¶¶ 39-39A.

No reasonable juror could have found that Detective Febus
used excessive force to arrest Zeng. See, e.g., Gutierrez v.
City of New York, 2015 WL 5559498, at *8 (S.D.N.Y. Sept. 21,
2015) (granting summary judgment for the defendants when the
plaintiff failed to allege injuries beyond de minimis discomfort
and when the plaintiff failed to allege that the plaintiff
suffered demonstrable injuries or sought any medical treatment
as a result of being in handcuffs).

### iii.

In any event, Detective Febus would have been entitled to
qualified immunity for any constitutional violation based on
excessive force. See Tracy v. Freshwater, 623 F.3d 90, 95-96 (2d
Cir. 2010). "Qualified immunity protects officials from
liability for civil damages as long as their conduct does not
violate clearly established statutory or constitutional rights
of which a reasonable person would have known." Taravella v.
Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010). "A right is

clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right." Muschette on Behalf of A.M. v. Gionfriddo, 910 F.3d 65, 69 (2d Cir. 2018). Because Detective Febus did not violate any clearly established statutory or constitutional right when arresting Zeng, the claim of excessive force was properly dismissed against Detective Febus.

**B.**

The defendants next sought summary judgment, dismissing Zeng's claim under Section 1983 for deliberate indifference to allegedly unconstitutional conditions of confinement. The plaintiff did not address this claim in her opposition papers, and confirmed at the argument on the summary judgment motion that this claim was abandoned. See Hearing Tr. 10. "Such a failure to respond to arguments set forth in a moving party's brief is an adequate ground for a Court to deem the claim abandoned." Banyon v. Sikorski, 2021 WL 2156226, at *2 (S.D.N.Y. May 27, 2021). In any event, Zeng's claim of deliberate indifference under Section 1983 would also fail on the merits.

Under the Due Process Clause of the Fourteenth Amendment, pretrial detainees have a right to be free from deliberate indifference to unconstitutional conditions of confinement. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). A pretrial detainee's claims are evaluated under the Due Process Clause of

10

the Fourteenth Amendment because, "pretrial detainees have not been convicted of a crime and thus may not be punished in any manner – neither cruelly and unusually nor otherwise." Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007), rev'd on other grounds sub nom., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983).

A pretrial detainee may establish a Section 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions. To state a claim for deliberate indifference, the plaintiff must first allege an "objective" element, which requires a showing that the conditions she suffered in confinement were sufficiently serious. Darnell, 849 F.3d at 29. The plaintiff must show that the "conditions, either alone or in combination, pose an unreasonable risk of serious damage to [the plaintiff's] health." Id. at 30. These "conditions must be measured by [their] severity and duration . . .." Id. at 32. Second, the plaintiff must allege a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. See id. at 29-31, 35.

i.

Zeng asserted that she had difficulty breathing when she was placed in the waiting room, see ECF No. 120, at 6-7; ECF No. 118 ¶ 5. But this claim is contradicted by her own testimony: Zeng alleged that while she suffers from asthma, ECF No. 117 ¶ 12, she did not bring an inhaler with her when she went to the precinct on January 31, 2018, see id. ¶ 13. In any event, Zeng's alleged breathing difficulties did not present a sufficiently serious medical need for the purposes of Zeng's deliberate indifference claim. See Rodriguez v. Cohall, 21-cv-1810, 2022 WL 1228411, at *4 (S.D.N.Y. Apr. 26, 2022) (collecting cases) (dismissing deliberate indifference claim, where plaintiff alleged a chemical agent aggravated his asthma and that he experienced breathing difficulties, chest pains, blurry vision, dizziness, skin burning and irritation, trauma, and anxiety). Accordingly, the defendants' motion for summary judgment should have been granted with respect to Zeng's claim for deliberate indifference to her medical needs, even if her then counsel had not agreed that the claim should be dismissed.

ii.

Regarding the conditions of Zeng's confinement, Detective Febus's temporary denial of access to a bathroom did not present an issue of material fact as to whether the conditions of confinement were sufficiently serious to warrant summary

judgment with respect to this claim. See Whitted v. Lazerson,
1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) ("The temporary
deprivation of the right to use the toilet, in the absence of
serious physical harm or a serious risk of contamination, simply
does not rise to the level of a [constitutional] violation").[3]
Detective Febus arrested Zeng at the precinct where Zeng had
arrived and Detective Febus then accompanied Zeng to another
precinct. Zeng was secured during the transport by a single
handcuff. See January Opinion, 2024 WL 244388, at *2. Detective
Febus was present during Zeng's confinement for, at most, 130
minutes. See ECF No. 117 ¶ 19 (30 minutes); id. ¶¶ 25, 25A (10-
20 minutes); id. ¶¶ 27, 27A (10-20 minutes); id. ¶¶ 32, 32A (45-
60 minutes). No reasonable jury could find that Detective
Febus's temporary deprivation of Zeng's access to a toilet
violated the Fourteenth Amendment in these circumstances. See
D'Attore v. New York City, 2015 WL 556778, at *10 (S.D.N.Y. Feb.

