```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------

XIAMIN ZENG,

                Plaintiff,        19-cv-3218 (JGK)

      - against -             MEMORANDUM OPINION
                                            AND ORDER

JOHN CHELL, ET AL.,

                Defendants.

------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Xiamin Zeng, brought this action pursuant to 42 U.S.C. § 1983 and New York state law against Detective Danielle Febus, Inspector John Chell, Detective Gary DeNezzo, Sergeant George Tavares, Officer Irwin Luerpon, Officer Erlene Wiltshire, Officer Christopher Robley, and the City of New York, alleging false arrest, excessive force, malicious prosecution, denial of a fair trial, abuse of criminal process, municipal liability, and denial of medical treatment.

    The Court assumes familiarity with, and sets forth below only so much of, the factual background and procedural history of this case as is necessary to understand this decision.

    On March 1, 2022, the Court granted in part and denied in part the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Zeng v. Chell, No. 19-cv-3218, 2022 WL 624873, at *1, *11 (S.D.N.Y. Mar. 1, 2022). In a Memorandum Opinion and

Order dated January 23, 2024, the Court granted the defendants' motion for summary judgment and dismissed the remaining claims. See Zeng v. Chell, 2024 WL 244388, at *4 (S.D.N.Y. Jan. 23, 2024). The next day, the Clerk entered judgment closing the case. See ECF No. 129 (the "Judgment"). In a Memorandum Opinion and Order dated July 9, 2024 (the "Order"), the Court denied the plaintiff's motion for reconsideration. See Zeng v. Chell, 2024 WL 3360570, at *6 (S.D.N.Y. July 9, 2024).

The plaintiff initially appeared pro se. The plaintiff subsequently retained counsel, Sim & DePaola, LLP. On February 1, 2024, the plaintiff terminated counsel; the plaintiff is again proceeding pro se. See ECF No. 139. After this Court denied the plaintiff's motion for reconsideration, the Clerk sent notice of the Order to the plaintiff's former counsel, rather than to the plaintiff. See Suppl. Decl. in Support ("Suppl. Decl.") at 2-3, ECF No. 154. The plaintiff alleges that because of her lack of PACER access and failure to receive notice, she learned of the Order only in early April 2025 through a Google search. Id.

Aside from this action, the plaintiff has filed several other actions in this District, including against the New York City Housing Authority ("NYCHA") and Dana Augustin, a New York City Administration of Children's Services social worker. See Zeng v. New York City Hous. Auth., 2023 WL 4553416 (2d Cir. July

2

17, 2023) (the "NYCHA Action"); Zeng v. Augustin, No. 17-cv-9988, 2019 WL 1284274 (S.D.N.Y. Mar. 20, 2019) (the "Augustin Action"). The plaintiff alleges that WilmerHale has represented NYCHA since 2016 but represented the plaintiff in the Augustin Action, giving rise to a conflict of interest. See Exhibits to Suppl. Mot. ("Ex.") at 104-05, ECF No. 162; Suppl. Mot. at 5-7, ECF No. 163; Suppl. Reply in Support ("Suppl. Reply") at 8, ECF No. 166. However, the dockets in the NYCHA Action and the Augustin Action do not reflect that WilmerHale appeared in either case.

Alleging "excusable neglect" and "extraordinary circumstances" based on the plaintiff's former counsel's purported refusal to return files after counsel's termination and the Court's failure to provide notice of the Order to the plaintiff, the plaintiff now moves to vacate the Judgment and Order pursuant to Federal Rule of Civil Procedure 60(b). See Not. Of Mot. ("Mot.") at 4-5, ECF No. 152; Suppl. Decl. at 1-3; Reply in Support ("Reply") at 7, ECF No. 157. The plaintiff also alleges "excusable neglect" and "extraordinary circumstances" based on the plaintiff's former counsel's purported failure to use information obtained during discovery to oppose summary judgment, the defendants' alleged failure to disclose records, and a potential conflict of interest arising from WilmerHale's alleged past representations of the plaintiff and NYCHA. See Ex.