---

[3] Unlike Zeng, the plaintiff in Whitted was a convicted prisoner,
who brought a Section 1983 action, alleging an Eighth Amendment
violation. See 1998 WL 259929, at *1. Zeng's claim, by contrast,
is governed by the Due Process Clause of the Fourteenth
Amendment. Whitted is instructive, however, for determining the
seriousness of Zeng's deprivation because "a pretrial detainee's
rights [under the Fourteenth Amendment] are at least as great as
those of a convicted prisoner." Darnell, 849 F.3d at 37. This
means that Zeng must establish that Detective Febus imposed a
condition that was sufficiently serious and acted intentionally
to impose the alleged condition, or recklessly failed to act
with reasonable care to mitigate the risk that the condition
posed to Zeng. See id. at 35.

10, 2015)("[I]n ordinary circumstances a temporary deprivation
of the right to use the toilet, in the absence of serious
physical harm or a serious risk of contamination simply does not
rise to the level an Eighth or Fourteenth Amendment
violation."). Accordingly, the defendants' motion for summary
judgment was properly granted with respect to this claim.

### iii.

The defendants also argued correctly that Detective Febus
should be entitled to qualified immunity with respect to Zeng's
claims under Section 1983. See ECF No. 113, 15-17.

Detective Febus did not violate any statutory or
constitutional right that was "clearly established" controlling
Detective Febus's behavior. See Hart v. City of New York, 2013
WL 6139648, at *9 (S.D.N.Y. Nov. 18, 2013) (collecting cases).
Clearly established law should not be defined "at a high level
of generality[,]" Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011),
but instead must be "particularized to the facts of the case."
White v. Pauly, 580 U.S. 73, 79 (2017) (per curiam). Officials
like Detective Febus are "not liable for bad guesses in gray
areas; they are liable for transgressing bright lines." Coollick
v. Hughes, 699 F.3d 211, 221 (2d Cir. 2012).

Because Detective Febus did not violate any "clearly
established right," Tracy v. Freshwater, 623 F.3d 90, 95-96 (2d
Cir. 2010), Detective Febus would be entitled to qualified

immunity from Zeng's Section 1983 claims. Accordingly, Zeng's claims against Detective Febus for violating Section 1983 were properly dismissed.

C.

Zeng's remaining claims were for assault and battery based on New York state law. ECF No. 68, ¶¶ 166-175, 214-18.

"When all federal claims are eliminated before trial, the balance of factors to be considered -- including judicial economy, convenience, fairness, and comity -- typically points towards declining to exercise supplemental jurisdiction over any remaining state-law claims." Lawtone-Bowles v. City of New York, Dep't of Sanitation, 22 F. Supp. 3d 341, 352 (S.D.N.Y. 2014).

Having dismissed all of the plaintiff's federal claims, the claims over which this Court had original jurisdiction, the Court properly declined to exercise supplemental jurisdiction over the state-law claims of assault and battery against Detective Febus and against the City of New York on a respondeat superior basis. Id. at 352-53; see, e.g., Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998); Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., 282 F. Supp. 3d 734, 742-43 (S.D.N.Y. 2017). The plaintiff's assault and battery claims were therefore properly dismissed without prejudice.

15

II.

Finally, Zeng includes in her motion for reconsideration a string of citations, which do not exist. See ECF No. 132 at 1-2; ECF No. 134 at 2, 3. It is unclear whether this is another instance of the use of artificial intelligence. Were it not for the plaintiff's pro se status and the proper judgment dismissing this case, a further inquiry would be appropriate.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion for reconsideration is **denied.**

The Clerk is directed to close all outstanding motions. The Clerk has entered an appropriate judgment closing this case on January 24, 2024. ECF No. 129.

Any request for attorney's fees may be filed in a post-judgment motion within twenty-one days of the date of this opinion, and requests with respect to the Bill of Costs should be directed to the judgment clerk in the first instance.

**SO ORDERED.**

Dated:   New York, New York
         July 9, 2024

                                    John G. Koeltl
                                **United States District Judge**