3

at 104-05; Suppl. Mot. at 5-7; Suppl. Reply at 8. For the following reasons, the plaintiff's motion is **denied**.

I.

Federal Rule of Civil Procedure 60(b) provides that a court may grant relief from a final judgment, order, or proceeding for any of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[1] The Rule further provides that the motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because "[Rule] 60(b) allows extraordinary judicial relief, it

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

4

is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rules 60(b)(1) through (5) and Rule 60(b)(6) are "mutually exclusive," meaning that "any conduct which generally falls under the former cannot stand as a ground for relief under the latter." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); Mandala v. NTT Data, Inc., 88 F.4th 353, 359 (2d Cir. 2023).

## II.

The plaintiff asserts excusable neglect under Rule 60(b)(1) and extraordinary circumstances under Rule 60(b)(6) based on the conduct of her former counsel, the Court, and the defendants. Each of the plaintiff's arguments is addressed in turn.

## A.

The plaintiff first contends that after terminating her counsel in February 2024, her former counsel refused to return files to her—including medical records allegedly documenting her injuries during the relevant time period and witness statements allegedly vital to her Section 1983 claims. The plaintiff argues that her former counsel's conduct impaired her ability to meet the deadline for filing an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A) and either amounts to "excusable

5

neglect" under Rule 60(b)(1) or "extraordinary circumstances" under Rule 60(b)(6).[2] See Mot. at 3.

Relief from an error by a party's attorney "is normally sought pursuant to Rule 60(b)(1) on the theory that such error constitutes mistake, inadvertence, surprise, or excusable neglect." Nemaizer, 793 F.2d at 62. However, "[w]here a party or attorney fails to act with diligence, he will be unable to demonstrate that his conduct constituted excusable neglect." McGowan v. Stanley, No. 22-cv-6971, 2024 WL 1116310, at *2 (S.D.N.Y. Mar. 13, 2024).

In this case, the plaintiff failed to act with diligence. After terminating her former counsel on February 1, 2024, the plaintiff promptly filed a motion for reconsideration, which was fully briefed by April 5, 2024. See ECF No. 144. While seeking reconsideration, the plaintiff could have raised the issue about her former counsel's alleged noncompliance or her inability to access files, but she failed to do so until over a year after filing the motion for reconsideration. The extensive delay demonstrates that the plaintiff failed to act diligently to

---

[2] "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." McGowan v. Stanley, No. 22-cv-6971, 2024 WL 1116310, at *3 (S.D.N.Y. Mar. 13, 2024). Because the plaintiff relies on excusable neglect, she cannot also seek relief under Rule 60(b)(6). For the sake of completeness, however, the plaintiff's Rule 60(b)(6) argument is addressed on the merits.

6

resolve the issue with her former counsel or obtain the files she purportedly needed. Because of the plaintiff's "[failure] to act with diligence," the plaintiff has failed to demonstrate that her former counsel's purported "refusal" to return files to the plaintiff constitutes "excusable neglect" that would justify vacatur under Rule 60(b)(1). McGowan, 2024 WL 1116310, at *2.

Rule 60(b)(6) is a catch-all provision that should be applied only when the movant demonstrates "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); Ackermann v. United States, 340 U.S. 193, 199 (1950). In this case, the plaintiff has failed to show how the alleged lack of access to files prevented the plaintiff from litigating further or filing an appeal before the deadline for an appeal had passed. The plaintiff also had opportunities to raise the issue sooner but did not do so until more than a year after moving for reconsideration. Accordingly, the plaintiff did not demonstrate any "extraordinary circumstance" that would justify vacatur under Rule 60(b)(6). See United States v. Universal Mgmt. Servs., Inc., 191 F.3d 750, 757-58 (6th Cir. 1999) (concluding that counsel's "refus[al] to return files" did not amount to an extraordinary circumstance when "[the movant] was not without opportunity to seek [other] methods of relief or correction" earlier).

7

Moreover, the Court carefully explained why the defendants were entitled to summary judgment and why the plaintiff's motion for reconsideration was without merit. There is nothing in the plaintiff's current submissions that casts any doubt on the reasoning in those opinions.

**B.**

Second, the plaintiff alleges that this Court's failure to send her notice of the Order impeded her ability to file a timely appeal, which she claims amounts to either "excusable neglect" under Rule 60(b)(1) or an "extraordinary circumstance" under Rule 60(b)(6).[3] See Suppl. Decl. at 2–3. Specifically, because the July 9, 2024 Order denying the plaintiff's motion for reconsideration was not mailed to her and the plaintiff lacked PACER access, the plaintiff claims that she did not learn about the Order until April 2025 through a Google search—about nine months after the Order was issued. Id.

It is well-established that, pursuant to Federal Rule of Civil Procedure 77(d)(2), lack of notice of a court's order does not excuse a litigant's obligation to file a timely appeal. Stevens v. Schneiderman, No. 05-cv-10819, 2011 WL 6780583, at *5

---

[3] As with the plaintiff's first asserted ground for relief, because the plaintiff relies on Rule 60(b)(1) with respect to this second ground for relief, she cannot also seek relief under Rule 60(b)(6). For the sake of completeness, however, the plaintiff's Rule 60(b)(6) argument is also addressed on the merits.

8

(S.D.N.Y. Dec. 23, 2011) ("[L]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed by Federal Rule of Appellate Procedure 4(a)."); Scott v. White, 126 F. Supp. 3d 665, 675 (E.D. Va. 2014) (concluding that the pro se plaintiffs' purported lack of notice of the district court's order denying their motion for relief from judgment did not affect the time for appeal). Therefore, the Clerk's failure to give the plaintiff notice of the Order provides no basis for vacating the Judgment and Order.

More generally, "lack of written notice may not be used to justify [a movant's] lack of diligence or . . . extraordinary delay." Stevens, 2011 WL 6780583, at *5. In this case, the plaintiff admits that she learned of the Order in April 2025 through a Google search. The plaintiff's admission undermines her claim of "excusable neglect" or "extraordinary circumstances." There was no reason for the plaintiff to wait nine months to do an internet search to check on the status of her case. Therefore, the plaintiff's failure to act with reasonable diligence precludes her from seeking relief under Rule 60(b)(1) or Rule 60(b)(6).

## c.

Third, the plaintiff argues that her former counsel's alleged failure to use information obtained in discovery to

9

oppose summary judgment constitutes "excusable neglect" under Rule 60(b)(1). See Suppl. Mot. at 7.

The negligence of a party's attorney is insufficient to justify vacatur under Rule 60(b)(1). See Nemaizer, 793 F.2d at 62 ("This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions."). Therefore, the plaintiff's former counsel's alleged failure to use information is an inadequate basis for relief under Rule 60(b)(1).

Furthermore, the alleged discovery does not respond to the specific findings that the Court made in granting the defendants' motion for summary judgment and denying the motion for reconsideration. Therefore, the alleged discovery provides no basis for relief.

### D.

Fourth, the plaintiff argues that the defendants' alleged failure to disclose records "prevented fair adjudication" of her claims in this action. See Suppl. Mot. at 3, 7.

Because the plaintiff's claim concerns alleged "fraud, misrepresentation, or misconduct" by "the opposing party," the plaintiff's claim is properly analyzed under Federal Rule of Civil Procedure 60(b)(3). Rule 60(b)(3) requires the movant to provide "clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate

10

the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). A movant must also "show that the conduct complained of prevented the moving party from fully and fairly presenting [the party's] case." In re PBS Foods, LLC, 718 F. App'x 89, 90 (2d Cir. 2018).

In this case, the plaintiff has failed to satisfy her burden under Rule 60(b)(3). As an initial matter, the plaintiff refers conclusorily to the "[d]efendants' failure to disclose records" and cites an unattached "Exhibit I" as evidence of her claim. Suppl. Mot. at 6-7. Construing the plaintiff's argument liberally, to the extent that the exhibit attached to ECF No. 157 as Exhibit C is what is referred to as "Exhibit I," the plaintiff alleges that the defendants' alleged non-disclosure—of the purported fact that the defendants had received HIPAA release forms from the plaintiff—"leads to a misperception that [the plaintiff] had no medical records to support [her] claims." Id. at 3, 7; Ex. C to ECF No. 157. However, there is no evidence that the alleged non-disclosure of records "prevent[ed] [her] from fully and fairly presenting [her] case." In re PBS Foods, LLC, 718 F. App'x at 90. The plaintiff was able to submit any of her medical records in opposition to the defendants' motion for summary judgment or in support of the motion for reconsideration. The Court carefully considered the plaintiff's claims, and the plaintiff has failed to show how her medical

11

records would have responded to the specific issues that the Court decided on the motions.

Moreover, aside from alleging the defendants' failure to disclose, the plaintiff has provided no evidence to demonstrate how the alleged non-disclosure constituted "at least negligence." Adidas Am., Inc. v. Thom Browne, Inc., 742 F. Supp. 3d 352, 365 (S.D.N.Y. 2024); see also Crispin v. Rodriguez, No. 21-cv-883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (concluding that the moving party failed to prove fraud and misrepresentation because he did not meet "the clear-and-convincing-evidence burden of showing that defense counsel actively misled him"). The one document attached to the plaintiff's papers that references discovery is an email thread from 2020 between the plaintiff and counsel for the defendants, which reflects that the defendants did respond to the plaintiff's document requests and interrogatories. Ex. B to ECF No. 157. Therefore, the plaintiff has failed to establish that the defendants' alleged conduct warrants relief under Rule 60(b)(3).

**E.**

Fifth, the plaintiff contends that WilmerHale's purported past representations of her in the Augustin Action and of NYCHA in the NYCHA Action created a potential conflict of interest

12

that justifies relief under Rule 60(b)(6). See Ex. at 104-05; Suppl. Mot. at 3, 5, 6-7.

However, there is no evidence that WilmerHale ever represented the plaintiff in any action, or NYCHA in the NYCHA Action. In any event, there is no indication that any alleged conflict in two separate cases bears any relationship to this case. WilmerHale never represented the plaintiff or any defendants in this case. Therefore, no relevant conflict of interest amounts to "extraordinary circumstances" to justify relief under Rule 60(b)(6) in this case.

### III.

The plaintiff includes in her Rule 60(b) motion a string of cases that are either incorrectly cited or do not exist. See Reply (ECF No. 157) at Table of Authorities, 10, 12 (referring to "Clavizzao v. United States, 2023 U.S. Dist. LEXIS 123456 (S.D.N.Y. July 15, 2023)"; "Cody v. Hillard, 139 F.3d 49 (2d Cir. 1998)"; "Saunders v. Christian, 2007 U.S. Dist. LEXIS 35891 (S.D.N.Y. May 16, 2007)"; "Smith v. NYC, 2022 U.S. Dist. LEXIS 67890 (S.D.N.Y. Mar. 15, 2022)"; "Johnson v. Corr. Dep't, 2021 U.S. Dist. LEXIS 45678 (S.D.N.Y. Apr. 20, 2021)"; and "Brown v. Doe, 2023 U.S. Dist. LEXIS 12345 (S.D.N.Y. Feb. 10, 2023)"). It is unclear whether this is another instance of the use of artificial intelligence. Were it not for the plaintiff's pro se

13

status and the judgment dismissing this case, a further inquiry would be appropriate.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's motion to vacate the Judgment and Order is **denied**. The Clerk is directed to close all pending motions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to the plaintiff and to note mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         July 15, 2025

_____
John G. Koeltl
United States District Judge